UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo Marchant
Plaintiff

V.

Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al
Defendants

05 11317 NMG

Referred to MJ JGDein

## COMPLAINT

Parties

1. The plaintiff is a resident of 19 Grove Street, Brockton, Plymouth County, Massachusetts and a citizen of the United States of America.

2. The defendants are Peter Tsickritzis (Director of Operations), Kevin Kingston (Warehouse Manager) of United Liquors Limited and United Liquors Limited. United Liquors Limited ("ULL", "the company") is located on 175 Campanelli Drive, Braintree Massachusetts and has more than 100 employees.

### JUSRISDICTION

This Court has jurisdiction over this matter pursuant to 28 USC. Section 1332

### FACTS

1. ULL sponsors a Commercial Driving License ("CDL") training for its workers, who upon successful completion are promoted to the seniority list. ULL supported the plaintiff in one occasion; not many times, as they affirmed at the Massachusetts Commission Against Discrimination ("MCAD"). After obtaining his CDL, the plaintiff was demoted to a warehouse position where he was required to operate industrial equipment he was not trained to operate and asked to put trucks in an adjacent lot for new drivers who would be promoted after being trained. The plaintiff was given no indication of being considered for a promotion or to upgrade his CDL B to CDL A.

1

2. After working in a new territory, refused by more than 50 experienced drivers, the plaintiff returned to the warehouse of ULL whereby Mr. Kingston berated him in front of office personnel while demanding from him "not to talk like that". The defendant did not explain if he was referring to the plaintiff's speech impairment or national origin accent. The plaintiff asked Mr. Tsickritzis, Mr. Kingston's supervisor, to explain and correct his subordinate. Mr. Tsickritzis did not correct anything but supporting his subordinate referred the plaintiff to Mr. Kingston who told the plaintiff "you'll stay at the warehouse (earning less)"

3. On March 12, 2003 the plaintiff submitted a written petition to Mr. Kingston whereby he asked for a religious accommodation in order to continue working at ULL and practicing his faith. Mr. Kingston refused to sign the letter prompting the plaintiff to stamp it with the time clock used to indicate a working shift. Mr. Kingston asked the plaintiff if he wanted "to get fired to practice his beliefs". During the next months, Mr. Kingston asked through supervisors and co-workers if the plaintiff was "leaving earlier to go and pray". When the plaintiff asked Mr. Kingston if this treatment was racially motivated he denied it claiming there was one colored driver and that "one was enough", thus establishing a racial quota. Another Black co-worker who was given a religious accommodation was terminated from work after being put to work in an isolated area. Other White workers who proclaimed their faiths were not ridiculed. Previously, the plaintiff asked for leaves, without saying they were faith related, and they were granted.

4. Several weeks after having an accident at work (June 17, 2003), the plaintiff called Linley Bigney (ULL's personnel office) to comment about his health after an accident at work, and desire to work as before. Ms. Bigney recommended the plaintiff to "drop the claim at MCAD to get on the seniority list". The MCAD informed the plaintiff about the consequences of withdrawing a claim after it being under investigation. Later on, Ms. Bigney told the plaintiff she was "put a gag (on the plaintiff)" after not being successful.

5. On August 18, 2003, ULL submitted a document through its legal representatives to the MCAD stating the plaintiff was already collecting workers compensation. The plaintiff was neither demanding nor receiving compensation. That became true many months later. At the same time, ULL refused to give the plaintiff light-duty work or medical treatment as was the case with other White workers injured at work. The plaintiff had to seek medical treatments from other sources since his medical coverage was cancelled (August 29, 2003) after the first hearing at the MCAD.

6. On August 26, 2003 ULL suggested the plaintiff through its receptionist to "work in the warehouse doing maintenance, there are more Spanish people over there" when he asked if ULL had openings for salespersons. The receptionist joked about the plaintiff's national origin with co-workers at the lobby asking them "do you think Spanish people need to speak English to work in the warehouse?" and suggested him to "get an application for Spanish people from Laura's office". This continued until Mr. Tsickritzis came to the lobby with an unidentified intimidating man. The defendant berated the plaintiff and asked him to leave while mocking about the plaintiff applying for a job as a salesperson since he had a claim against ULL. The defendant told the plaintiff he was not fired, though. These actions were witnessed by other people.

7. On or about January 2004, the defendant invited the plaintiff to have a meeting at ULL with the Human Resources Vice-President, Kathleen Mansfield, whereby he was asked about his health and offered an unacceptable shift. A union representative witnessed this meeting as the plaintiff requested so.

8. The plaintiff has supportive declarations from a co-worker who was given corporate goods and favors in exchange for information about the plaintiff and others. Ms. Mansfield and other Vice Presidents were present at these conferences. Later on, ULL allegedly terminated him from work allegedly because of drinking on the job.

The plaintiff believes ULL violated at least on two occasions the Title VII of the CRA of 1964 while promoting new workers to the seniority list (after working a few weeks) and later another group of new workers (all Whites) with no experience on ULL while the plaintiff had more than four years working for ULL. The plaintiff believes ULL should relieve him with $1,000,000 for these acts. The plaintiff believes ULL acted maliciously when mocking and demoting the plaintiff after he asked the defendants to explain or correct their comments on speech impairment or national origin accent according the Title I of the ADA 1990 and the Title VII of the CRA of 1991. The plaintiff believes ULL should relieve him with $2,000,000. The plaintiff believes ULL should relieve him with $2,000,000 for their changing the truth about training opportunities, workers compensation, libel, slander, denying medical treatment and light work accommodation, falsifying information to the Massachusetts Division of Unemployment Assistance, creating a hostile work environment, racial and religious harassment. The plaintiff should see a relief of no less than $65,000 and benefits for every year he has not worked after obtaining his CDL and return to his normal job. The plaintiff seeks a positive letter of recommendation from ULL and their supervisors and employees to take an orientation on diversity and civil rights.

**WHEREFORE**, the plaintiff demands judgment against the defendants for damages and such other relief as this Court deems just.

The plaintiff demands a trial by jury.

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA 02301
508-587-1018

4

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

ATTACHMENT 2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Bienvenido Lugo Marchant

**DEFENDANTS**
Peter Tsickritzis, Kevin Kingston, United Liquors Ltd

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
11 GROVE ST BROCKTON, MA 02301

Attorneys (If Known)
**05 11317 NMG**
175 Campanelli Dr Braintree MA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
|  |  / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ATTACHMENT 3**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Bienvenido Lugo

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    __ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    __ V.   150, 152, 153.

**05  11317  NMG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

    YES ☐    NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☐

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☒    NO ☐

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS  14 Grove St. Brockton MA, 02301
TELEPHONE NO.  (505) 587-1015

(Att3Cover sheet local.wpd - 11/27/00)