UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
    Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
    Defendants.

Civil Action No. 05 11317 NMG

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Peter Tsickritzis, Kevin Kingston and United Liquors Limited ("ULL"), for their Answer to the Complaint, respond as follows:

### PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION

The paragraph on Jurisdiction states a conclusion of law to which no response is required.

### FACTS

1. Deny the allegations in the second paragraph 1, except admit that ULL provides Commercial Driving License ("CDL") training for workers who are interested in that training, that Plaintiff was not successful as a driver after obtaining his CDL and that as a result, his employment was continued as a spare employee in the warehouse.

2. Deny the allegations contained in the second paragraph 2 of the Complaint

3. Deny the allegations contained in paragraph 3 of the Complaint, except admit that on or about March 13, 2003, Plaintiff wrote a letter to ULL requesting that it accommodate his religious beliefs by not requiring him to work on Tuesdays and Thursdays, so he could attend religious instruction, or on Saturdays.

4. Deny the allegations contained in paragraph 4 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation with the MCAD.

5. Deny the allegations contained in paragraph 5 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical treatments.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff was in the lobby on one occasion with a potential applicant and that Mr. Tsickritzis spoke with him on that occasion.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Plaintiff had a meeting with Ms. Mansfield during which Ms. Mansfield attempted to assist Plaintiff in developing a feasible work schedule.

8. Deny the allegations contained in paragraph 8 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding an unidentified co-worker.

Plaintiff's concluding paragraph states conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel and/or laches.

### Fourth Affirmative Defense

Every action taken by Defendants with respect to Plaintiff's employment was taken for a legitimate and non-discriminatory business purpose and was consistent with principles of law.

### Fifth Affirmative Defense

At all times, Defendants made good faith efforts to comply with their obligations under state and federal employment discrimination statutes.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventh Affirmative Defense

Plaintiff's Complaint is barred in part by a failure to file a timely administrative complaint.

### Eighth Affirmative Defense

If Defendants made any statements about Plaintiff which Plaintiff contends caused him harm, any such statements are privileged, are true, or are merely opinion.

### Ninth Affirmative Defense

Plaintiff may not avail himself of the protections of the Americans with Disabilities Act since he is not a qualified person with a disability.

### Tenth Affirmative Defense

The individual defendants are not subject to liability for any actions taken with regard to Plaintiff either because there is no statutory basis for that liability or their actions were subject to a privilege to act on behalf of their employer.

### Eleventh Affirmative Defense

The only actions taken by the individual defendants with regard to Plaintiff were taken in the course of the performance of their duties and in the interest of their employer.

### Twelfth Affirmative Defense

Defendants reserve the right to add such other additional affirmative defenses and/or counterclaims as may become evident through the discovery process and as the case progresses.

WHEREFORE, Peter Tsickritzis, Kevin Kingston and United Liquors Limited respectfully requests that:

1. The Court dismiss the complaint in its entirety;

2. The Court enter judgment for Defendants on all counts;

3. The Court award costs to Defendants; and

4. The Court order such other relief as may be just and proper.

Respectfully submitted,
PETER TSICKRITZIS, KEVIN KINGSTON and
UNITED LIQUORS LIMITED
By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
Amanda S. Rosenfeld, BBO #654101
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025; fax: (617) 367-2155

Dated: October 24, 2005

5

## Certificate of Service

This is to certify that on this 24th day of October, 2005, I caused a copy of the foregoing to be served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

                                                   /s/ Joan Ackerstein
                                                   Jackson Lewis LLP