UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIENVENIDO I. LUGO MARCHANT,<br>Plaintiff,<br><br>v.<br><br>PETER TSICKRITZIS, KEVIN KINGSTON and UNITED LIQUORS LIMITED,<br>Defendants. | Civil Action No. 05 11317 NMG |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL RESPONSES TO OUTSTANDING DISCOVERY

Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston ("Defendants"), have moved pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1 for an order compelling Plaintiff, Bienvenido I. Lugo Marchant ("Plaintiff"), to respond to the First Set of Interrogatories Propounded By Defendants to Plaintiff and to the First Set of Requests For Production of Documents of Defendants To Plaintiff, Bienvenido I. Lugo Marchant, which were served on January 6, 2006. To date, Plaintiff has not responded to these discovery requests. This memorandum and the Affidavit of Joan Ackerstein are filed herewith in support of that motion.

### Introduction

This action arises out of Plaintiff's employment with United Liquors Limited in 2003. In his Complaint served in September, 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Americans With Disabilities Act. Defendants answered the Complaint, denying all allegations of liability. Defendants are interested in moving forward expeditiously with the defense of this action. The fact is that United Liquors was already required to defend an action by Plaintiff at the Massachusetts Commission Against Discrimination in connection with the issues raised in

this suit, and prevailed in that action. Defendants believe they likewise will prevail here and they are anxious to take the action necessary to establish their defense.

## Service of Discovery Requests

To that end, Defendants served their first set of interrogatories and request for documents on January 6, 2006. (Ackerstein Aff., ¶ 3) Copies of those documents are attached to the Affidavit of Joan Ackerstein as <u>Exhibits A</u> and <u>B</u>, respectively. To date, Plaintiff has not responded to these discovery requests. (Ackerstein Aff., ¶4) Nor has he responded to the letter sent on February 13, 2006, asking that he contact Defendants' counsel regarding the outstanding discovery requests. (Ackerstein Aff., ¶5)

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), a party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery" when a party fails to respond to interrogatories or document requests. <u>See</u> <u>Russell v. The Town of Reading</u>, 208 F.R.D. 24, 25 (D. Mass. 2002) (second motion to compel and motion for sanctions granted where defendants did not provide answers to interrogatories or response to request for production of documents); <u>Andrews v. Freightliner Corp.</u>, No. 98-40012, 1999 U.S. Dist. LEXIS 17499, at *1-2 (D. Mass. May 21, 1999) (motion to compel granted where plaintiff failed to respond to defendant's discovery requests and to defendant's written request for a discovery conference); <u>Mahoney v. Kempton</u>, 142 F.R.D. 32 (D. Mass. 1992) (motion to compel allowed where incomplete answers to interrogatories were provided); <u>see</u> also <u>Langlois v. Hugo</u>, No. 04-11588, 2005 U.S. Dist. LEXIS 3261, at *4 (D. Mass. March 3, 2005) (court ordered that pro se plaintiff cease presenting irrelevant, illegible, incomprehensible, and duplicative documents after plaintiff failed to comply with court order compelling plaintiff to respond to defendant's discovery requests).

The discovery requests served by Defendants on January 6, 2006, seek information and documents which are relevant and necessary to their defense of this matter. Plaintiff should be compelled to respond so that Defendants may proceed with the defense of this matter, including the taking of Plaintiff's deposition, which had been scheduled for March 2, 2006, but was continued because discovery responses were not received. (Ackerstein Aff., ¶6) The 30-day period for responding to Defendants' discovery requests has passed and Plaintiff should not be permitted to further delay the discovery process in this case.

## CONCLUSION

For the foregoing reasons, Defendants submit that their motion to compel Plaintiff to respond to the interrogatories and document request served on him on January 6, 2006, should be allowed.

Respectfully submitted,

UNITED LIQUORS LIMITED,
PETER TSICKRITZIS and KEVIN KINGSTON
By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Dated: March 3, 2006          (617) 367-0025; fax: (617) 367-2155

## Certificate of Service

I hereby certify that on March 3, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP