UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
        Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
        Defendants.

Civil Action No. 05 11317 NMG

## AFFIDAVIT OF JOAN ACKERSTEIN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLETE AND SUBSTANTIVE RESPONSES TO DISCOVERY

I, Joan Ackerstein, on oath, depose and say as follows:

1.      I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I am involved in the defense of this action.

2.      The parties attended a scheduling conference of this matter in December, 2005 and Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston ("Defendants"), served their initial disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) on January 6, 2006.

3.      Also on January 6, 2006, Defendants served their First Set of Interrogatories Propounded By Defendants to Plaintiff and First Set of Requests For Production of Documents of Defendants To Plaintiff, Bienvenido I. Lugo Marchant upon Plaintiff by first class mail, postage prepaid. True and accurate copies of Defendants' discovery requests are attached hereto as Exhibits A and B, respectively.

4.      Plaintiff's responses to these discovery requests were due on or before February 9, 2006.

5.    By February 13, 2006, Defendants had not received discovery responses from Plaintiff. Accordingly, on February 13, 2006, I sent a letter to Plaintiff, in compliance with Local Rules 7.1(A)(2) and 37.1, requesting that he contact me to discuss his outstanding discovery responses. A true and accurate copy of this letter is attached hereto as Exhibit C. Plaintiff did not respond to the letter of February 13, 2006.

6.    Additionally, on February 1, 2006, Defendants served a Notice of Taking Deposition, indicating an intention to depose Plaintiff on March 2, 2006. Defendants hoped to be in a position to depose Plaintiff on that date so that they could proceed with their defense of this action. However, Plaintiff did not timely serve discovery responses. Thus, by letter dated February 24, 2006, Defendants advised Plaintiff they would not be proceeding with his deposition on March 2, 2006, because no discovery responses had yet been received from Plaintiff. A true and accurate copy of this letter is attached hereto as Exhibit D. Plaintiff did not respond to the letter of February 24, 2006.

7.    Since Defendants did not receive a response from Plaintiff to the letter I sent on February 13, 2006, Defendants filed a motion to compel outstanding discovery on March 3, 2006.

8.    After Defendants served their motion to compel outstanding discovery, Plaintiff served answers to interrogatories and responses to document requests. A true and accurate copy of Plaintiff's discovery responses served on March 9, 2006, are attached hereto as Exhibit E.

9.    On March 13, 2006, Defendants informed the Court that they were withdrawing their pending motion to compel outstanding discovery.

10.    After reviewing Plaintiff's discovery responses, Defendants concluded that the responses were deficient. Plaintiff failed to provide appropriate responses to the discovery

requests. Instead, Plaintiff merely asserted inappropriate objections to Interrogatory Nos. 1-3 and 5-15 and to all of Defendants' discovery requests. Plaintiff also failed to provide any documents responsive to Defendants' first set of requests for documents.

11.    On March 15, 2006, I sent a letter to Plaintiff, in compliance with Local Rules 7.1(A)(2) and 37.1, informing him that Defendants were surprised by his discovery responses and requesting that he contact me to discuss his responses. A true and accurate copy of this letter is attached hereto as Exhibit F.

12.    To date, I have not received a response from Plaintiff to the letter I sent to him on March 15, 2006. Defendants likewise have not received a response from Plaintiff to the letter I sent to Plaintiff on March 15, 2006.

Signed under the pains and penalties of perjury this 3rd day of April, 2006.

/s/ Joan Ackerstein_____
Joan Ackerstein

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler_____
Jackson Lewis LLP

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## FIRST SET OF INTERROGATORIES
## PROPOUNDED BY DEFENDANTS TO PLAINTIFF

Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston, hereby propound the following interrogatories to Plaintiff, Bienvenido I. Lugo Marchant, to be answered fully, separately, in writing and under oath.

### Instructions

1.     In answering these interrogatories, Plaintiff should furnish all information available to him, including information in the possession of his attorney and all persons acting in his behalf, and not merely such information known of his own personal knowledge.

2.     If Plaintiff cannot answer these interrogatories in full after exercising due diligence to secure the information requested, Plaintiff should so state and answer to the extent possible, specifying the nature of his inability to answer the remainder, and providing whatever information or knowledge that he possesses concerning the unanswered portion.

3.     The interrogatories which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary answers, such additional information

1

or documents as he or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the answers now given to these interrogatories.

## Definitions

As used herein, the following terms shall have the meanings indicated below:

1.    "Plaintiff" as used herein, means Bienvenido I. Lugo Marchant and anyone acting or purporting to act on his behalf.

2.    "Defendant" or "United Liquors" as used herein, means Defendant United Liquors Limited, and its employees, agents, representatives and any other persons acting or purporting to act on its behalf, including, but not limited to, attorneys.

3.    "Complaint," as used herein, means the Complaint filed by Plaintiff in this action.

4.    "Person," as used herein, means any natural person or any business, legal, or governmental entity, or association.

5.    "Document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, e-mails, contracts, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, diaries, reports, calendars, inter-office communications, statements, jottings, announcements, depositions, affidavits, photographs, computer disks, computer printouts or other computerized data, or any other writings whatsoever, tape recordings, video tapes, motion pictures and any carbon or photographic copies of any such material if Plaintiff does not have custody or control of the original.  If any document was, but is no longer in Plaintiff's possession or control, or is no longer in existence, state whether it is:  (1) missing or

2

lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) disposed of otherwise.    In each instance explain the circumstances surrounding any authorization for such disposition and state the approximate date thereof.

6.    "Identify" means, with respect to a natural person, to state:  (1) his or her name; (2) his or her sex; (3) his or her last known address and telephone number; (4) his or her job title; (5) the name and address of his or her employer; and (6) his or her relationship, if any, to Plaintiff.

7.    "Identify" means, with respect to a corporation, association or other entity, to state:  (1) the legal name under which such entity is incorporated or registered; (2) the state in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the offices of such entity.

8.    "Identify" means, with respect to documents, to state:   (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom Plaintiff obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which each such document or documents is situated; and (6) the subject matter of each such document or documents.

## INTERROGATORIES

## INTERROGATORY NO. 1

Please state Plaintiff's name, address, date of birth, place of birth, date of arrival in the United States, marital status, (including spouse's name and date of marriage if applicable), race, religion and social security number.

3

**INTERROGATORY NO. 2**

Identify each educational institution Plaintiff attended, and state the dates of attendance, whether Plaintiff received a degree or certificate therefrom, and the nature and the date of the degree or certificate, if applicable.

**INTERROGATORY NO. 3**

Identify each and every employer, other the United Liquors, by whom Plaintiff has been employed from 1985 to date, and for each such employer, state: the date(s) of commencement and termination of each such employment; the duties performed by Plaintiff for each employer; Plaintiff's rate(s) of pay during each of the above positions, including identification of any raise(s) in pay in connection with any of the positions, with the dates thereof; a summary description of any employee benefits Plaintiff received in connection with each employment; and the reason for the termination or conclusion of each employment, including, but not limited to, a statement of whether the termination of such employment was voluntary or involuntary.

**INTERROGATORY NO. 4**

Identify each and every person whom Plaintiff may call as a witness at a trial of this matter and the nature of the testimony to be elicited.

**INTERROGATORY NO. 5**

Identify each and every person who Plaintiff or a representative thereof has contacted or interviewed in connection with this matter, but whom Plaintiff does not intend to call as a witness at a trial of this matter.

4

**INTERROGATORY NO. 6**

Identify each expert witness whom Plaintiff intends to call at a trial of this matter and, for each such expert witness, please provide the following information: his or her name, residential address and business address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**INTERROGATORY NO. 7**

If at any time from 1995 to date, Plaintiff attended Bible study classes, for any such classes: state the dates of attendance; the name and address of the school or church where the classes are taught; the names of the instructors; and the titles of the classes in which Plaintiff was enrolled.

**INTERROGATORY NO. 8**

Identify each and every individual with knowledge of any facts pertaining to the allegations in Plaintiff's Complaint and give a detailed description of the facts possessed by each such person.

**INTERROGATORY NO. 9**

Describe in complete detail each item of damage, including amounts, for which Plaintiff intends to seek recovery at trial, the manner in which such amount has been calculated, and the specific basis and support for said amount.

**INTERROGATORY NO. 10**

State whether Plaintiff made any efforts to seek new employment following his separation of employment with United Liquors or following his separation from any post-United

Liquors employer, and if so, state: the name and address of each potential employer, entity or person to whom Plaintiff made application and the date of each such application and the position for which application was made; the name and address of any employment agency, career counselor or other employment recruiter with whom Plaintiff had contact, including the date and the nature of contact; and identify each and every document reflecting or relating to Plaintiff's efforts to seek new employment, including self-employment, and any independent contractor or consulting work.

## INTERROGATORY NO. 11

If Plaintiff has a Commercial Drivers License ("CDL"), state the date of the license; the state which issued the license; and the name and address of any employer for whom Plaintiff has used that CDL in the course of his employment.

## INTERROGATORY NO. 12

State whether Plaintiff has previously instituted litigation or administrative charges (such as claims at the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination) against any other company, state, municipality or any other organization by which he was or had been employed or applied for employment. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

6

**INTERROGATORY NO. 13**

If Plaintiff contends that he was unable to work at any time from June 2003, to date due to an injury or other physical ailment, state the condition which disabled Plaintiff; the period of time he was disabled; and the name and address of any physician who treated him during that period.

**INTERROGATORY NO. 14**

State whether Plaintiff has previously instituted litigation or administrative charges against any entity which was not described in response to Interrogatory No. 12 because it is not an employer. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

**INTERROGATORY NO. 15**

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff visited, consulted or received treatment from relative to any physical, mental or emotional condition Plaintiff alleges United Liquors caused. For each physician or other healthcare provider identified, state his or her address; any institutions with which he or she is presently associated or affiliated; any institutions with which the person was associated or affiliated while treating Plaintiff; his or her occupation; his or her area of specialization, if any; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment

7

rendered; whether Plaintiff is presently receiving treatment or consultation from such person or entity; and the cost of treatment.

Respectfully submitted,
PETER TSICKRITZIS, KEVIN KINGSTON and UNITED LIQUORS LIMITED
By their attorneys,

Joan Ackerstein, BBO #348220
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025; fax: (617) 367-2155

Dated: Jan 6, 2006

## Certificate of Service

I hereby certify that on January 6, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

Jackson Lewis LLP

8

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## OF DEFENDANTS TO PLAINTIFF, BIENVENIDO I. LUGO MARCHANT

Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston, hereby request that Plaintiff, Bienvenido I. Lugo Marchant ("Plaintiff"), produce the following documents within his possession, custody or control for inspection and copying at the offices of Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts, 02116.

## INSTRUCTIONS AND DEFINITIONS

1.      As used herein, "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, resumes, applications, work sheets, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures, video tapes, computer disks, e-mail, computer printouts, or other computerized data, and any carbon or photographic copies of any such material, if Plaintiff does not have custody or control of the original. This definition is intended to include, and is not intended to exclude, any document falling within the definition of "document" set forth in Fed. R. Civ. P. 34(a)(1) and Local Rule 26.5.

2.    In answering these requests for production, Plaintiff should provide all documents available to him, including documents in the possession of all persons acting on his behalf.

3.    The requests which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary responses, such additional documents as he or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these requests.

4.    If any document requested to be produced was, but is no longer in Plaintiff's possession or control, or is no longer in existence, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others and if so, to whom; or (d) disposed of otherwise.    In each instance, please explain the circumstances surrounding and authorization for such disposition, and state the approximate date thereof.

5.    If any document requested has been withheld from production on the grounds that it is privileged, please provide a log identifying the document by author, recipient, date, description of contents, the privilege claimed, and the basis for assertion of the privilege.

6.    "Defendant" or "United Liquors" as used herein, means Defendant United Liquors Limited, and its employees, agents, representatives, any other persons acting or purporting to act on its behalf, including, but not limited to, attorneys, and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof.

## DOCUMENTS REQUESTED

1.    Any and all documents which relate or pertain to the allegation in paragraph 1 of the Complaint that Plaintiff was demoted to a warehouse position where he was required to operate industrial equipment he was not trained to operate.

2

2.  Any and all documents which relate or pertain to the allegations in paragraph 2 of the Complaint that Mr. Kingston berated Plaintiff in front of office personnel.

3.  Any and all documents which relate or pertain to the allegations in paragraph 3 of the Complaint that Mr. Kingston asked Plaintiff if he wanted to be fired for his religious beliefs.

4.  Any and all documents which relate or pertain to the allegations in paragraph 3 of the complaint that Mr. Kingston made racial comments to Plaintiff

5.  Any and all documents which relate or pertain to the allegations in paragraph 3 of the complaint that white workers who proclaimed their faith were not ridiculed and that plaintiff asked for leaves without saying they were faith related and they were granted.

6.  Any and all documents which relate or pertain to the allegations in paragraph 4 of the Complaint that Plaintiff had a conversation with Linley Bigney in which Ms. Bigney made a comment to Plaintiff about withdrawing his MCAD claim.

7.  Any and all documents which relate or pertain to the allegations in paragraph 5 of the Complaint that in August, 2003, United Liquors refused to give Plaintiff light duty work or medical treatment as was the case with other white workers injured at work.

8.  Any and all documents which relate or pertain to the allegations in paragraph 5 of the Complaint that Plaintiff had to seek medical treatments from other sources since his medical coverage was cancelled on or about August 29, 2003.

9.  Any and all documents which relate or pertain to the allegations in paragraph 6 of the Complaint that United Liquors suggested Plaintiff work in the warehouse because "there are more Spanish people over there."

10. Any and all documents which relate or pertain to the allegations in paragraph 6 of the Complaint that Mr. Tsickritzis came to the lobby with an unidentified man and berated the Plaintiff about applying for a job.

11. Any and all documents which relate or pertain to the allegations in paragraph 7 of the Complaint that Plaintiff had a meeting on or about January 2004, where he was asked about his health and offered an unacceptable shift.

12. Any and all documents which relate or pertain to the allegation in paragraph 8 of the Complaint that a co-worker was given corporate goods and favors in exchange for information about the Plaintiff and others.

13. Any and all documents which relate or pertain to the allegations in paragraph 9 of the Complaint that the co-worker given corporate goods and favors was later terminated allegedly because of drinking on the job.

14. Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs, e-mails or other records maintained by Plaintiff between January 1, 2000 through the present, relating in any way to his employment with United Liquors.

15. Any and all documents which relate or pertain to any effort Plaintiff made to obtain employment, other than with United Liquors, at any time after January 1, 1999.

16. Any and all documents reflecting Plaintiff's income, wages, tips or other compensation any time after Plaintiff's employment with United Liquors ended.

17. Any and all documents concerning any damages Plaintiff intends to seek at the trial of this action.

18. Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff.

19. A copy of the curriculum vitae of any expert who has been consulted or retained for this litigation by Plaintiff.

20. Any and all federal or state income tax returns filed by Plaintiff for the years 1999 through 2005, including all W-2 forms and other documents submitted with the tax returns to the taxing authorities.

21. Any and all documents submitted by Plaintiff to the insurer in connection with the workers compensation claim filed by Plaintiff or on his behalf in connection with the work related injury Plaintiff sustained while working at United Liquors.

22. Any and all documents submitted by Plaintiff to any insurer in connection with any workers compensation claim filed by Plaintiff or on his behalf in connection with any work related injury Plaintiff sustained from 1999 to date while working for an employer other than United Liquors.

23. Any and all documents submitted by Plaintiff to the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission in connection with his claim of discrimination against United Liquors.

24. Any and all documents submitted by Plaintiff to the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission in connection with a claim of discrimination against any employer other than United Liquors.

25. Any and all records or other documents maintained by any physician or other health care provider who rendered any treatment to Plaintiff as a result of any work related injury Plaintiff sustained from January 1, 1999 to date.

26. Any and all records or other documents maintained by any physician or other health care provider who rendered any treatment to Plaintiff from January 1, 1999 to date as a result of any medical or psychological condition which is not work related.

27. Any and all documents which relate or pertain to any employment Plaintiff had after his employment with United Liquors ended, including offer letters, brochures on benefit plans, notices of salary increases and the like.

28. Any and all correspondence, electronic or otherwise, or statements from any employee or former employee of United Liquors.

Respectfully submitted,
PETER TSICKRITZIS, KEVIN KINGSTON and
UNITED LIQUORS LIMITED
By their attorneys,

_Joan Ackerstein_

Joan Ackerstein, BBO #348220
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025; fax: (617) 367-2155

Dated: Jan 6, 2006

### Certificate of Service

I hereby certify that on January 6, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

_Joan Ackerstein_

Jackson Lewis LLP

# **EXHIBIT C**

# jackson | lewis

Attorneys at Law

Representing Management Exc   ely in Workplace Law and Related Litigation

Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
Tel 617 367-0025
Fax 617 367-2155
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

February 13, 2006

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA  02301

>     **RE:**   ***Lugo Marchant v. United Liquors, Ltd., et al.***
>     ***Civil Action No. 05-11317-NMG***

Dear Mr. Marchant:

This letter is to follow up on the discovery requests  served on you in this matter on January 6, 2006.  Thus far, we have had not any response from you to those requests, which included a set of interrogatories and a document request.

Please contact me at your earliest convenience to discuss these outstanding requests. Defendants would like to move forward with discovery and they are not in a position to do so without the discovery responses from you.

We look forward to hearing from you with regard to this matter.

Very truly yours,

JACKSON LEWIS LLP

Joan Ackerstein

:ja

# **EXHIBIT D**





Representing Management Exclusively in Workplace Law and Related Litigation

| | |
|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA |
| 75 Park Plaza | BOSTON, MA |
| Boston, Massachusetts 02116 | CHICAGO, IL |
| Tel 617 367-0025 | DALLAS, TX |
| Fax 617 367-2155 | GREENVILLE, SC |
| www.jacksonlewis.com | HARTFORD, CT |
| | LONG ISLAND, NY |

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

February 24, 2006

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA  02301

     *RE:*    *Lugo Marchant v. United Liquors, Ltd., et al.*
            *Civil Action No. 05-11317-NMG*

Dear Mr. Marchant:

    This is to let you know that we will not be going forward with your deposition, which had been scheduled for Thursday, March 2, 2006. The reason we are postponing your deposition is that we do not yet have your responses to the interrogatories and document requests which were served over a month ago.

    Please give me a call if you have any questions regarding this matter.

              Very truly yours,

              JACKSON LEWIS LLP

              Joan Ackerstein

JA:cac

# **EXHIBIT E**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo-Marchant                    Civil Action
                                               No. 05 11317 NMG
Plaintiff,

    v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,

Defendants

---

### ANSWER TO INTERROGATORIES

1. Objection. Oppressive, harassing and burdensome. This
   interrogatory seeks information already available.
2. Objection. This interrogatory seeks information this party
   intends to offer at trial.
3. Objection. Oppressive, harassing and burdensome. This
   interrogatory seeks information equally available to the
   propounding party.
4. At this time, no one.
5. Objection. Vague, ambiguous and unintelligible.
6. Objection. Asked and answered.
7. Some of the instruction was held out of state, other in MA.
   Some of the courses cover a greater period of time. Demand for
   disclosure is premature.
8. Objection. Overbroad and unduly burdensome in that no number
   is specified. This interrogatory covers a number of
   hypothetical individuals.
9. Objection. Oppressive, this interrogatory calls for a
   professional opinion from a lay person.
10. Objection. Oppressive, harassing and burdensome. This
    interrogatory seeks information equally available to the
    propounding party.
11. Objection. Oppressive, harassing and burdensome. This
    interrogatory seeks information already available to the
    propounding party.

12.  Objection. Oppressive, harassing and burdensome. This interrogatory seeks information already available to the propounding party.
13.  Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.
14.  Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.
15.  Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

## DOCUMENTS REQUEST

1. Objection. Asked and answered, already submitted to MCAD/eeoc.
2. Objection. Asked and answered, already submitted to MCAD/eeoc.
3. Objection. Asked and answered, already submitted to MCAD/eeoc.
4. Objection. Asked and answered, already submitted to MCAD/eeoc.
5. Objection. Asked and answered, already submitted to MCAD/eeoc.
6. Objection. Asked and answered, already submitted to MCAD/eeoc.
7. Objection. Asked and answered, already submitted to MCAD/eeoc.
8. Objection. Asked and answered, already submitted to MCAD/eeoc.
9. Objection. Asked and answered, already submitted to MCAD/eeoc.
10. Objection. Asked and answered, already submitted to MCAD/eeoc.
11. Objection. Asked and answered, already submitted to MCAD/eeoc.
12. Objection. Asked and answered, already submitted to MCAD/eeoc.

13. Objection. Asked and answered, already submitted to MCAD/eeoc.

14. Objection. Asked and answered, already submitted to MCAD/eeoc.

15. Objection. Irrelevant and burdensome.

16. Objection. Irrelevant and burdensome.

17. Objection. Vague, ambiguous and unintelligible.

18. Objection. Asked and answered.

19. Objection. Asked and answered

20. Objection. Oppressive and burdensome.

21. Objection. The employer has such records.

22. Objection. Oppressive and burdensome.

23. Objection. Asked and answered.

24. Objection. Oppressive and burdensome.

25. Objection. Premature and burdensome.

26. Objection. Asked and answered.

27. Objection. Irrelevant and burdensome.

28. Objection. Oppressive and burdensome.


This is answered to the best of my abilities and knowledge.


Bienvenido Lugo
19 Grove Street
Brockton, MA 02301

*Pro se , forma pauperis*

March 9-2006

# **EXHIBIT F**




Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 75 Park Plaza | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| Boston, Massachusetts 02116 | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| Tel 617 367-0025 | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| Fax 617 367-2155 | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

March 15, 2006

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA  02301

> **RE:** ***Lugo Marchant v. United Liquors, Ltd., et al.***
> ***Civil Action No. 05-11317-NMG***

Dear Mr. Marchant:

We are in receipt of the discovery responses you served March 9, 2006. At that time, you provided responses to interrogatories and to the document requests served on you. We have now reviewed the responses and were surprised at the objections and the lack of information provided. We would like to confer with you about these responses.

Please contact me at your earliest convenience to discuss your discovery responses. Defendants would like to move forward with discovery, including taking your deposition, and they are not in a position to do so without adequate discovery responses from you.

We look forward to hearing from you with regard to this matter.

Very truly yours,

JACKSON LEWIS LLP

*Joan Ackerstein*

Joan Ackerstein

JA/kam

cc:    Heather L. Stepler