UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
    Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
    Defendants.

Civil Action No. 05 11317 NMG

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLETE AND SUBSTANTIVE RESPONSES TO DISCOVERY

Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston ("Defendants"), moved pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1 for an order compelling Plaintiff, Bienvenido I. Lugo Marchant ("Plaintiff"), to provide: (1) complete and substantive responses to Interrogatory Nos. 1-3 and 5-15 of the First Set of Interrogatories Propounded By Defendants to Plaintiff; (2) complete and substantive responses to Defendants' First Set of Requests For Production of Documents of Defendants To Plaintiff, Bienvenido I. Lugo Marchant; and (3) documents responsive to Defendants' first set of requests for documents. This memorandum and the Affidavit of Joan Ackerstein are filed herewith in support of Defendants' motion.

### Introduction

This action arises out of Plaintiff's employment with United Liquors Limited ("United Liquors") in 2003. In his Complaint served in September, 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Americans With Disabilities Act. In particular, Plaintiff claims that he

needed to attend bible study classes while employed and that Defendants failed to accommodate his religion. Plaintiff also claims that he suffered a workers' compensation injury which was not accommodated.

Defendants answered the Complaint, denying all allegations of liability. Defendants are interested in moving forward expeditiously with the defense of this action, since they are confident they will prevail and that judgment will enter in their favor. Further, United Liquors was already required to defend an action by Plaintiff at the Massachusetts Commission Against Discrimination in connection with the issues raised in this suit, and prevailed in that action. Defendants believe they likewise will prevail here and they are anxious to take the action necessary to establish their defense.

### Plaintiff Initially Failed To Provide Any Response To Defendants' Discovery Requests

In an effort to move expeditiously to defend this action, Defendants served their first set of interrogatories and request for documents on January 6, 2006. (Ackerstein Aff., ¶3) Copies of those documents are attached to the Affidavit of Joan Ackerstein as Exhibits A and B, respectively. The requests sought information and documents relevant to the action.

By February 13, 2006, Defendants had not received discovery responses from Plaintiff. Accordingly, Defendants' counsel sent a letter to Plaintiff asking that he contact Defendants' counsel regarding his outstanding discovery responses. (Ackerstein Aff., ¶5; Exhibit C) Plaintiff did not respond to Defendants' counsel's request for a discovery conference. (Ackerstein Aff., ¶5) As a result, Defendants served a motion to compel discovery responses on March 3, 2006, advising the Court that no responses had been received. (Ackerstein Aff., ¶7) At that time, almost two months after the discovery requests were served, there was no response from Plaintiff.

2

Approximately one week after the filing of Defendants' motion to compel, Plaintiff served his discovery responses. (Ackerstein Aff., ¶8; Exhibit E) Subsequent to that, on Monday, March 13, 2006, Defendants notified the Court that they were withdrawing the pending motion to compel, as they were required to do since responses finally were provided. (Ackerstein Aff., ¶9)

### When Plaintiff Finally Responded To Discovery, The Responses Were Woefully Inadequate

Unfortunately, Plaintiff's discovery responses, when finally provided, were woefully deficient and not in compliance with the Federal Rules of Civil Procedure. (Ackerstein Aff., ¶10) Procedurally, Plaintiff failed to set forth each interrogatory and document request before his responses and objections, in violation of Local Rules 33.1(A)(2) and 34.1(A)(2). Moreover, Plaintiff responded to 14 of Defendant's 15 interrogatories and to Defendants' 28 document requests by asserting inappropriate objections. (Id.) Finally, Plaintiff failed to provide a single document in response to Defendants' document requests. (Id.) While Plaintiff responded to the requests, he provided almost no information and no documents. Defendants still were unable to proceed with their defense.

On March 15, 2006, Defendants' counsel sent a letter to Plaintiff informing him that they had reviewed his discovery responses and were surprised by his responses. (Ackerstein Aff., ¶11; Exhibit F) In the letter, Defendants' counsel requested that Plaintiff contact them to confer regarding his discovery responses. (Id.) To date, Plaintiff has not responded to Defendants' counsel's March 15, 2006 request for a discovery conference. (Ackerstein Aff., ¶12)

### Plaintiff Should Be Compelled To Respond To Defendants' Interrogatories

On January 6, 2006, Defendants propounded 15 interrogatories which sought relevant information about Plaintiff, including his educational background and licenses, work history,

3

search for employment subsequent to his separation from United Liquors, prior litigation, and the identification of persons with knowledge. Despite the relevance of these interrogatories, Plaintiff provided no responsive information.

Plaintiff answered only one interrogatory, No. 4, which sought information about the individuals Plaintiff may call as witnesses at a trial of this matter. As to that, Plaintiff stated that there are no individuals he may call as witnesses at this time. However, as to the other 14 responses, Plaintiff provided only inappropriate objections.

Defendants' interrogatories, other than Interrogatory No. 4, and Plaintiff's deficient responses are set forth below:

## INTERROGATORY NO. 1

Please state Plaintiff's name, address, date of birth, place of birth, date of arrival in the United States, marital status, (including spouse's name and date of marriage if applicable), race, religion and social security number.

## ANSWER TO INTERROGATORY NO. 1

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information already available.

## INTERROGATORY NO. 2

Identify each educational institution Plaintiff attended, and state the dates of attendance, whether Plaintiff received a degree or certificate therefrom, and the nature and the date of the degree or certificate, if applicable.

## ANSWER TO INTERROGATORY NO. 2

Objection. This interrogatory seeks information this party intends to offer at trial.

## INTERROGATORY NO. 3

Identify each and every employer, other the United Liquors, by whom Plaintiff has been employed from 1985 to date, and for each such employer, state: the date(s) of commencement and termination of each such employment; the duties performed by Plaintiff for each employer; Plaintiff's rate(s) of pay during each of the above positions, including identification of any raise(s) in pay in connection with any of the positions, with the dates thereof; a summary description of any employee benefits Plaintiff received in connection with each employment; and

4

the reason for the termination or conclusion of each employment, including, but not limited to, a statement of whether the termination of such employment was voluntary or involuntary.

### ANSWER TO INTERROGATORY NO. 3

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

### INTERROGATORY NO. 5

Identify each and every person who Plaintiff or a representative thereof has contacted or interviewed in connection with this matter, but whom Plaintiff does not intend to call as a witness at a trial of this matter.

### ANSWER TO INTERROGATORY NO. 5

Objection. Vague, ambiguous and unintelligible.

### INTERROGATORY NO. 6

Identify each expert witness whom Plaintiff intends to call at a trial of this matter and, for each such expert witness, please provide the following information: his or her name, residential address and business address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

### ANSWER TO INTERROGATORY NO. 6

Objection. Asked and answered.

### INTERROGATORY NO. 7

If at any time from 1995 to date, Plaintiff attended Bible study classes, for any such classes: state the dates of attendance; the name and address of the school or church where the classes are taught; the names of the instructors; and the titles of the classes in which Plaintiff was enrolled.

### ANSWER TO INTERROGATORY NO. 7

Some of the instruction was held out of state, other in MA. Some of the courses cover a greater period of time. Demand for disclosure is premature.

### INTERROGATORY NO. 8

Identify each and every individual with knowledge of any facts pertaining to the allegations in Plaintiff's Complaint and give a detailed description of the facts possessed by each such person.

### ANSWER TO INTERROGATORY NO. 8

Objection. Overbroad and unduly burdensome in that no number is specified. This interrogatory covers a number of hypothetical individuals.

### INTERROGATORY NO. 9

Describe in complete detail each item of damage, including amounts, for which Plaintiff intends to seek recovery at trial, the manner in which such amount has been calculated, and the specific basis and support for said amount.

### ANSWER TO INTERROGATORY NO. 9

Objection. Oppressive, this interrogatory calls for a professional opinion from a lay person.

### INTERROGATORY NO. 10

State whether Plaintiff made any efforts to seek new employment following his separation of employment with United Liquors or following his separation from any post-United Liquors employer, and if so, state: the name and address of each potential employer, entity or person to whom Plaintiff made application and the date of each such application and the position for which application was made; the name and address of any employment agency, career counselor or other employment recruiter with whom Plaintiff had contact, including the date and the nature of contact; and identify each and every document reflecting or relating to Plaintiff's efforts to seek new employment, including self-employment, and any independent contractor or consulting work.

### ANSWER TO INTERROGATORY NO. 10

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

### INTERROGATORY NO. 11

If Plaintiff has a Commercial Drivers License ("CDL"), state the date of the license; the state which issued the license; and the name and address of any employer for whom Plaintiff has used that CDL in the course of his employment.

### ANSWER TO INTERROGATORY NO. 11

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information already available to the propounding party.

### INTERROGATORY NO. 12

State whether Plaintiff has previously instituted litigation or administrative charges (such as claims at the Equal Employment Opportunity Commission or the Massachusetts Commission

Against Discrimination) against any other company, state, municipality or any other organization by which he was or had been employed or applied for employment. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

**ANSWER TO INTERROGATORY NO. 12**

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information already available to the propounding party.

**INTERROGATORY NO. 13**

If Plaintiff contends that he was unable to work at any time from June 2003, to date due to an injury or other physical ailment, state the condition which disabled Plaintiff; the period of time he was disabled; and the name and address of any physician who treated him during that period.

**ANSWER TO INTERROGATORY NO. 13**

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

**INTERROGATORY NO. 14**

State whether Plaintiff has previously instituted litigation or administrative charges against any entity which was not described in response to Interrogatory No. 12 because it is not an employer. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

**ANSWER TO INTERROGATORY NO. 14**

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

**INTERROGATORY NO. 15**

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff visited, consulted or received treatment from relative to any physical, mental or emotional condition Plaintiff alleges United Liquors caused. For each physician or other healthcare provider identified, state his or her address; any institutions with which he or she is presently associated or affiliated; any institutions with which the person was associated or affiliated while treating Plaintiff; his or her occupation; his or her area of

specialization, if any; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; whether Plaintiff is presently receiving treatment or consultation from such person or entity; and the cost of treatment.

**ANSWER TO INTERROGATORY NO. 15**

Objection. Oppressive, harassing and burdensome. This interrogatory seeks information equally available to the propounding party.

### Plaintiff Should Be Compelled To Provide A Complete And Responsive Response to Defendants' First Set of Requests for Documents

On January 6, 2006, Defendants also served a document request which included 28 requests for relevant documents relating to such factual matters as Plaintiff's claims against Defendants, income, work history, search for work subsequent to his separation from United Liquors, experts and expert reports, and prior litigation. Plaintiff objected to all of the requests and failed to provide sufficient responses to any request. Moreover, Plaintiff provided no responsive documents. Once again, Plaintiff thwarted Defendants' ability to prepare a defense.

Defendants' requests and Plaintiff's deficient responses are set forth below:

**REQUEST NO. 1**

Any and all documents which relate or pertain to the allegation in paragraph 1 of the Complaint that Plaintiff was demoted to a warehouse position where he was required to operate industrial equipment he was not trained to operate.

**ANSWER TO REQUEST NO. 1**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 2**

Any and all documents which relate or pertain to the allegations in paragraph 2 of the Complaint that Mr. Kingston berated Plaintiff in front of office personnel.

**ANSWER TO REQUEST NO. 2**

Objection. Asked and answered, already submitted to MCAD/eeoc.

8

**REQUEST NO. 3**

Any and all documents which relate or pertain to the allegations in paragraph 3 of the Complaint that Mr. Kingston asked Plaintiff if he wanted to be fired for his religious beliefs.

**ANSWER TO REQUEST NO. 3**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 4**

Any and all documents which relate or pertain to the allegations in paragraph 3 of the complaint that Mr. Kingston made racial comments to Plaintiff

**ANSWER TO REQUEST NO. 4**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 5**

Any and all documents which relate or pertain to the allegations in paragraph 3 of the complaint that white workers who proclaimed their faith were not ridiculed and that plaintiff asked for leaves without saying they were faith related and they were granted.

**ANSWER TO REQUEST NO. 5**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 6**

Any and all documents which relate or pertain to the allegations in paragraph 4 of the Complaint that Plaintiff had a conversation with Linley Bigney in which Ms. Bigney made a comment to Plaintiff about withdrawing his MCAD claim.

**ANSWER TO REQUEST NO. 6**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 7**

Any and all documents which relate or pertain to the allegations in paragraph 5 of the Complaint that in August, 2003, United Liquors refused to give Plaintiff light duty work or medical treatment as was the case with other white workers injured at work.

**ANSWER TO REQUEST NO. 7**

Objection. Asked and answered, already submitted to MCAD/eeoc.

9

**REQUEST NO. 8**

Any and all documents which relate or pertain to the allegations in paragraph 5 of the Complaint that Plaintiff had to seek medical treatments from other sources since his medical coverage was cancelled on or about August 29, 2003.

**ANSWER TO REQUEST NO. 8**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 9**

Any and all documents which relate or pertain to the allegations in paragraph 6 of the Complaint that United Liquors suggested Plaintiff work in the warehouse because "there are more Spanish people over there."

**ANSWER TO REQUEST NO. 9**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 10**

Any and all documents which relate or pertain to the allegations in paragraph 6 of the Complaint that Mr. Tsickritzis came to the lobby with an unidentified man and berated the Plaintiff about applying for a job.

**ANSWER TO REQUEST NO. 10**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 11**

Any and all documents which relate or pertain to the allegations in paragraph 7 of the Complaint that Plaintiff had a meeting on or about January 2004, where he was asked about his health and offered an unacceptable shift.

**ANSWER TO REQUEST NO. 11**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 12**

Any and all documents which relate or pertain to the allegation in paragraph 8 of the Complaint that a co-worker was given corporate goods and favors in exchange for information about the Plaintiff and others.

**ANSWER TO REQUEST NO. 12**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 13**

Any and all documents which relate or pertain to the allegations in paragraph 9 of the Complaint that the co-worker given corporate goods and favors was later terminated allegedly because of drinking on the job.

**ANSWER TO REQUEST NO. 13**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 14**

Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs, e-mails or other records maintained by Plaintiff between January 1, 2000 through the present, relating in any way to his employment with United Liquors.

**ANSWER TO REQUEST NO. 14**

Objection. Asked and answered, already submitted to MCAD/eeoc.

**REQUEST NO. 15**

Any and all documents which relate or pertain to any effort Plaintiff made to obtain employment, other than with United Liquors, at any time after January 1, 1999.

**ANSWER TO REQUEST NO. 15**

Objection. Irrelevant and burdensome.

**REQUEST NO. 16**

Any and all documents reflecting Plaintiff's income, wages, tips or other compensation any time after Plaintiff's employment with United Liquors ended.

**ANSWER TO REQUEST NO. 16**

Objection. Irrelevant and burdensome.

**REQUEST NO. 17**

Any and all documents concerning any damages Plaintiff intends to seek at the trial of this action.

**ANSWER TO REQUEST NO. 17**

Objection. Vague, ambiguous and unintelligible.

**REQUEST NO. 18**

Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff.

**ANSWER TO REQUEST NO. 18**

Objection. Asked and answered.

**REQUEST NO. 19**

A copy of the curriculum vitae of any expert who has been consulted or retained for this litigation by Plaintiff.

**ANSWER TO REQUEST NO. 19**

Objection. Asked and answered.

**REQUEST NO. 20**

Any and all federal or state income tax returns filed by Plaintiff for the years 1999 through 2005, including all W-2 forms and other documents submitted with the tax returns to the taxing authorities.

**ANSWER TO REQUEST NO. 20**

Objection. Oppressive and burdensome.

**REQUEST NO. 21**

Any and all documents submitted by Plaintiff to the insurer in connection with the workers compensation claim filed by Plaintiff or on his behalf in connection with the work related injury Plaintiff sustained while working at United Liquors.

**ANSWER TO REQUEST NO. 21**

Objection. The employer has such records.

**REQUEST NO. 22**

Any and all documents submitted by Plaintiff to any insurer in connection with any workers compensation claim filed by Plaintiff or on his behalf in connection with any work related injury Plaintiff sustained from 1999 to date while working for an employer other than United Liquors.

**ANSWER TO REQUEST NO. 22**

Objection. Oppressive and burdensome.

**REQUEST NO. 23**

Any and all documents submitted by Plaintiff to the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission in connection with his claim of discrimination against United Liquors.

**ANSWER TO REQUEST NO. 23**

Objection. Asked and answered.

**REQUEST NO. 24**

Any and all documents submitted by Plaintiff to the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission in connection with a claim of discrimination against any employer other than United Liquors.

**ANSWER TO REQUEST NO. 24**

Objection. Oppressive and burdensome.

**REQUEST NO. 25**

Any and all records or other documents maintained by any physician or other health care provider who rendered any treatment to Plaintiff as a result of any work related injury Plaintiff sustained from January 1, 1999 to date.

**ANSWER TO REQUEST NO. 25**

Objection. Premature and burdensome.

**REQUEST NO. 26**

Any and all records or other documents maintained by any physician or other health care provider who rendered any treatment to Plaintiff from January 1, 1999 to date as a result of any medical or psychological condition which is not work related.

**ANSWER TO REQUEST NO. 26**

Objection. Asked and answered.

**REQUEST NO. 27**

Any and all documents which relate or pertain to any employment Plaintiff had after his employment with United Liquors ended, including offer letters, brochures on benefit plans, notices of salary increases and the like.

**ANSWER TO REQUEST NO. 27**

Objection. Irrelevant and burdensome.

**REQUEST NO. 28**

Any and all correspondence, electronic or otherwise, or statements from any employee or former employee of United Liquors.

**ANSWER TO REQUEST NO. 28**

Objection. Oppressive and burdensome.

<b><u>Plaintiff Should Be Compelled To Respond Appropriately<br>So That Defendants Can Prepare Their Defense</u></b>

Defendants served their discovery requests on January 6, 2006. Despite the passage of almost three months since service of those documents, Defendants have not received appropriate responses to the requests or responsive documents. Further, Plaintiff's failure to comply with the rules of discovery have required to Defendants to file two motions to compel responses, the first because Plaintiff did not respond at all and the second because the responses when received were woefully inadequate. Plaintiff should now be compelled to provide appropriate responses so that Defendants can proceed with discovery, take Plaintiff's deposition and establish its defense. There is no question that an order compelling Plaintiff to respond appropriately is warranted under these circumstances.

<b><u>ARGUMENT</u></b>

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" When answering interrogatories, the responding party is required to answer each interrogatory "separately and

14

fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). According to the advisory committee notes, Rule 33 was amended in 1993 "to emphasize the duty of the responding party to provide full answers to the extent not objectionable." Fed. R. Civ. P. 33(b)(3) provides that a party shall serve a copy of the answers to interrogatories and objections within 30 days after service of the interrogatories.

Similarly, when responding to a request for documents, a responding party must state in its response that "inspection . . . will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34(b). If an objection is made to "part of an item or category, the part shall be specified and inspection permitted of the remaining parts." Id. Rule 34(b) also provides that a party shall serve a written response to a request for documents within 30 days after service of the request.

Plaintiff did not comply with Rules 33 and 34 and, accordingly, should be compelled to provide adequate responses and responsive documents.

### A. Plaintiff Should Be Compelled To Provide Complete and Substantive Responses to Defendants' Discovery Requests Because He Waived His Objections to The Discovery Requests

By failing to timely serve objections to Defendants' interrogatories or requests for documents, Plaintiff waived any objections to the discovery requests. Tropix, Inc. v. Lyon & Lyon, 169 F.R.D. 3, 5 (D. Mass. 1996) (defendants waived any objections to the interrogatories and document requests by not serving the objections in a timely manner). Due to his waiver of objections, Plaintiff should be compelled to provide proper responses to the discovery requests and all of the documents sought.

### B.  Plaintiff Should Be Compelled To Provide Complete And Substantive Responses To Defendants' Discovery Requests Because His Objections To The Discovery Requests Are Unsupported

Plaintiff should also be compelled to provide complete discovery responses and the documents sought because his objections to the discovery requests are inappropriate and unsupported. Pursuant to Fed. R. Civ. P. 37(a)(2)(B), a discovering party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery" when a party fails to properly respond to interrogatories or document requests. See Mahoney v. Kempton, 142 F.R.D. 32, 33 (D. Mass. 1992) (motion to compel allowed where incomplete answers to interrogatories were provided). Moreover, if a party's discovery responses are evasive or incomplete, they are treated as a failure to answer or respond under Fed. R. Civ. P. 37(a)(3) and the court, upon motion, may compel the responding party to provide an appropriate response or production. See Alonso v. Agrigenetics, Inc., 2004 U.S. Dist. LEXIS 23600 at *8-9 (S.D. Tex. November 18, 2004) (court ordered pro se defendants to provide complete and accurate answers to plaintiff's first set of interrogatories and specific responses to plaintiff's request for production of documents after concluding that defendants' objections were improper); Jones v. Syntex Laboratories, Inc., 2001 U.S. Dist. LEXIS 17926 at *7-8 (N.D. Ill. October 24, 2001) (court ordered pro se plaintiff to respond fully to certain interrogatories after plaintiff provided only vague and non-responsive answers and to fully respond to certain interrogatories which sought personal information and related to the heart of plaintiff's claim for damages).

#### 1.  Plaintiff's Objections Based On Availability Of Requested Information Are Meritless

Plaintiff inappropriately objected to eight interrogatories (Nos. 1, 3, 10, 11, 12, 13, 14, 15) by stating that the information/documents sought are already or equally available to

16

Defendants. He also inappropriately objected to 14 document requests (Nos. 1-14) by stating that the requests were "asked and answered" and that the documents were already submitted to the MCAD/EEOC. Plaintiff also inexplicably objected to Interrogatory No. 6 and four document requests (Nos. 18, 19, 23, 26) by merely stating: "Asked and answered." In addition, Plaintiff objected to Interrogatory No. 21 by stating that "[t]he employer already has such records." These discovery responses are inappropriate because "the fact that an adversary may already have some of the information it seeks is not an excuse for failing to produce responsive documents." Dew v. 39th Street Realty, 2001 U.S. Dist. LEXIS 4631 at *4 (S.D.N.Y. April 16, 2001) (court granted defendants' motions to compel pro se plaintiff to provide complete and substantive responses to all interrogatories and document requests). Further, it is improper for a responding party to refer to documents from a separate action, such as an MCAD case, rather than provide complete responses. Mahoney, 142 F.R.D. at 33 (defendants improperly responded to interrogatories by referring to testimony at prior criminal trials). Here, because Plaintiff's objections are inadequate, he should be required to fully respond to the interrogatories and document requests.

2.   **Plaintiff's Objections Based On Relevance Are Inappropriate**

Plaintiff also inappropriately objected to three document requests (Nos. 15, 16, 27) by stating that the requests are "[i]rrelvant and burdensome." As Massachusetts courts have noted, "relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action." EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D. Mass.1996) (granting motion to compel where information sought was relevant to the case and where responding party did not show how responding to the request would be unduly burdensome). Defendants' requests seek documents

17

regarding Plaintiff's income and employment subsequent to his separation from United Liquors. Such documents are relevant to the issue of damages in this case, particularly where Plaintiff has put his financial status at issue by stating in his Complaint that he is seeking at least $65,000.00 and benefits for each year he has been out of work. (See Complaint, p. 4) Plaintiff's bare assertion that the discovery requested is irrelevant and burdensome is insufficient and, accordingly, the Court should require Plaintiff to provide complete responses to these requests.

3. **Plaintiff's Objections Based On The Alleged Burdensome, Vague, Overbroad And Ambiguous Nature Of The Requests Are Inappropriate**

In response to five document requests (Nos. 20, 22, 24, 25, 28), Plaintiff objected, stating that the requests are "[o]ppressive and burdensome" or "[p]remature and burdensome." Plaintiff objected to Interrogatory No. 7 by claiming that the "demand for disclosure" of information related to Plaintiff's attendance at Bible study classes is "premature." In addition, Plaintiff objected to Interrogatory No. 8 by stating that it is "[o]verbroad and unduly burdensome" and to Interrogatory No. 9 by stating that it is "oppressive." Similarly, in response to Interrogatory No. 5 and Document Request No. 17, Plaintiff objected, stating that both are "[v]ague, ambiguous and unintelligible." Plaintiff's objections are unsupported by any evidence of how the requests are oppressive, premature, overbroad, burdensome, vague, ambiguous, or unintelligible. Moreover, "[b]are assertions that the discovery requested is overly broad, burdensome, oppressive or irrelevant are ordinarily insufficient, standing alone, to bar production." Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 685 (D. Kan. 1991) (granting defendant's motion to compel). As Plaintiff's objections to these requests are unsupported, he should be required to provide complete and substantive responses to them.

18

### 4.     Plaintiff's Objections To Interrogatory No. 2 Is Unavailing And Reveals The Relevance Of The Information Sought

Plaintiff objected to Interrogatory No. 2 by stating that he intends to introduce at trial the information sought about his education and degrees/certificates. Plaintiff's objection is improper as Defendants are entitled to this information. Moreover, Plaintiff's statement that he intends to produce the requested information at trial confirms the relevancy of the documents. Accordingly, Defendants are entitled to such information and Plaintiff should be required to provide a complete response to Interrogatory No. 2.

The discovery requests served by Defendants on January 6, 2006, seek information and documents which are relevant and necessary to their defense of this matter. Defendants already were required to file a motion to compel, which they did on March 3, 2006, to obtain any discovery responses. Now, they are forced to file a second motion to obtain responses which are complete. Defendants should not be required to incur this expense and effort simply to have Plaintiff comply with his discovery obligations. Plaintiff's objections are inadequate and unsupported. Plaintiff should be compelled to provide complete and substantive responses to all interrogatories and document requests so that Defendants may proceed with the defense of this matter, including the taking of Plaintiff's deposition, which had been scheduled for March 2, 2006, but was continued because discovery responses were not received. (Ackerstein Aff., ¶6) Plaintiff should not be permitted to further delay the discovery process in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant this motion and compel Plaintiff to provide (1) complete and substantive responses to Interrogatory Nos. 1-3 and Nos. 5-15; (2) complete and substantive responses to each of Defendants' requests for documents; and (3) documents responsive to each of Defendants' requests for documents.

Respectfully submitted,

UNITED LIQUORS LIMITED,
PETER TSICKRITZIS and KEVIN KINGSTON
By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025; fax: (617) 367-2155

Dated: April 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP