UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR 19 P 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

Bienvenido I. Lugo-Marchant
   Plaintiff,
v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
   Defendants

Civil Action No. 05 11317 NMG

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' MOTIONS TO COMPEL COMPLETE AND SUBSTANTIVE ANSWERS TO INTERROGATORIES PROPOUNDED BY THE DEFENDANTS

Plaintiff, Bienvenido I. Lugo-Marchant, hereby moves for an order dismissing the Defendant's Motions to Compel Complete and Substantive Answers.

As grounds for his motion, Plaintiff states that his objections to the Interrogatories are valid in that they answer information already in control, possession, or knowledge of the Defendants. Defendants unnecessarily ask for information they already have in their corporate record, if they comply with the Sarbanes-Oxley Act, as the Plaintiff once worked for them. Questions regarding name, address, CDL license, MCAD-EEOC, medical records, and documents submitted to the Defendant while the Plaintiff worked for them are required as if they do not already have said documents or can not wait until going to formal trial.

### PETITION IS REPETITIVE AND UNNECESSARY

As a persuasive example, once the Commonwealth of Massachusetts issued the Plaintiff a CDL license, he gave a copy of his CDL license as well as of his medical card [also known as DOT medical card] to the Defendant when knowing he would be working as a spare driver. The Defendants, as his employer, sponsored the DOT medical card and retained a copy for their records. Before that date, the Plaintiff worked as a spare driver's helper since it is required to have a CDL license to operate straight truck or combination trucks as the ones the Defendants have, but not to work as a driver's helper. Therefore, it is not necessary to ask for dates or information relating to when the Plaintiff obtained such license since all the information related to it is contained in the very license. A CDL license looks like a regular driving license except that it is issued to operate certain kind of motor vehicles in accordance with state and federal regulations governing such motor vehicles.

## SELECTIVE INFORMATION

Plaintiff also states that he is under the belief, though not corroborated, that Defendants sent him a limited copy of his personnel record with selected information and that might limit the very answers to the propounded Interrogatories sought by the Defendants. That suspected selective failure from the Defendants in fulfilling their duty is not highlighted in their Motions to Compel Answers. Said Motions to Compel Answer are dated as March 3 and April 3 of this very year. Regarding the reasons for the Defendants having prevailed at the MCAD-EEOC, they seem unbelievable given the facts involved in such investigation. Defendants should not ask the Plaintiff for information about the MCAD-EEOC as that might reveal more negative information about the Defendants.

Every document the Plaintiff has, as a result of the MCAD-EEOC investigation, is a copy of what the Defendants sent to the MCAD-EEOC and their investigating agents. The Plaintiff has a copy of such documentation and answers, as earlier on provided by the Defendants in their responses to the Plaintiff, but not the "other defenses" the Defendants "could assert to prevail" as they surprisingly did. That information should not be asked since the Plaintiff has not seen such "other defenses" nor knows how to ask for it. The Defendants should ask their previous legal counsels to retrieve a copy of such documents, as the Plaintiff is incapable of interceding for them with their legal counsel.

Furthermore, some of the interrogatories demand information the Plaintiff does not know if it even exists, if it ever existed, and how to obtain said information. Defendants are supposed to know what the Sarbanes-Oxley Act demands from them and must not hesitate on submitting complete documents when asked to. Plaintiff intends to offer all such information he might have at trial, as the Defendants seem to have sent what they wanted to.

## DEFENDANTS DENIED MOST OF THE ALLEGATIONS IN ORIGINAL COMPLAINT

In their Defendant's Answer to Plaintiff's Complaint, the Defendants denied most of the allegations though the Plaintiff was very discreet and restrained in mentioning only a few details of his experience while proudly working for the Defendants. In addition, the Plaintiff has sought to confer with the Defendants in many occasions in vain.

In the Defendant's Motion asking the Plaintiff for information they do not even know if the Plaintiff has, they themselves cloud the natural course of the civil action the Plaintiff wants to solve as expeditiously as possible with no apparent reciprocity.

The Plaintiff respectfully hopes this Honorable Court agrees with the Plaintiff in his Plaintiff's Motion to Dismiss Defendants' Motions. In the case of this Honorable Court denying the Plaintiff's Motion to Dismiss Defendant's Motions, then the Plaintiff would like to have:

1. A time extension to provide such available information to the Defendant, if it really exists
2. Two (2) complete sets of his personnel record as having worked for the Defendant
3. The Defendants including in their letters a note regarding deadlines for any demands they might endeavor with the interest on following Federal Local Rules.

Respectfully submitted,

Bienvenido I Lugo-Marchant
Pro se, forma pauperis

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid and by fax.

On this 14TH day of APRIL, 2006, before me, the undersigned notary public, personally appeared BIENVENIDO LUGO-MARCHANT proved to me through satisfactory evidence of identification, which were MASS LICENSE, to be the person whose name is signed on the preceding or attached document and swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.



By Michael J. Ciampi