UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo-Marchant
    Plaintiff,
    v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
    Defendants

Civil Action No. 05 11317 NMG

FILED IN CLERKS OFFICE
2006 JUL -6 P 2: 46
U.S. DISTRICT COURT
DISTRICT OF MASS

## PLAINTIFF'S MOTION TO EXTEND DEADLINE AS PROPOUNDED BY THE DEFENDANTS

Plaintiff, Bienvenido I. Lugo-Marchant, hereby moves for an order extending the deadline as suggested by the Defendants.

As grounds for his Motion, the Plaintiff states the following:

1. This action arises out of Plaintiff's employment with the Defendants. In his original Complaint served in September 2005, the Plaintiff affirms disparate and retaliatory treatment during and after his working for the Defendants under Title VII of the CRA and Title I of the ADA.

2. Plaintiff answered the interrogatories to the best of his knowledge and abilities.

3. Many times, the Plaintiff asked the Defendants to meet *"for conferencing or to follow the instructions of the Court"* with no result [Exhibits 1-11]. Plaintiff saw no sincerity in the Defendants' calling on June 26, 2006 but still gave the same tone of voice when assenting [Exhibit 12] to an earlier petition to extend time as much as they needed. Furthermore, the Plaintiff received a letter from this Honorable Court dated as June 27, 2006 ordering the parties' presence to set matters straight.

4. Plaintiff objected many of the Interrogatories in that they sought to obtain information the Plaintiff himself does not know if it even exists. As a persuasive example, Defendants miscalculated when the Plaintiff began working without knowing if the Plaintiff was working. Furthermore, the Plaintiff was doing independent research to properly answer the Propounded Interrogatories, as he

was unsuccessful in meeting opposing counsel. Other interrogatories did not seem to be related to the issues of this action.

5. The Plaintiff intends to offer, as soon as possible, a whole lot more information the Defendants already have but claim not to have. The Plaintiff believes the Defendants have the same facts about the previous administrative investigations where they surprisingly prevailed. Plaintiff would appreciate reciprocity as well.

6. Plaintiff agrees with the Defendants in their asking for a deadline extension. At the same time, the Plaintiff would like the Defendants not making a bigger case than necessary of any misspellings as they themselves supplied the misspellings and unillegible writing in the first place [Exhibits 13-4].

7. Plaintiff does not object the interest of the Defendants to meet with him but does not want to visit Jackson Lewis' office ever again, where he was not received. Plaintiff still would like to meet with opposing counsel at a common ground.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court extend the deadline as requested by the Defendants with the intention of narrowing issues.


Very respectfully submitted, Bienvenido I. Lugo-Marchant
*Pro se, forma pauperis*

[signature]

### CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2006, this document was served upon the Defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                    2295
CONNECTION TEL              916173672155
SUBADDRESS
CONNECTION ID
ST. TIME                    12/02 14:28
USAGE T                     00'29
PGS. SENT                   1
RESULT                      OK
```

FILED
IN CLERKS OFFICE

2006 JUL -6  P 2: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

To: Joan Ackerstein, Esq.
   ackersteinj@jacksonlewis.com
   fax 617-367-2155; ph. 367-0025

From : Bienvenido I. Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**

Thanks for responding my call. I have a written document with my position about your Defendant's Answer to Plaintiff's Complaint in case you should need a copy of it. I should be calling you early on this coming December 5, 2005 to schedule a conference with you. The intention is to see what is the best course of action in this civil action and to follow the Court instructions. I would also like to discuss other issues you might not be aware of.

As I just told you over the phone, I saw some conference rooms at the local Courthouse and was informed that they are available for public use. I think they are very comfortable and create a pleasant atmosphere. I would like to confer at any local Courtroom rather than your office if you do not object that. Thanks for your cooperation and diligence.

Exhibit # 1

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                    2429
CONNECTION TEL              916173672155
SUBADDRESS
CONNECTION ID
ST. TIME                    12/07 16:22
USAGE T                     00'22
PGS. SENT                   1
RESULT                      OK
```

To: Joan Ackerstein, Esq.
    Jackson Lewis

From: Bienvenido I Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**
    Conference

Dear Ms. Ackerstein, Esq:

I hope this letter finds you well. I commented you about a letter sent to me by the USDC. I would like to know if you have the time to meet me this coming Friday at the Brockton District Court to follow instructions on the case according local rules.

I hope you have time on your schedule for this meeting, thanks for your cooperation on this matter.

Sincerely

B. Lugo-Marchant

8 December 2005

617-367-2155

Exhibit #2

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2469
CONNECTION TEL             916173672155
SUBADDRESS
CONNECTION ID
ST. TIME              12/12 10:38
USAGE T               00'25
PGS. SENT             1
RESULT                OK
```

To: Joan Ackerstein, Esq.
    Jackson Lewis

From: Bienvenido I Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**
    Conference;
    Monday, December 12, 2005

Dear Ms. Ackerstein, Esq.:

    I hope this letter finds you well. The last week I was called from your office and was asked if I would be available to meet with you and conference about this civil action. I will be in the Boston area today and will have a window of time that I can use to meet with you. If other things come in the way or because of the weather I should have difficulties, I will let you know as soon as possible not to waste your precious time. I think I will be just a few blocks away from your office so traffic or parking should not be an issue.

    Most likely, I will have the time between 11:30AM up until 1PM and I will be at a walking distance from your office so we can meet nearby. Thank you very much for your seriousness on this matter and have a nice day.

Very truly yours,

Exhibit #3

To: Joan Ackerstein, Esq.
    Jackson Lewis

From: Bienvenido I Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**
    Conference;
    12/12/2005 3:34:07 PM

Dear Ms. Ackerstein, Esq.:

I hope this letter finds you well. I went by your office this morning and could not find you nor anyone who would come to see me. I think the Brockton District Courthouse, located in Brockton at Main Street, offers many comfortable conference rooms to discuss some details of this civil action in my interest of following the instructions provided at the letter I was sent.

Thanks for your attention on thjs matter and have a nice day.

Sincerely yours,

B. Lugo-Marchant

Exhibit #4

sent on the last days. I am interested in following the instructions of the Court on this matter so I will be waiting for your answer and cooperation. I will be answering you in the next days about my impression to your letter. As I told you before, there are conference rooms at the Brockton District Courthouse and at the Brockton Superior Court. Both of them are accessible by public transportation and have parking lots nearby should you need them.

    I understand you might be busy with many other issues so I will be as reasonable and flexible as before. I already have a rebuttal to your Defendants' Answer to Complaint and started editing some questions for interrogatories. I would like to know how I can submit to you a list of names of people I would like to interview to discuss some questions I have.

    Let me know if you would like to meet at another similar place as I went to your building located at 75 Park Plaza in Boston and could not be received by any of your assistants. I wish you a nice week and that you see this letter as an amicable one aimed at solving this action and not others'.

Thank you for your attention on this matter and have a nice day.

Sincerely,

B. Lugo-Marchant

Pro se, forma pauperis

January 4, 2006

TRANSMISSION VERIFICATION REPORT

TIME : 01/04/2006 15:03
NAME : STAPLES 1133
FAX  : 15085877794
TEL  : 15085877793

DATE, TIME         : 01/04 15:03
FAX NO./NAME       : 16173672155
DURATION           : 00:00:23
PAGE(S)            : 01
RESULT             : OK
MODE               : STANDARD
                     ECM

Exhibit #9

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                1281
CONNECTION TEL                  916173672155
SUBADDRESS
CONNECTION ID
ST. TIME                04/12 13:19
USAGE T                 00'26
PGS. SENT               1
RESULT                  OK
```

To: Joan Ackerstein, Esq.
    Heather Stepler, Esq.
    **Jackson Lewis**

From: Bienvenido I Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**
    Conference;
    Wednesday, April 12, 2006

Dear Ms. Ackerstein, Esq.:

I hope this letter finds you well. I would like to confer with you and see what can we agree on. I hope you are willing to meet and conference about this. I think we have some issues that can be addressed once we meet.

Most likely, I will have some free time between tomorrow and this coming Friday when I can see you and confer.

In the future, please tell me when is the deadline for anything you demand from me in this civil action. I am not interested in holding you back in your busy practice and endeavour.

Thank you very much for your seriousness on this matter and have a nice day.

Very truly yours,

Exhibit #10

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                  1489
CONNECTION TEL                     916173672155
SUBADDRESS
CONNECTION ID
ST. TIME                  04/20 11:02
USAGE T                   00'30
PGS. SENT                 1
RESULT                    OK
```

To: Joan Ackerstein, Esq.   (617) 367-2155
    Heather Stepler, Esq.

From: B. Luo

RE: Civil Action No 05 11317 NMG

Dear Ms. Ackerstein:
     Ms. Stepler:

I'd like to confer with you about some information I think I can share with you to help you in the Discovery. If you would like a copy of such I'll be able (if nothing happens) ... a copy of it.

Exhibit # 11

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson | lewis
Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 75 Park Plaza | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| Boston, Massachusetts 02116 | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| Tel 617 367-0025 | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| Fax 617 367-2155 | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| www.jacksonlewis.com | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

September 26, 2005

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA 02301

      **RE:**   ***Lugo Marchant v. United Liquors, Ltd., et al.***
             ***Civil Action No. 05-11317-NMG***

Dear Mr. Marchant:

    In connection with the above-referenced matter, we enclose copies of the following documents which were electronically filed with the Court today:

1. Assented To Motion To Extend Time For Response To Plaintiff's Complaint, and

2. Defendant's Corporate Disclosure Statement.

                      Very truly yours,

                      JACKSON LEWIS LLP

                      Joan Ackerstein/c

JA:cac
Enclosures

EXHIBIT #12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## INITIAL DISCLOSURES OF DEFENDANTS

Defendants, United Liquors Limited, Peter Tsickritzis and Kevin Kingston ("Defendants"), disclose the following:

1. The persons who Defendants know or believe to have discoverable information relevant to Defendants' defenses to the allegations in Plaintiff's Complaint include:

   (a) Kevin Kingston
   Operations Manager
   United Liquors Limited
   175 Campanelli Park
   P.O. Box 859219
   Braintree, MA 02185
   (800) 862-4585

   Mr. Kingston supervised Plaintiff and is aware of his responsibilities; his performance; and his request to work different hours because of claimed religious beliefs or to attend religious school.

   (b) Kenneth Montgomery
   Fleet Manager
   United Liquors Limited
   175 Campanelli Park
   P.O. Box 859219
   Braintree, MA 02185
   (800) 862-4585

   Mr. Montgomery has knowledge of Plaintiff's practice on a United Liquors truck; performance as a driver; and his taking of the test for a

    Commercial Drivers License;

(c) Wilham Nagle
  Second Shift Supervisor
  United Liquors Limited
  175 Campanelli Park
  P.O. Box 859219
  Braintree, MA 02185
  (800) 862-4585

  Mr. Nagle has knowledge of Plaintiff's performance in the warehouse; and his request to work different hours due to his claimed religious beliefs.

(d) Kathleen C. Mansfield
  Vice President, Human Resources
  United Liquors Limited
  175 Campanelli Park
  P.O. Box 859219
  Braintree, MA 02185
  (800) 862-4585

  Ms. Mansfield has knowledge of Plaintiff's request to work different hours; his ability to work with others; and meetings with Plaintiff to discuss a possible return to work.

(e) Ken Queto
  Union Representative
  United Liquors Limited
  175 Campanelli Park
  P.O. Box 859219
  Braintree, MA 02185
  (800) 862-4585

  Mr. Queto has knowledge of the union contract requirements at United Liquors; and of offers to Plaintiff to work.

(f) Peter N. Tsickritzis
  Director of Operations
  United Liquors Limited
  175 Campanelli Park
  P.O. Box 859219
  Braintree, MA 02185
  (800) 862-4585

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S**
**INTERROGATORIES DIRECTED TO KATHLEEN MANSFIELD,**
**KENNETH MONTGOMERY AND WILHAM NAGLE**

Defendants, United Liquors, Ltd., Peter Tsickritzis, and Kevin Kingston ("Defendants"), object to the set of interrogatories directed to Kathleen Mansfield served by Plaintiff on April 3, 2006. Defendants likewise object to the sets of interrogatories directed to Kenneth Montgomery and Wilham Nagle served by Plaintiff on April 14, 2006.[1] Defendants' objections to these sets of interrogatories are based on three separate failures of Plaintiff to abide by the applicable rules and court orders: (1) the interrogatories are premature because Plaintiff failed to first serve his automatic required disclosures detailed by Fed. R. Civ. P. 26; (2) the interrogatories are improper because Plaintiff did not timely serve them in accordance with the Court's Scheduling Order; and (3) the interrogatories are improper as they are directed at non-parties.

---

[1] It appears that Plaintiff's interrogatories were mistakenly directed at an unknown individual named Wilham Nagle, rather than William Nagle, an employee of United Liquors, Ltd.

Respectfully submitted,

AS TO OBJECTIONS:

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,

_____
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025; Fax: (617) 367-2155

Dated: April 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

_____
Jackson Lewis LLP

2