UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo-Marchant    Civil Action No. 05 11317 NMG
  Plaintiff,
    v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
  Defendants

## FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT - WILLIAM NAGLE

Plaintiff, Bienvenido I Lugo-Marchant, hereby propounds the following interrogatories to Defendant, William Nagle, to be answered fully, separately, in writing and under oath.

### INSTRUCTIONS
In answering these interrogatories, Defendant-William Nagle, should follow the same instructions given to the Plaintiff by the defendant when demanding from him answers to the **First Set of Interrogatories** sent by the defendant, their legal representatives and counsel.

### DEFINITIONS
As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by the defendant, their legal representatives and counsel.

### INTERROGATORIES

1. With respect to the person answering these Interrogatories, please state:
   a. Name;
   b. Address(es);
   c. Residence telephone numbers;
   d. Job title;
   e. Name of superiors;
   f. Date when started employment with the defendant
   g. Salary; and
   h. Marital status [name of spouse]

2. For each facility maintained by defendant where plaintiff was employed, state:
   a. Its name
   b. Location
   c. Duties performed and/or responsibilities fulfilled by employees in each category since 1999 until termination of work
   d. The rate(s) of pay for each category or sub-category;

3. For each facility identified in the answer to Interrogatory 2, state in detail:
   a. The present rate of pay for each category or subcategory
   b. The number of all white employees
   c. The number of all non-white
   d. Spanish-surnamed employees

1

      e.   All other minorities (Asian, American Indian, Haitian, Caribbean Island)

4. For each of the categories or sub-categories listed in response to interrogatory number three (3), state:
   a. Whether or not employees assigned to this job category or sub-category are ordinarily expected to acquire skills in the performance of their jobs which are considered essential to the performance of higher-paying or more desirable jobs
   b. The skills expected to be acquired;
   c. The period of time normally essential for the sufficient acquisition of such skills;
   d. Whether such a period of time has embodied in a job residency or job tenancy requirements which an employee must complete before being considered for a promotion or transfer;
   e. The length of any job residency or tenancy requirement, the dates during which it has been in use and each instance in which it has been waived as to any employee or group of employee
   f. For each waiver, set forth in (e)
      i. The job category or subcategory in which the employee worked at the time of the waiver
      ii. The date of the waiver
      iii. The job category or sub-category to which that waiver lead
      iv. Whether in fact a promotion was granted
      v. The number of white employee, non-white employee, Spanish-surnamed and all other minority benefited by the waiver.

5. State whether the defendant informed the plaintiff that there were alternative means of acquiring skills essential for the performance of the job. If so, describe them. State the cost, if any, to the plaintiff and state the length of time normally required to acquire such skills by these alternative means.
   a. Identify all documents in defendant's possession, or subject to its control or of which it has knowledge, which would reflect any of the information requested in interrogatory four (4) and state the portions of such interrogatory to which each document is relevant

6. State who requested promotions or transfers and who satisfied the objective criteria established by defendant to determine whether an employee will be promoted or transferred, regardless of whether the job sought was available, indicating the exact figure for:
   a. The number of all white employees;
   b. The number of all non-white employees;
   c. Spanish-surnamed employees;
   d. All other minorities (Asian, American Indian, Haitian, Caribbean Island) with foreign ancestry or multilingual;
   e. Identify all documents in defendant's possession, subject to its control or of which it has knowledge, which would reflect any of the information requested in this interrogatory and state the portions of such interrogatory to which each document is relevant.

7. State the date, place and reason for plaintiff's termination or otherwise not being considered as an employee for the defendant. Please attach without a formal motion to produce documents:
   a. Any procedures, guidelines, etc. for determining the ability of an employee to work for the defendant;
   b. Whether any oral or written warnings were issued to the plaintiff concerning any matter related to the reasons (s) for the plaintiff's termination and attach relevant copies of them;

    c. Whether the plaintiff's letter asking for a religious accommodation influenced the defendant;

8. State the following information for each person who participated in the decision to avoid using the plaintiff as an employee and indicate the role in that decision:
   a. Name
   b. Title
   c. Address
   d. Race, sex-gender, national origin, ancestry

9. State whether the defendant made any communication with any person(s), company (ies) in connection with the plaintiff. If so, further state:
   a. The names and addresses of such
   b. The substance of said communications
   c. Relation to this legal action

10. State whether the plaintiff ever complained of receiving discriminatory treatment on the job. If yes, specify the nature of the complaint(s), date(s) of the complaint (s) and explain what was done, if anything, in response to the complaint(s).

11. Identify any and all discrimination suits, complaints, and legal actions commenced in the Commonwealth of Massachusetts from 1996 to the present where the defendant was named as a party.

12. Please state what knowledge, in relation to the plaintiff, does the defendant have about the ADA, the CRA Title VII, the Fair Labor Standards Act and the FMLA. Further, define disability and race.

13. State, separately for each facility and for each job category listed in response to Interrogatory number four (4):
    a. Each objective criterion, other than performance on a written or manual test, that has been a factor of evaluation considered in connection with the hiring applicants for, or the initial assignment of new hires to such job category at any time since 1999;
    b. The periods during which each such criterion has been in use;
    c. The weight given to each such criterion.

14. Describe in detail any and all income earned by you from January 1st, 1996 to the present, including personal estate, real estate, the amount of income, the source of income and the date the income was earned. Please attach, if you will do so without a formal motion for production, a copy of the W2's by the defendant to the plaintiff.

15. Identify each person who defendant or a representative thereof has contacted in connection with this matter, but whom defendant does not intend to call as a witness at trial for this matter.

Respectfully submitted,

Bienvenido I Lugo-Marchant

3

*Pro se, in forma pauperis*

### CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, July 18, 2006, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.

4