UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo-Marchant        Civil Action No. 05 11317 NMG
    Plaintiff,
    v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
    Defendants

### FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT-Linley Bigniew

Plaintiff, Bienvenido I. Lugo-Marchant, hereby propounds the following interrogatories to Defendant, Linley Bigniew, to be answered fully, separately, in writing and under oath.

### INSTRUCTIONS

In answering these interrogatories, Defendant-Linley Bigniew should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by their legal representatives and counsel.

### DEFINITIONS

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** by the defendants, their legal representatives and counsel. CDL [A and/or B] should mean Commercial Driving License as defined by the Commonwealth of Massachusetts.

### INTERROGATORIES

1. With respect to the person answering these Interrogatories, please state:
    a. Name
    b. Address(es)
    c. Residence telephone numbers
    d. Job title and responsibilities
    e. Name of superiors
    f. Date when started employment with the defendant
    g. Salary

2. State what preliminary training, contact, driving practicing, road test sponsoring, coaching or orientation did you have with the plaintiff before the plaintiff obtained his CDL B permit with the Commonwealth of Massachusetts

3. State what preliminary training, contact, driving practicing, road test sponsoring, coaching or orientation did you have with the plaintiff after the plaintiff obtained his CDL B permit with the Commonwealth of Massachusetts

4. State if you held a CDL training for employees of the defendant and if so, further state:

      a. For what purpose was it held
      b. How many white employees took the preliminary training, orientation or coaching
      c. How many non-white employees took the preliminary training, orientation or coaching
      d. Was there any assistance from you to the plaintiff regarding the obtaining of a CDL driving permit
      e. How many times did you actively practice with the plaintiff
      f. How many minutes did you spend practicing with the plaintiff

5. Was the plaintiff ever given a written or oral notice, before his being denied work, that his performance was unacceptable and if so, state:
      a. The date of said notice
      b. Specifically, what was said to the plaintiff and by whom.

6. During the time when the plaintiff worked for the defendant as a driver, please set forth the following:
      a. The territory covered by the plaintiff and any changes which may have taken place
      b. The mileage that the plaintiff would have to cover
      c. The weight load, securing bars, truck conditions, vehicle number
      d. The pertinent documents regarding insurance, registration, license plate
      e. The number of passengers allowed in the truck while being used by any employee
      f. Number of keys for each truck
      g. Hygienic condition of the trucks
      h. Total of trucks available for regular use
      i. Type of trucks

7. Please state, if the defendant and plaintiff signed or otherwise entered an agreement regarding a temporary trial period as a precondition to continue working as a driver

8. Please state whether or not you advised the plaintiff as to safe driving techniques, accident prevention, safe braking, defensive driving, trouble shooting, upgrading his CDL classification and the amount of time spent in reviewing such techniques

9. Regarding the road test sponsoring please state the following:
      a. The dates when you actively sponsored the plaintiff
      b. The dates when you could not sponsor the plaintiff
      c. What preliminary contact did you have with the plaintiff
      d. Where were you working when you could not sponsor the plaintiff
      e. The reason for not being available for sponsoring

10. If you contend that you in no way whatsoever contributed to the plaintiff failing on numerous times the road test, state:
      a. What do you believe was the reason for such numerous failures
      b. Upon what facts do you base your contention(s)
      c. If the plaintiff was included in the CDL trainings held on 2003

11. Name all persons, not heretofore mentioned, having personal knowledge of facts material to this case and provide their addresses

12. Based upon your entire experience in dealing with trucks and their records state:
      a. What documents have you lost while working for the defendant
      b. How many phone calls have you received about problems with the trucks

    c. How do you communicate with the regular employees

13. State your knowledge regarding maps, geography, culture, road condition.

14. State whether drivers of the defendant use a hands-free attachment when using a cell phone while driving and if so detail:
    a. The primary reason for such practice
    b. If the plaintiff was given one such attachment

15. State if you at any time denied the plaintiff the use of any regular van for delivering goods and if so state:
    a. The primary reasons for such denial
    b. The license required to drive such van
    c. The license issued to the plaintiff
    d. The condition of the van prior and after the plaintiff used it
    e. Where are the vans kept after being used by regular employees

Respectfully submitted, Bienvenido I. Lugo-Marchant

*Pro se, in forma pauperis*

### CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, July 18, 2006, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.