**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

**Bienvenido I. Lugo-Marchant**
Plaintiff,

**v.**

**Peter Tsickritzis, Kevin Kingston,**
**and United Liquors Limited et al.,**
Defendant

**Civil Action No. 05 11317 NMG**

2006 JUL 24 P 3: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

### FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT-Mark McGill

Plaintiff, Bienvenido I Lugo-Marchant, hereby propounds the following interrogatories to Defendant-Mark McGill, to be answered fully, separately, in writing and under oath.

### INSTRUCTIONS

In answering these interrogatories, Defendant-Mark McGill, should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by the defendants, their legal representatives and counsel.

### DEFINITIONS

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** by the defendants, their legal representatives and counsel.

### INTERROGATORIES

1. With respect to the person answering this Interrogatories please state:
   a. Name
   b. Address(es)
   c. Residence telephone numbers
   d. Job title
   e. Name of superiors
   f. Date when started employment with the defendant
   g. Salary
   h. Marital status [name of spouse]

2. State the names of all supervisors who supervised the plaintiff during the period of time he worked for the defendant and the dates of each individual period of supervision.

3. Was the plaintiff given any warning before being denied work, and if so, state for each warning:
   a. Its date

      b. The person who administered the warning

      c. The complete nature of the warning. Please attach, if you will do so without a formal motion for production, a copy of any such warnings.

4. Was the plaintiff ever formally or informally evaluated while employed by the defendant, and if so:

      a. The date(s) of the evaluation(s)

      b. The name(s) of the person(s) who evaluated the plaintiff

      c. The reason(s) for each evaluation(s)

      d. Whether each evaluation(s) was communicated to the plaintiff, and if so, the date of such evaluation

      e. The name(s) of each person(s) who considered, approved, reviewed, or acted upon the evaluation(s) in any respect(s) and the details of the action(s) taken.

5. Identify and describe in detail all conversations and communications between the plaintiff and the defendant relating to the qualifications for employment with the defendant, or the terms and conditions of such employment including, but not limited to, duties, responsibilities, salary, benefits, bonuses, hours of employment, and length and term of employment.

6. Describe in detail any and all income earned by you from January 1st, 1989 to the present, personal estate, real estate, the amount of income, any additional source of income. Please attach, if you will do so without a formal motion for production, a copy of all tax statements for the last 7 years.

7. If the defendant contends that any customer complained regarding the plaintiff, state:

      a. The name and address of each customer who complained

      b. The date on which each complaint was received

      c. The complete nature of the complaint

      d. The name (s) of the individual (s) who received such complaints

      e. If the contention is truthful and accurate

8. Identify completely any verbal or written reprimands given to plaintiff during the course of employment with defendant, giving the nature of each such reprimand, its date, and the name of the official giving the reprimand.

9. State the names, addresses, and title of all persons who interviewed the plaintiff on behalf of the defendant regarding any promotion(s).

10. State the policies of the defendant regarding Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or during any other time of religious observance.

11. State the number of persons who:

      a. Are presently employed by the defendant

      b. Have at any time since 1999 applied for a position with the defendant

      c. Have claimed discrimination of any sort while working for the defendant

12. For each day from January 2003 to the present, state whether the plaintiff performed any overtime work during his period of employment and if so, state:
    a. The date(s)
    b. The nature of the work performed
    c. The number of hours in excess of 8 hours in any 24 hours period
    d. The reason for the overtime work
    e. Any dates for which he received overtime compensation
    f. Any dates for which he did not receive overtime compensation

13. State whether the plaintiff's rate of pay changed during the period of his employment; if so, for each period of change state:
    a. The date of the change
    b. The amount of any increase or decrease in rate of pay
    c. The reason for the change

14. State all facts which support your contention, if any, that the plaintiff was an exempt employee not entitled to overtime payments or exempt from the overtime requirements of the Fair Labor Standards Act.

15. Identify all persons who are, or have been, first or second level supervisors of the plaintiff at anytime, and state:
    a. Name
    b. Race
    c. The content of their evaluation regarding the plaintiff.

Respectfully submitted, Bienvenido I. Lugo-Marchant

*Pro se, in forma pauperis*

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, July 21, 2006, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.