FILED
IN CLERKS OFFICE
2006 JUL 24 P 3: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Bienvenido I. Lugo-Marchant**
Plaintiff,
**v.**

**Peter Tsickritzis, Kevin Kingston, and United Liquors Limited et al.,**
Defendants

**Civil Action No. 05 11317 NMG**

---

**FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT- Sarah Corbett [Sara Corbett]**

Plaintiff, Bienvenido I. Lugo-Marchant, hereby propounds the following interrogatories to Defendant, Sarah Corbett [Sara Corbett], to be answered fully, separately, in writing and under oath.

**INSTRUCTIONS**

In answering these interrogatories, Defendant-Sarah Corbett [Sara Corbett], should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by their legal representatives and counsel.

**DEFINITIONS**

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him to answer a **First Set of Interrogatories** by the defendants, their legal representatives and counsel.

**INTERROGATORIES**

1. With respect to the person answering these Interrogatories, please state:
    a. Name
    b. Address (es)
    c. Residence telephone numbers
    d. Job title
    e. Name of superiors
    f. Date when started employment with the defendant
    g. Salary
    h. Marital status [name of spouse].

2. Beginning 1999, state separately for each department of each facility or job category (ies) and for each shift thereof:
    a. The number of white employees
    b. The number of non-white employees

3. State in detail, the evaluation (s) made by the plaintiff's supervisors or any other officers or agents of the defendant with respect to the job performance of the plaintiff when he was working for the defendant. Please attach, if you will do so, without a formal motion for production, a copy of all evaluations of the defendant.

4. State if the defendant gave the plaintiff desirable work and if the plaintiff was subject to rehire by the defendant.

5. State if the plaintiff was informed by the defendant if the plaintiff would be rehired should he so request and if so, who would inform the plaintiff.

6. Indicate the dates when the plaintiff asked the defendant for work as a regular driver and later as a salesman.

7. State whether the defendant retained, rehired or promoted the plaintiff after June 2003.

8. State the names, addresses, and positions with the defendant of all persons who interviewed the plaintiff at any time for employment.

9. State the policies of the defendant with respect to Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or any other particular time.

10. State the number of employees given light duty work as accommodation, and those who received it while applying for workers compensation.

11. State the name, last known address and present position of each person referred to in the previous interrogatory.

12. State in detail, all hardship that will inure to the defendant if the defendant were to accommodate the religious belief and practices of the plaintiff. Further state, if the defendant has ever hired a person with religious beliefs conflicting with the expectations of the defendant regarding scheduling

13. Regarding the last interrogatory what problems, if any, have resulted from such an employee.

14. State whether or not the defendant would now hire the plaintiff. Further state, if the plaintiff were hired, would he be required to work on Saturday or any other days of religious significance.

15. State by name, each worker (s) who after asking for a leave for social activities were not terminated. Further state:
    a. If the petition was granted
    b. If the workers were demoted, harassed, or otherwise subjected to discrimination.
    c. If a social activity leave has more value for the defendant than one such covered by federal laws and statutes
    d. If the petitioner (s) were white workers

16. State if you ever met with any former employee allegedly terminated for drinking while working against company's policy. Further state:

a. His name, race
b. Nature of the conversation
c. What was given to him after talking

17. State the names of the persons helping you answer this letter and their relationship to the defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, July 18, 2006, this document was served upon the defendant's counsel JACKSON LEWIS, by first class mail, postage paid.

Respectfully submitted, Bienvenido I. Lugo-Marchant

*Pro se, in forma pauperis*