UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo-Marchant
   Plaintiff,
   v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
   Defendant

Civil Action No. 05 11317 NMG

### NOTICE TO THE COURT REGARDING THE PLAINTIFF FOLLOWING A COURT ORDER ON APPEARING AT JACKSON LEWIS ON OCT' 06-06 FOR A DEPOSITION AND THE INNAPROPRIATE BEHAVIOUR AND DISRUPTIVE COMMENTS OF DEFENDANT-PETER TSICKRITZIS

Plaintiff, Bienvenido I. Lugo-Marchant, discloses the following facts:

1. The Plaintiff respects and supports the US Constitution, US Supreme Court and every US Court.
2. The Plaintiff appeared on good faith at Jackson Lewis on or about 10:30AM [according Joan Ackerstein Esq.] because of time constraints with the MBTA train. Plaintiff offered her the MBTA ticket to complement his explanation.
3. Ms. Ackerstein Esq. instructed the Plaintiff to answer her questions in order to proceed with the Deposition Order.
4. The Plaintiff answered the questions to the best of his recollection and sometimes asked her to repeat or explain some questions that were not clear.
5. Ms. Ackerstein Esq. offered the Plaintiff periodical breaks and after they being exhausted returned to her questions. The Plaintiff believes some answers and questions might be reviewed, as he is not satisfied with them in the context of the Defendant disrupting with personal comments.
6. During the Deposition, Mr. Tsickritzis took on himself making inappropriate comments showing lack of judgement and restraint. The Plaintiff ignored him but that did not make a significant change in the attitude of Mr. Tsickritzis and his not coming back to his senses. Mr. Tsickritzis should have taken advantage of his exceptional counselor(s) to ventilate his comments, disagreement [though not being honest] and show respect to the Plaintiff.
7. The Plaintiff considers the Deposition as serious as appearing at the USDC and did his best to answer in good faith the seldom-confusive questions that seemed repetitive and unreasonably calculated in their scope.

8. Ms. Ackerstein, Esq., Ms. Stepler, Esq., Ms. Mansfield VP at ULL, and the Court Reporter were dressed in a very professional manner; Mr. Tsickritzis, the Defendant, wore a long sleeve shirt without completely securing the sleeves or neck as the manufacturer provides it. *Am. Jur. 2d, Contempt 71.* The Plaintiff dressed in a professional manner as he respects the USDC and the Deposition as an extension of it. The plaintiff is appearing *in forma pauperis* because of being indigent and unemployed.

9. The Plaintiff left the offices of Jackson Lewis on or about 4:30PM after cooperating more or less 6 hours.

10. The Plaintiff would not necessarily oppose appearing again for a Deposition at the same place with Mr. Tsickritzis and the others. *29 A.L.R. 5th 702.*

It is urgent, with the intention of expediting Justice, to remind Mr. Tsickritzis, a Defendant, that more judgement will be expected from him. Furthermore, conduct that tends to impede, embarrass, or obstruct the Court Order in the administration of Justice, or that tends to bring the administration of the Law into disrespect or disregard will not be tolerated anymore nor his misbehavior or disobedience to basic etiquette norms while in a Deposition ordered by the USDC. 18 USCA s. 401. Insults beyond affront and obstructing the proceeding or threatening the dispassionate administration of Justice are not necessary. By Mr. Tsickritzis making unnecessary and offensive comments (audible to the Plaintiff), he indeed obstructed the Deposition and created a delay as attorney Ackerstein will have to continue in another date. *Gordon v. U.S.*, 592 F2d 1215 (1st Cir. 1979). Said unruly conduct against the majesty of the law and authority and dignity of the Order was not asked for. Fed. R. Crim. P. 42(b). The Plaintiff did not reward the Defendant with anything for his disservice nor will.

The Plaintiff believed that by ignoring the Defendant [occasionally reading a magazine to avoid the Defendant], he would cease but in more than three (3) occasions the Defendant did not restrain himself while bringing shame to the proceedings. The Plaintiff believes attorney Ackerstein did not see any of that behavior as she was intently doing her job and concentrated on the Plaintiff, sometimes helping him putting the answers together. Some of Mr. Tsickritzs's tirades occurred while she bent to her right side collecting some exhibits that were behind her chair on the floor. Ms. Mansfield sat in the first chair to her left observing the Deposition and the Plaintiff intently with no negative conduct while taking some notes. Mr. Tsickritzis was seated on the second chair to her left and cunningly leaned back to do his acts while his representative demanded questions. Ms. Ackerstein, Esq. was very professional, hospitable, ethical and polite while the Plaintiff was at her office. In the morning, she left undisputedly clear she was in control while demanding answers. In previous letters, the Plaintiff asked her for what he thought would be "a neutral ground or common ground" but accepted to voluntarily appear at her office as the USDC instructed him that that was

the usual way of doing things. The Plaintiff believes attorney Ackerstein can rightly say that she did not see any of those actions as she was seated looking forward. The Plaintiff never had an obstreperous conduct, profane language, foul or offensive language to anyone.

In these times of radical and despicable acts while claiming "to be religiously justified or godly" no one should be making inflammatory comments such as **"ha-ha, I didn't know Jehovah's Witnesses can lie..."**, putting his lips as if ready to say a common swear [or was is more like spitting?], or trying to intimidate a party. A well-known actor, DUI, made some anti-Semitic comments while the leader of a well-respected religion made other comments of a different faith creating uproar. They apologized and one of them even sought professional help for a common suffering.

The Defendant, though experienced, should have known that his conduct was not becoming, nor welcomed. It appears it was with the specific intent to consciously disregard an Order of the USDC rather than disrespect the Plaintiff. If he is given time to apologize for or try to justify his lack of control [though there is a greater need to terminate the Defendant's defiance as required by the public interest] it should not be extensive. *Doral Produce Corp. v. Paul Steinberg Assoc. Inc.*, 347 F. 3rd 36 (2d. Cir. 2003).

In its discretion, the USDC, should not give Mr. Tsickritzis any right to be heard as he was represented by an exceptional counselor [at other times, there was another exceptional counselor as well]. *U.S v. Ruggiero*, 835 F. 2d 443 (2d Cir. 1987). There is a need to immediately vindicate the dignity of the USDC and not the vindictive tendency of others who do not respect the USDC as much as the Plaintiff, though not being trained as a lawyer. *U.S. v. Brannon*, 546 F. 2d 1242 (5th Cir. 1977).

Respectfully submitted, Bienvenido I. Lugo-Marchant
Pro se, in forma pauperis

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid on Oct 11-06