UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 OCT 16  P 3:43

**Bienvenido I. Lugo-Marchant**
  Plaintiff,
  v.

**Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,**
  Defendant

Civil Action No. 05 11317 NMG

U.S. DISTRICT COURT
DISTRICT OF MASS

### FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT-Peter Tsickritzis

Plaintiff, Bienvenido I Lugo-Marchant, hereby propounds the following interrogatories to Defendant-Peter Tsickritzis, to be answered fully, separately, in writing and under oath.

### INSTRUCTIONS

In answering these interrogatories, Defendant-Peter Tsickritzis, should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by the defendants, their legal representatives and counsel.

### DEFINITIONS

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** by the defendants, their legal representatives and counsel.

### INTERROGATORIES

1. With respect to the person answering this Interrogatories please state:
   a. Name
   b. Address(es)
   c. Residence telephone numbers
   d. Job title
   e. Name of superiors
   f. Date when started employment with the defendant
   g. Salary
   h. Marital status [name of spouse]
   i. Email accounts

2. Was the plaintiff given any warning before being denied work, and if so, state for each warning:
   a. Its date
   b. The person who administered the warning
   c. The complete nature of the warning. Please attach, if you will do so without a formal motion for production, a copy of any such warnings.

3. Was the plaintiff ever formally or informally evaluated while employed by the defendant, and if so:
   a. The date(s) of the evaluation(s)
   b. The name(s) of the person(s) who evaluated the plaintiff
   c. The reason(s) for each evaluation(s)
   d. Whether each evaluation(s) was communicated to the plaintiff, and if so, the date of such evaluation
   e. The name(s) of each person(s) who considered, approved, reviewed, or acted upon the evaluation(s) in any respect(s) and the details of the action(s) taken.

4. Identify and describe in detail all conversations and communications between the plaintiff and the defendant relating to the qualifications for employment with the defendant, or the terms and conditions of such employment including, but not limited to, duties, responsibilities, salary, benefits, bonuses, hours of employment, and length and term of employment.

5. Describe in detail any and all income earned by you from January 1st, 1989 to the present, personal estate, real estate, the amount of income, any additional source of income. Please attach, if you will do so without a formal motion for production, a copy of all tax statements for the last 7 years.

6. If the defendant contends that any customer complained regarding the plaintiff, state:
   a. The name and address of each customer who complained
   b. The date on which each complaint was received
   c. The complete nature of the complaint
   d. The name (s) of the individual (s) who received such complaints
   e. If the contention is truthful and accurate

7. Identify completely any verbal or written reprimands given to plaintiff during the course of employment with defendant, giving the nature of each such reprimand, its date, and the name of the official giving the reprimand.

8. State the names, addresses, and title of all persons who interviewed the plaintiff on behalf of the defendant regarding any promotion(s).

9. State the policies of the defendant regarding Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or during any other time of religious observance.

10. State the number of persons who:
    a. Are presently employed by the defendant
    b. Have at any time since 1999 applied for a position with the defendant
    c. Have claimed discrimination of any sort while working for the defendant

11. For each day from January 2003 to the present, state whether the plaintiff performed any overtime work during his period of employment and if so, state:
    a. The date(s)
    b. The nature of the work performed
    c. The number of hours in excess of 8 hours in any 24 hours period
    d. The reason for the overtime work

  e. Any dates for which he received overtime compensation
  f. Any dates for which he did not receive overtime compensation

12. State whether the plaintiff's rate of pay changed during the period of his employment; if so, for each period of change state:
    a. The date of the change
    b. The amount of any increase or decrease in rate of pay
    c. The reason for the change

13. State all facts which support your contention, if any, that the plaintiff was an exempt employee not entitled to overtime payments or exempt from the overtime requirements of the Fair Labor Standards Act.

14. Identify all persons who are, or have been, first or second level supervisors of the plaintiff at anytime, and state:
    a. Name
    b. Race
    c. The content of their evaluation regarding the plaintiff.

15. State in detail, the evaluation (s) made by the plaintiff's supervisors or any other officers or agents of the defendant with respect to the job performance of the plaintiff when he was working for the defendant. Please attach, if you will do so, without a formal motion for production, a copy of all evaluations of the defendant.

16. State if the defendant gave the plaintiff desirable work and if the plaintiff was subject to rehire by the defendant.

17. State if the plaintiff was informed by the defendant if the plaintiff would be rehired should he so request and if so, who would inform the plaintiff.

18. Indicate the dates when the plaintiff asked the defendant for work as a regular driver and later as a salesman.

19. State whether the defendant retained, rehired or promoted the plaintiff after June 2003.

20. State the policies of the defendant with respect to Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or any other particular time.

21. State in detail, all hardship that will inure to the defendant if the defendant were to accommodate the religious belief and practices of the plaintiff. Further state, if the defendant has ever hired a person with religious beliefs conflicting with the expectations of the defendant regarding scheduling

22. State whether or not the defendant would now hire the plaintiff. Further state, if the plaintiff were hired, would he be required to work on Saturday or any other days of religious significance.

23. State by name, each worker (s) who after asking for a leave for social activities were not terminated. Further state: