UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



**Bienvenido I. Lugo-Marchant**
    Plaintiff,
    v.

**Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.**,
    Defendants

Civil Action No. 05 11317 NMG

## PLAINTIFF'S MOTION IN LIMINE

The Plaintiff supports the US Constitution and US Courthouses. This action arises from the Plaintiff having worked for the Defendants and being denied a promotion, demoted, harassed, denied training, denied overtime wages, paid less than stipulated, denied medical coverage, slandered-libeled, denied ADA protections, denied light-work accommodation, retaliation for asking his supervisors the reasons for discrimination, and for having initiated a complaint with the Massachusetts Commission Against Discrimination ["MCAD"] and the Equal Employment Opportunities Commission ["EEOC"]. The Plaintiff believes these actions were mere unlawful pretexts not accepted by any US laws or regulations.

### REASONING ON duces tecum ON MEDICAL RECORDS AND OTHER RECORDS

In the Defendants subpoenaing *duces tecum* Mr. Lugo's medical records, the Defendants interfere with medical care Mr. Lugo seeks to continue as he occasionally feels some physical discomfort after a work related accident. These doctors have diligently seen or treated Mr. Lugo and he appreciates their professional assistance very much. It seems, as if the Defendants only seek to interfere with medical treatment Mr. Lugo might continue in order to improve some occasional pain. Nevertheless, Mr. Lugo would like to limit the exposition and discussion of medical records to, only, the Defendants accepting having cancelled his medical coverage as retaliation for complaining at the MCAD. Creating duplicative material would only delay the expedition of Justice and cause unnecessary delays.

Many times, Mr. Lugo was exposed to obscure comments, salacious details, and cases where the Defendants were involved. Without waving his rights, Mr. Lugo would like to concentrate on this civil action and not those of others. Under equal protections of the law, the Defendants deviating to things not related to this civil action would only allow Mr. Lugo to then, against his will, discuss obscure acts and facts of the Defendants that not necessarily relate to this civil action but might affect other actions against them. Discovery devices should not be used so as to cause undue annoyance, embarrassment, or oppression. Turner,161 F.R.D. at 91 citing Schlagenhauf.

Mr. Lugo would like to extend this reasoning to the *duces tecum* subpoenas on the Massachusetts Rehabilitation Commission ["MRC"] and the Harbor One Credit Union. Specifically, the Plaintiff would like to "under equal protections of the law" limit the information and services provided by the MRC to state if the Plaintiff is a client of the MRC, and his disability. In a previous Interrogatory, the Defendant- Kingston and Tsickritzis refused to provide substantive answers affirming that the interrogatories do not seem consistent with the Rules and others as personal. U.S. v. Layton, 767 F.2d 549, 18 Fed.R. Evid. Serv. 1322 (9th Cir. 1985) The services provided by the MRC do not seem an issue on this civil action and deviating to them would create delays on the administering of Justice and duplicative work. Gill v Thomas, 83 F. 3d 537, 44 Fed. R. Evid. Serv. 1061 (1st Cir. 1996). As persuasive authority, Mr Kingston, a Defendant in this action, objected to answer many questions while providing a vague answer where he kept to himself what he considers "personal". Thweatt v. Ontko, 814 F. 2d 1466, Fed. R. Evid. Serv. 1319 (10th Cir. 1987)

Massachusetts' laws provide the patient with a privilege, set forth in MGL c.233, s.20B to refuse to disclose his medical record. Furthermore, the patient does not remember having introduced vocabulary that reflects his mental or emotional condition as an element of the claim. The Supreme Judicial Court established a procedural framework to determine if the medical record is relevant in Commonwealth v. Bishop, 416 Mass. 169, 174-184, 617 N.E. 2d 993-999 (1993). Upon a proper showing, the court will conduct an *in camera* review to determine if there is relevant material, and the conditions of disclosure. In Kippenhan v. Chaulk Services, Inc., 2 Mass. L. Reporter No. 7, 121, the court ordered that the records be reviewed by the court to determine relevance and in accordance with Bishop, the irrelevant portion be sealed.

There is no "psychic injury or psychiatric disorder (such as a terminal suffering requiring medicines or hospitalization) resulting from the discrimination". Sabre v. United Brotherhood of Carpenters & Joiners of America, Local No. 33, 126 F.R.D. 422, 426 (D. Mass. 1989). By not bringing up the theme of mental health as an issue, the Plaintiff can invoke his privilege and in accordance with Sabre not need "testimony of a psychotherapist to establish emotional distress damages in an employment discrimination suit". Schlagenhauf v. Holder, 379 U.S. 104 (1964); Cody v. Marriot Corporation, 103 F.R.D 421 (D. Mass. 1984); Robinson v. Jacksonville Shipyard, Inc. 118 F.R.D. 525 (M. D. Fla. 1988)

"Sweeping examinations of a party who has not affirmatively put into issue [his] mental condition are not to be ordered merely because the person has made a claim of emotional distress" Cody 103 F.R.D. at 422. The Plaintiff does not need to create a controversy of his mental health while the Defendant-Tsickritzis, apparently seasoned and experienced in this, is not

able to behave according to basic etiquette rules in a Deposition. Robinson, 118 F.R.D. at 528. By requesting said medical record then it would be necessary to "routinely order mental examination whenever a claim of damages for emotional distress was presented". 103 F.R.D. at 422. The Plaintiff believes that suffering that arises on the normal course of events when a person suffers indignities, humiliation and deprivation of rights does not require petitioning such medical record. Turner v. Imperial Stores, 161 F.R.D. 89, 92 (S.C. Cal. 1995)

The Plaintiff has not placed his mental health condition in controversy as defined on the Rule 35 while seeking damages and other remedies for "humiliation, [...], and distress" caused by the Defendants' unlawful and titanic discrimination. 63 A.LR. 3d 311

Even if a Plaintiff mentions his mental condition, distress, humiliation, and deprivation of rights, that does not create a controversy regarding his mental health. Robinson, 118 F.R.D. at 528. Although discovery rules allow some flexibility, the Defendants did not show a "good cause" for asking for so many documents while they hide and submit only a few pages of what they want. Eckman v. University of Rhode Island, 160 F.R.D. 431 (D.R.I. 1995); Sacramona v. Bridgestone Firestone, Inc. 152 F.R.D. 428, 431 (d. Mass. 1993); Schlagenhauf, U.S. at 118. The Plaintiff believes the Defendants sent information that can be found in a business card. Discovery devices should not be used so as to cause undue annoyance, embarrassment, or oppression. Turner, 161 F.R.D. at 91 citing Schlagenhauf.

### THE DEFENDANTS KNEW WHAT THEY WERE DOING

The Defendants took from the Plaintiff something of consequence from the employee with the demotion; reduction of salary, divesting of responsibility, and witholding from the Plaintiff an accoutrement of the employee relationship. Blackie v. Maine, 75 F. 3d 716 (1st Cir. 1996) On numerous times, the Defendants also denied to pay the Plaintiff the overtime rate for having voiced his concerns to his supervisors. On other occasions, there was more harassing and conduct that seemed to create a hostile environment. O'Rourke v. City of Providence, 235 F. 3d 713 (1st Cir. 2001)

The Plaintiff thought that by not writing to Mr. Tsickritzis superiors', who some commented as a source of distress for him, that would change their mentality and eventually grant the Plaintiff a promotion. That did not persuade them. On another instance, the Plaintiff was commented about his native language as a condition to work in maintenance and not as a sales person. Then, the Plaintiff was asked to return his job application once Mr. Tsickritzis loudly commented about his MCAD's claim. Brissette v. Franklin County Sheriffs'Ofiice, 235 F. Supp. 2d 63, FEP Cases 1295 (Jan. 6 2003); Orell v.UMass Memorial Medical Center, Inc. 203 F. Supp. 2d 52, 88 FEP Cases 1248 (April 29, 2002).

The frequency of the shortchanging on the Plaintiff wages was not an issue before opposing discrimination. The Plaintiff believes that, if there were shortchangings on wages before opposing illegal discrimination, it was accidental or temperamental. The Plaintiff intends to offer his pay stubs, from 1999-2003 as evidence of how frequently the Defendants denied him his rights and wages after opposing illegal acts. Mitchell v. Dept. of Corrections, et al, 2002 WL3192860 (D. Mass.) (Dec 19, 2002). By the Defendant creating a hostile work environment, through a prolonged period of time, they are liable for their acts even if they claim they occurred outside the statutory time period under the continuing time philosophy. National Railroad Passenger Corporation v. Morgan, 122 S. Ct. 2061 (June 10, 2002).

### REASONING ON duces tecum TO EDUCATIONAL INSTITUTIONS

On the Defendants' requesting numerous educational records, not related to the issues of the claim, they are creating a distraction and not following their alleged interest to "narrow issues". Allowing sweeping inquiries with the intention of wasting time should not be accepted. When the Defendants hire new employees their educational background is not a significant issue, nor was it when hiring the Plaintiff. Lately, it has become important to "speak, read, write and understand English" as a coincidence with the post-September 11th collective laboral paranoia that is highlighted at the Massachusetts Commission Against Discrimination's ("MCAD") lobby, among many agencies.

**WHEREFORE**, the Plaintiff respectfully prays the **Honorable US Court** agrees with this **Plaintiff Motion in Limine** ordering the Defendants to:

1. limit their interest on medical records to the work related injury as defined by the EEOC and the ADA
2. relate the Plaintiff's educational record to their "English-policy" and National Origin Accent discrimination
3. establish the disability of the Plaintiff

Respectfully submitted,

Bienvenido I Lugo-Marchant
*Pro se, in forma pauperis*

### CERTIFICATE OF SERVICE

I hereby certify that on Jan, 8 2007, this document was served upon the Defendant's counsel, **JACKSON LEWIS**, by first class mail, postage paid.