UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



Bienvenido I. Lugo-Marchant
    Plaintiff,
v.

Peter Tsickritzis, Kevin Kingston,
and United Liquors Limited et al.,
    Defendants

Civil Action No. 05 11317 NMG

## PLAINTIFF'S MOTION TO ALLOW duces tecum ON PUBLIC RECORDS AND OTHERS RECORDS NOT RELEASED BY THE DEFENDANTS

The Plaintiff supports the US Constitution and US Courthouses. This action arises from the Plaintiff having worked for the Defendants and being denied a promotion, demoted, harassed, denied training, denied overtime wages, paid less than stipulated, denied medical coverage, slandered-libeled, denied ADA protections, denied light-work accommodation, retaliation for asking his supervisors the reasons for discrimination, and for having initiated a complaint with the Massachusetts Commission Against Discrimination ["MCAD"] and the Equal Employment Opportunities Commission ["EEOC"]. The Plaintiff believes these actions were mere unlawful pretexts not accepted by any US laws or regulations.

## PLAINTIFF WAS GIVEN MINIMAL INFORMATION ON DEFENDANTS

The Plaintiff believes this Motion is not a delay in Justice nor the documents requested to be beyond the scope of the appropriate discovery. Time after time, the Plaintiff sought more documents from the Defendants with no success. On the Defendants denying the Plaintiff useful and discoverable information, they were denying the Plaintiff the "equal protections of the law" while at a Court appearance they claimed and successfully convinced the Honorable US District Court that they wanted discoverable information. The Defendants notarized information that can be found in a common business card as their answer to the propounded interrogatories from the Plaintiff while giving

vague answers and nothing of substance. Unsuccessfully, the Plaintiff has tried on numerous occasions to meet with the Defendants' counsel.

At the beginning of this action, opposing counsel asked for extra time to do some research and warned that, if not successful, they could ask the Honorable Court for that. The Plaintiff assented with them in providing them extra time and intended to offer them even more time. On two marathonic depositions, from morning to almost nighttime, the Plaintiff was courteous with opposing counsel and put up with some recurrent tirades of a Defendant in order to follow the Court order and respect the process.

The Plaintiff does not believe his petition is spurious in that he was never given the information he propounded in some interrogatories and that he is not seeking to obtain excessive records. The Defendants have a long record of lawsuits that the Plaintiff, without waiving his rights, is not interested in reviewing. Recently, the Plaintiff learned of civil actions on the Plymouth County (PLCV 1995-0623; 1995-1868; 1986-23412; 1989-0548; 1990-0249; 1991-0721; 1991-2090; 1992-0233; 1992-1950; 1995-0310; 2001-0171), Norfolk County (NOCV 1990-01336; 1996-02531; 1987-01763; 2003-00590; 2004-00626; 1996-02396), Suffolk County (SUCV 1980-42940; 1982-53446; 1992-07085; 1982-58378; 1986-86790; 1984-68568; 1987-04076; 1987-00626; 1988-02898; 1981-46510; 1987-00806; 1984-72427; 2000-02399; 1991-02286; 1993-00144; 2005-02291; 2000-03732; 1998-02882; 1994-04278; 1996-03922), and Middlesex County (MICV1995-02799; 1981-04190; 2005-03865; 1995-02025; 2003-05077; 1995-03119).

### REASONING ON MOTION'S VALUE AND RELEVANCE

The Plaintiff seeks to have information the Defendants well knew from their long history of litigating but refuse to provide when asked in interrogatories. It was a common practice to comment what actions the company faced and how successful the company was. Some workers even knew what law firm would represent the company in a determined case and which would be more suitable in another venue. When an employee applies for a job, he is subjected to a

background check to determine many things about his/her character while the Defendants deny records that denote their corporate character.

Furthermore, the Honorable Court ordered them to provide more documents but they obtusely refuse to comply with said order even to this day. The Plaintiff thinks the Defendants still have records pertaining his work experience that is not yet provided in order to stonewall the Plaintiff and do some damage control.

**WHEREFORE,** the Plaintiff respectfully prays this **Honorable US Court** agrees with this **PLAINTIFF'S MOTION TO ALLOW duces tecum ON PUBLIC RECORDS AND OTHERS RECORDS NOT RELEASED BY THE DEFENDANTS**. The Plaintiff would like this **Honorable US Court** ordering the Defendants to:

1. allow access to these public records and records pertaining the Defendants richness
2. to answer in detail what other lawsuits, administrative complaints or complaints they currently face or faced
3. order the persons and entities to which the *duces tecum* were sent to answer them accordingly.

Respectfully submitted,

Bienvenido I Lugo-Marchant
*Pro se, in forma pauperis*

### CERTIFICATE OF SERVICE

I hereby certify that on Jan 12, 2007, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.