UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

Defendants, Peter Tsickritzis, Kevin Kingston and United Liquors Ltd., moved for a protective order pursuant to Fed. R. Civ. P. 26(c), which precludes Plaintiff from: (1) seeking documents from third parties after the close of discovery; (2) misrepresenting to third parties that they have been served with a subpoena; and (3) engaging in conduct designed to annoy, embarrass and oppress all three defendants and particularly, the individual defendants, Peter Tsickritzis and Kevin Kingston. This memorandum and the Affidavit of Joan Ackerstein are submitted in support of that motion.

### Introduction

This action arises out of Plaintiff's employment with United Liquors Ltd. ("United Liquors") in 2003, where Plaintiff worked on an "as needed" basis in the United Liquors' warehouse. In his Complaint served in September 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Americans With Disabilities Act. In particular, Plaintiff claims that he wanted to attend bible study classes while employed and leave work early to do so and that Defendants did not allow him to do that. Plaintiff also claims that he suffered a workers'

compensation injury and that after a period of leave, he was not given light duty. Defendants answered the Complaint, denying all allegations of liability.[1]

In an effort to proceed expeditiously to defend this action, Defendants served their first discovery requests on January 6, 2006. (Ackerstein Aff., ¶ 2) They were required twice to move to compel discovery responses, with more complete responses to discovery finally being received from Plaintiff in or about July 2006. (Ackerstein Aff., ¶ 2) Given the delay in receiving discovery responses, Defendants also were required three times to move to extend discovery. (Ackerstein Aff., ¶ 3) Following their third motion to extend discovery, the Court entered an order on December 6, 2006, providing that discovery in this matter closed on December 22, 2006. The order also stated that a summary judgment motion was due on January 31, 2007. (Ackerstein Aff., ¶ 3) In fact, Defendants will be filing a motion for summary judgment on the complaint in its entirety and are in the process of preparing that motion.

Despite the Order closing discovery on December 22, 2006, on January 8 and 9, 2007, Plaintiff mailed letters to 19 entities regarding this matter. (Ackerstein Aff., ¶¶ 4 and 5) With each letter, Plaintiff enclosed a document which he represented to be a subpoena *duces tecum* and in which he stated that "the subpoena requires production of complete copies of any and all records related to the persons listed in the Schedule A." The letter states that the "subpoena is not limited as to time or scope." It also directs the recipient of the letter to "forward a copy of all records" to Plaintiff by either January 17 or January 18, 2007, depending on whether the letter was sent by Plaintiff on January 8 or 9. It appears that Plaintiff provided each of the 19 entities with the same Schedule A. That schedule states as follows:

---

[1] This is the second time Defendants have been required to defend this claim. Plaintiff previously filed the religious discrimination portion of his claim at the Massachusetts Commission Against Discrimination. United Liquors prevailed there and it anticipates prevailing in this suit as well.

2

You are hereby required to produce at the time and place indicated on the previous page the following document:

Any and all records referring to **PETER TSICKRITZIS** (a.k.a. **PETER N. TSICKRITZIS** or **PETER N TSICKRITZIS**) of Massachusetts; **KEVIN KINGSTON** (a.k.a. **KEVIN M KINGSTON** or **KEVIN M. KINGSTON**) of Wareham, Massachusetts; or **UNITED LIQUORS LIMITED** (a.k.a. **UNITED LIQUORS LTD.**) of Massachusetts, including but not limited to, complaints, evaluations and administrative hearings. This subpoena is focused on all records, entire files and reports relating to the aforementioned persons that are in your possession, custody, or control. This subpoena is NOT limited as to time and scope.

**COMPLIANCE CAN BE MADE WITHOUT ATTENDANCE BY MAILING FIRST CLASS MAIL A CERTIFIED COPY OF THE RECORDS TO THE ATTENTION OF BIENVENIDO I LUGO MARCHANT 19 GROVE STREET BROCKTON, MA 02301 ON OR BEFORE** Jan 17-2007

Plaintiff also included with the letter a copy of Fed. R. Civ. P. 45 (c) and (d), sections of the rule entitled "Protection of Persons Subject to Subpoenas" and "Duties in Responding to Subpoena," respectively, as required by Rule 45. However, Plaintiff did not provide copies of sections (a) or (b) of Rule 45, entitled "Form; Issuance," and "Service," respectively. (Ackerstein Aff., ¶¶ 4 and 5) While there was no obligation to do so, enclosing those sections would have informed the recipients that the subpoena was not the properly issued form, nor was it served by someone other than a party.

In addition to representing that the recipients were being served with proper subpoenas when they were not, Plaintiff directed these 19 letters to a wide range of entities, most of them having nothing to do with this litigation. The recipients range from newspapers to a local fire department to law firms, a healthcare provider, an insurer, a trucking company, a competitor, and state and federal regulatory agencies. The list of 19 recipients is set forth below:

Patriot Ledger
Fox & Foner LLP

     NETBANK
     OMEGA
     Martignetti
     Horizon Beverages
     Massachusetts Commission Against Discrimination
     Hale & Dorr LLP
     The Enterprise
     Department of Industrial Accidents
     OSHA
     Braintree Fire Department
     Equal Employment Opportunity Commission
     WAUSAU
     HEALTHSOUTH
     US Dept of Labor (Public Affairs)
     Division of Employment and Training
     Labor Relations Commission
     LILY Transportation Corp.

Plaintiff also sought all records "referring" to any of the three defendants, requests which are grossly overbroad.

Because Plaintiff is violating an Order of this Court by engaging in discovery after its close, misrepresenting to third parties that they have been served with proper subpoenas and engaging in conduct which is designed solely to annoy, embarrass and oppress them, Defendants are seeking a protective order.

### A Protective Order Should Enter Precluding Plaintiff From Proceeding With This Discovery

As is stated above, Plaintiff is engaging in grossly inappropriate conduct designed solely to annoy, embarrass and oppress Defendants. He has asked 19 entities to provide complete files which "refer" in any way to any of the three Defendants, including two individuals, misrepresenting to the recipients that they have been served with proper subpoenas. Furthermore, he has undertaken to engage in this conduct despite a court order that discovery closed on December 22, 2006. Plaintiff should not be permitted to engage in this conduct,

4

despite the fact that he is acting *pro se*. In sum, Defendants should be granted the protective order they seek pursuant to Fed. R. Civ. P. 26(c). As stated in that Rule:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including one or more of the following: (1) that the disclosure or discovery not be had…

Here, a protective order should issue because Plaintiff's actions are causing Defendants both "undue burden or expense" and "annoyance, embarrassment and oppression."

First, as to the "undue burden and expense," Defendants have been required to send letters to 19 entities, advising them that they would be objecting to Plaintiff's effort to obtain discovery. (Ackerstein Aff., ¶ 6) Defendants also have been required to file this motion with the Court, seeking an order directing Plaintiff not to proceed with this discovery. Further, Defendants' counsel already has had telephone calls from five recipients, at least one of whom was inquiring as to the reason records were being sought. (Ackerstein Aff., ¶¶ 8 and 9)

Second, and more significantly, Plaintiff's letters to 19 entities clearly are designed to "annoy, embarrass and oppress" Defendants. These recipients have absolutely nothing to do with this action, other than Hale & Dorr, which represented United Liquors in the MCAD action,[2] and the MCAD, where Plaintiff's charge was filed. Despite that, Plaintiff is seeking from these 19 recipients any and all documents which "refer" in any way to United Liquors, Peter Tsickritzis or Kevin Kingston. That is the ***only*** restriction.

---

[2] As a result, Plaintiff is seeking many documents which are privileged.

5

That Plaintiff is seeking to embarrass and oppress the individual defendants is beyond question, given documents Plaintiff sent to Defendants on December 22, 2006. Plaintiff apparently obtained from the Registry of Deeds documents relating to real estate owned by one of the individual defendants and sent those documents to Defendants. He also sent Defendants copies of Bureau of Democracy International Religious Freedom Reports on Greece and Turkey, with handwritten notations on them. (Ackerstein Aff., ¶ 7) The notations mention the individual defendants by initials, make reference to Hitler, and suggest that any shortcomings in religious freedoms abroad is somehow relevant to his action, presumably because one of the individual defendants is of Greek descent. That conduct is extraordinarily offensive and surely seems designed to intimidate these individuals. This Court should not condone that conduct or Plaintiff's misuse of this litigation and should enter a protective order.

"Rule 26(c) provides for protective orders, issued by the district court, to limit or eliminate discovery sought." Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001). Parties are not permitted to "undertake wholly exploratory operations in the vague hope that something helpful will turn up." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 187 (1st Cir. 1999). Accordingly, for example, where discovery sought is only cumulative or duplicative, a protective order will issue to avoid undue burden. Ameristar Jet Charter, 244 F.3d at 193.

Furthermore, a protective order is appropriate where a party attempts to engage in discovery after the period for discovery closed. In Otero v. Buslee, 695 F.2d 1244, 1248 (10th Cir. 1982), for example, a party sought to take depositions after the close of discovery. In affirming the protective order issued to prevent those depositions, the Court noted that "a court may set a date by which all discovery must be completed" and that thereafter, "a district court

has discretion to enforce the limit by granting a protective order." As in that case, discovery closed here on December 22, 2006 and Plaintiff undertook to do additional discovery on January 8 and 9, 2007.

Finally, a protective order is appropriate where discovery is intended to harass and annoy. See Digital Equipment Corporation v. System Industries, Inc., 108 F.R.D. 742, 744 (D. Mass. 1986) (protective order issued precluding deposition of company president where it appears deposition noticed to harass and annoy). While Plaintiff is proceeding *pro se*, he should be required to comply with the Federal Rules of Civil Procedure, which apply to all litigants. Plaintiff's mailings are improper for a host of reasons and Defendants should be provided with the protection they seek.

Based on the foregoing, Defendants respectfully submit that that their motion for a protective order should be allowed and that the Court should enter an order precluding Plaintiff from proceeding with his effort to obtain documents from these 19 recipients. Plaintiff violated the Order setting a date for the close of discovery, has misrepresented to 19 entities that they have been served with a proper subpoena, and has engaged in conduct designed solely to annoy, embarrass and oppress Defendants and subject them to undue burdens.

## Conclusion

For the foregoing reasons, Defendants' motion for a protective order should be allowed.

Respectfully submitted,

UNITED LIQUORS LIMITED,
PETER TSICKRITZIS and KEVIN KINGSTON
By their attorneys,


/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA  02116

Dated:  January 17, 2007          (617) 367-0025; fax: (617) 367-2155

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP