UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendants, United Liquors, Ltd., Peter Tsickritzis, and Kevin Kingston ("Defendants"), hereby oppose Plaintiff's Motion In Limine. Plaintiff's Motion In Limine should be denied for at least two reasons: (1) Plaintiff failed to comply with Local Rule 26.2(C), which requires that he make a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion and then certify in the motion that he complied with Local Rule 26.2(C); and (2) Defendants have taken no action to compel production of records from the Massachusetts Rehabilitation Commission or the health care providers and educational institutions who have declined to produce the documents requested in subpoenas duces tecum served by Defendants. In support of their opposition, Defendants submit the Affidavit of Joan Ackerstein.

### Case Background

This action arises out of Plaintiff's employment with United Liquors Ltd. ("United Liquors") in 2003, where Plaintiff worked on an "as needed" basis in the United Liquors' warehouse. In his Complaint served in September, 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of

1964 and Title I of the Americans with Disabilities Act. In particular, Plaintiff claims that he wanted to attend bible study classes while employed and leave work early to do so and that Defendants did not allow him to do that. Plaintiff also claims that he suffered a workers' compensation injury and that after a period of leave, he was not given light duty. Defendants answered the Complaint, denying all allegations of liability.[1]

In an effort to proceed expeditiously to defend this action, Defendants served their first discovery requests on January 6, 2006. (Ackerstein Aff., ¶ 2) They were required twice to move to compel discovery responses, with more complete responses to discovery finally being received from Plaintiff in or about July, 2006. (Ackerstein Aff., ¶ 2) Given the delay in receiving discovery responses, Defendants also were required three times to move to extend discovery. (Ackerstein Aff., ¶ 3)

### Subpoenas Duces Tecum Served By Defendants

Defendants served a number of subpoenas duces tecum in this matter seeking documents relevant to Plaintiff's damages and his ability to work. In October, 2006, Defendants served subpoenas duces tecum on three health care providers Plaintiff identified in his answer to interrogatories, the Massachusetts Rehabilitation Commission ("MRC"), and HarborOne Credit Union. In November, 2006, Defendants served subpoenas duces tecum on three educational institutions identified in Plaintiff's answers to interrogatories and on two health care providers identified by Plaintiff in discovery. (Ackerstein Aff., ¶ 4) Plaintiff claims in this action that he has had no employment since February, 2004, when his employment with a subsequent employer

---

[1] This is the second time Defendants have been required to defend this claim. Plaintiff previously filed the religious discrimination portion of his claim at the Massachusetts Commission Against Discrimination. United Liquors prevailed there and it anticipates prevailing in this suit as well.

2

ended. Plaintiff also claims to have no income since then, almost three years. The discovery sought was relevant to that testimony.

In response to the subpoenas, Defendants received records from HarborOne Credit Union, one educational institution, and two health care providers. (Ackerstein Aff., ¶ 5) Other recipients of the subpoenas did not provide documents. Defendants provided a copy of all documents received to Plaintiff. (Ackerstein Aff., ¶ 5) MRC sent a letter to Defendants indicating that it would not provide records without an authorization from Plaintiff. (Ackerstein Aff., ¶ 5) Defendants sent the letter received from MRC to Plaintiff. (Ackerstein Aff., ¶ 5) The other individuals and institutions subpoenaed declined to provide the documents requested without Plaintiff's written authorization. (Ackerstein Aff., ¶ 5)

Although MRC, three health care providers, and two educational institutions did not produce the records requested, Defendants have not sought Court intervention in obtaining the requested documents. (Ackerstein Aff., ¶ 6) In fact, the only action Defendants have taken in an attempt to obtain the requested documents was to send letters to Plaintiff requesting that he complete authorizations for the release of his medical and mental health records and his MRC records. (Ackerstein Aff., ¶ 7) Although Plaintiff indicated over the phone to Defendants' counsel that he would sign such authorizations, to date, Plaintiff has not returned the completed authorizations. (Ackerstein Aff., ¶ 7)

### Discovery Deadline In This Matter

Following Defendants' third motion to extend discovery, the Court entered an Order on December 6, 2006, providing that discovery in this matter closed on December 22, 2006. The Order also stated that summary judgment motions are due on January 31, 2007. (Ackerstein

3

Aff., ¶ 3) In fact, Defendants will be filing a motion for summary judgment on the complaint in its entirety and are in the process of preparing that motion.

Plaintiff served his Motion In Limine on January 8, 2007. Although not entirely clear, it appears that Plaintiff is seeking an order requiring that: (1) Defendants "limit their interest on medical records to the work related injury as defined by the EEOC and the ADA;" (2) "relate the Plaintiff's educational record to their 'English-policy' and National Origin Accent discrimination;" and (3) "establish the disability of the Plaintiff." (Motion In Limine, p. 4)

I.  **Plaintiff's Motion In Limine Should Be Denied For Failure To Comply With The Requirements of Local Rule 26.2(C).**

The Court need not and should not consider Plaintiff's Motion in Limine because Plaintiff did not comply with the requirements for discovery motions set forth in Local Rule 26.2(C). Specifically, Plaintiff failed to comply with Local Rule 26.2(C) by not making any effort to reach agreement with opposing counsel on the matters set forth in the motion and by not providing a certification stating he made such effort.[2]

Prior to serving his Motion in Limine, Plaintiff failed to contact Defendants' counsel to confer regarding the motion. (Ackerstein Aff., ¶ 8) Plaintiff failed to comply with the Court's rule regarding certification and the Court's requirement that he make a reasonable and good-faith attempt to reach agreement with Defendants' counsel about his discovery issues. Based on Plaintiff's failure to comply with Local Rule 26.2(C), the Court need not even reach the substance of Plaintiff's Motion in Limine.

---

[2] Local Rule 26.2(C), entitled Certification of Discovery Motions, provides:

> The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion. In evaluating any discovery motion, the judicial officer may consider the desirability of conducting phased discovery, as contemplated by LR 26.3.

4

II. **Plaintiff's Motion In Limine Should Be Denied Because The Subpoenaed Individuals And Institutions Have Already Responded And There Is No Pending Action To Limit Or Prevent.**

This Court should also deny Plaintiff's Motion in Limine because the actions he seeks are either premature or ambiguous. First, Plaintiff asks this Court "to limit their interest on medical records to the work related injury as defined by the EEOC and the ADA." However, even if so inclined, the Court cannot rule in a vacuum, without having the precise medical record identified and explained. Indeed, Defendants can hardly respond without knowing the records to which Plaintiff is making reference.

In any event, Defendants sent authorization forms to Plaintiff requesting that he complete the forms so that Defendants could receive copies of the documents sought. Plaintiff did not provide signed authorization forms to Defendants. Defendants have not sent further requests to any of the subpoenaed individuals or MRC. Further, Defendants have not sought a court order requiring production of the requested documents or other Court intervention. Accordingly, there is no pending action to limit or prevent at this point and Plaintiff's Motion in Limine should be denied.

Nor would it be appropriate for the Court to "establish the disability of the Plaintiff" or grant the second request for relief, that the Court "relate the Plaintiff's educational records to their "English-policy" and National Original Accent discrimination, a request which is difficult to decipher. Thus, Plaintiff's Motion in Limine should be denied.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion in Limine.

Respectfully submitted,

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,

/s/ Joan Ackerstein
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116

Dated: January 24, 2007                (617) 367-0025; Fax: (617) 367-2155

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP