UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

### AFFIDAVIT OF JOAN ACKERSTEIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

I, Joan Ackerstein, on oath, depose and say as follows:

1. I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I have been involved in the defense of this action since its inception.

2. On January 6, 2006, Defendants initiated their discovery by serving Plaintiff with interrogatories and a document request. When responses were not received, on March 3, 2006, Defendants filed a motion to compel discovery. Before the Court acted on the motion, Plaintiff served discovery responses but they were incomplete. Accordingly, on April 3, 2006, Defendants served a motion to compel proper and substantive responses to discovery.

3. By the original scheduling order entered in this case, discovery was due to close on June 30, 2006. Defendants moved to extend the period of discovery by motions filed on June 29, 2006, October 16, 2006 and December 1, 2006. The Court's final ruling on the date for the closure of discovery was on December 6, 2006, when the Court ordered that discovery would close on December 22, 2006. By that same order, the Court ruled that a motion for summary judgment was due to be filed on January 31, 2007.

4.  In an effort to obtain discovery relevant to Plaintiff's claims that he has had no employment since February, 2004, Defendants served a number of subpoenas duces tecum. In October, 2006, Defendants served subpoenas duces tecum on three health care providers Plaintiff identified in his answer to interrogatories, the Massachusetts Rehabilitation Commission ("MRC"), and HarborOne Credit Union. In November, 2006, Defendants served subpoenas duces tecum on three educational institutions identified in Plaintiff's answers to interrogatories and on two health care providers identified by Plaintiff in discovery.

5.  In response to the subpoenas, Defendants received records from HarborOne Credit Union, one educational institution, and two health care providers. MRC sent a letter to Defendants indicating that it would not provide records without an authorization from Plaintiff. Defendants provided a copy of all documents received and the letter from MRC to Plaintiff. The other individuals and institutions subpoenaed declined to provide the documents requested without Plaintiff's written authorization.

6.  Although MRC, three health care providers, and two educational institutions did not produce the records requested, Defendants have not sought Court intervention in obtaining the requested documents.

7.  In fact, the only action Defendants have taken in an attempt to obtain the requested documents was to send letters to Plaintiff requesting that he complete authorizations for the release of his medical and mental health records and his MRC records. On October 25, 2006, Plaintiff indicated over the phone to Defendants' counsel that he would sign such authorizations. However, to date, Plaintiff has not returned the completed authorizations.

8.  Prior to serving his Motion in Limine on January 8, 2007, Plaintiff failed to contact Defendants' counsel to confer regarding the motion.

Signed under the pains and penalties of perjury this 24th day of January, 2007.

/s/ Joan Ackerstein
Joan Ackerstein

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP