UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE COMPLETE AND SUBSTANTIVE RESPONSES TO THE INTERROGATORIES PROPOUNDED BY THE PLAINTIFF

Defendants, United Liquors, Ltd., Peter Tsickritzis, and Kevin Kingston ("Defendants"), hereby oppose Plaintiff's Motion to Compel Defendants To Produce Complete And Substantive Responses To The Interrogatories Propounded By The Plaintiff ("Motion to Compel"). In support of their opposition, Defendants submit the Affidavit of Joan Ackerstein.

Plaintiff's Motion to Compel should be denied for at least four reasons: (1) Plaintiff failed to comply with Local Rule 26.2(C), which requires that he make a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion and then certify in the motion that he complied with Local Rule 26.2(C); (2) Plaintiff failed to comply with Local Rule 37.1 by not setting forth the interrogatories which he believes Defendants have not adequately answered and by not setting forth a statement of his position as to each contested issue; (3) a number of the items requested by Plaintiff were never set forth in discovery requests and, thus, Defendants were never given an opportunity to respond to such requests; and (4) Plaintiff's request for Defendant Tsickritzis's medical and mental health records is clearly designed to annoy, embarrass and oppress Defendant Tsickritzis, particularly

when Plaintiff never served a request for documents upon any of the Defendants and, thus, never requested production of such records and the records are entirely irrelevant to this action.

## Case Background

This action arises out of Plaintiff's employment with United Liquors Ltd. ("United Liquors") in 2003, where Plaintiff worked on an "as needed" basis in the United Liquors' warehouse. In his Complaint served in September, 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. In particular, Plaintiff claims that he wanted to attend bible study classes while employed and leave work early to do so and that Defendants did not allow him to do that. Plaintiff also claims that he suffered a workers' compensation injury and that after a period of leave, he was not given light duty. Defendants answered the Complaint, denying all allegations of liability.[1]

## Plaintiff's Interrogatories And Defendants' Responses

In April, 2006, Plaintiff served four sets of interrogatories upon Defendants. Three of the four sets of interrogatories were directed at non-parties, since they were directed to United Liquors' employees not named as defendants (including Kathleen Mansfield, Kenneth Montgomery, and Wilham Nagle). (Ackerstein Aff., ¶ 3) The fourth set was directed at Defendant Kingston. (Ackerstein Aff., ¶ 3) At the time Plaintiff served his interrogatories, he had not yet served automatic required disclosures, as required by Fed. R. Civ. P. 26. (Ackerstein Aff., ¶ 3) In addition, Plaintiff's discovery requests were untimely as the Court Order in effect at

---

[1] This is the second time Defendants have been required to defend this claim. Plaintiff previously filed the religious discrimination portion of his claim at the Massachusetts Commission Against Discrimination. United Liquors prevailed there and it anticipates prevailing in this suit as well.

the time he served his interrogatories specified that written discovery was required to be served by March 31, 2006. (Ackerstein Aff., ¶ 2)

Defendant Kingston timely objected to the interrogatories directed at him on two grounds: (1) the interrogatories were premature because Plaintiff failed to serve his automatic required disclosures; and (2) the interrogatories were improper because Plaintiff did not timely serve them in accordance with the Court's Scheduling Order. (Ackerstein Aff., ¶ 4) Defendants timely objected to the three other sets of interrogatories on the same grounds and on the additional ground that the interrogatories were improper as they were directed at non-parties. (Ackerstein Aff., ¶ 4)

Subsequently, Plaintiff served his automatic required disclosures. (Ackerstein Aff., ¶ 5) Thereafter, in July, 2006, Plaintiff served 11 sets of interrogatories. Ten of the sets of interrogatories were directed at non-parties;[2] the eleventh set was directed at Defendant Kingston. (Ackerstein Aff., ¶ 5) A copy of the interrogatories directed at Defendant Kingston is attached to the Ackerstein Affidavit as Exhibit A. Defendants timely objected to the 10 sets of interrogatories directed at non-parties on the ground that they were improper because they were directed at non-parties. (Ackerstein Aff., ¶ 6) Defendant Kingston timely served a proper response to the interrogatories directed at him. (Ackerstein Aff., ¶6)

In October, 2006, Plaintiff served a set of interrogatories directed at Defendant Tsickritzis. (Ackerstein Aff., ¶ 7) A copy of the interrogatories directed at Defendant Tsickritzis is attached to the Ackerstein Affidavit as Exhibit B. Defendant Tsickritzis timely served a proper response to the interrogatories directed at him. (Ackerstein Aff., ¶ 7)

---

[2] The non-parties included: Kathleen Mansfield, William Nagle, Kenneth Montgomery, Linley Bigniew, Jonathan Barry, James Tye, Gary Keimach, Sara Corbett, Mark McGill, and Linley Bigney.

To date, Plaintiff has not served interrogatories on United Liquors. Nor has he served document requests on any defendant. (Ackerstein Aff., ¶ 8)

### Deadline For Discovery And Dispositive Motions In This Matter

Following Defendants' third motion to extend discovery, the Court entered an Order on December 6, 2006, providing that discovery in this matter closed on December 22, 2006. The Order also stated that summary judgment motions are due on January 31, 2007. (Ackerstein Aff., ¶ 2) In fact, Defendants will be filing a motion for summary judgment on the complaint in its entirety and are in the process of preparing that motion.

Plaintiff served his Motion to Compel on January 8, 2007. In his motion, Plaintiff states that he is seeking an order requiring Defendants to provide: (1) "complete and substantive answers . . . regarding their financial records and richness;" (2) a copy of Defendant Tsickritzis's medical and mental health records; (3) information about other lawsuits, administrative complaints, or complaints Defendants currently face; (4) information about other lawsuits, administrative complaints, or complaints Defendants faced; and (5) information about whether Defendants exist. (Motion to Compel, p. 2) In his Motion to Compel, Plaintiff also makes untrue statements about the conduct of Defendant Tsickritzis and Defendants' counsel at Plaintiff's deposition.

I.    **Plaintiff's Motion To Compel Should Be Denied For Failure To Comply With The Requirements of Local Rule 26.2(C).**

As a preliminary matter, the Court need not and should not consider Plaintiff's Motion to Compel because Plaintiff did not comply with the requirements for discovery motions set forth in Local Rule 26.2(C). Specifically, Plaintiff failed to comply with Local Rule 26.2(C) by not

making any effort to reach agreement with opposing counsel on the matters set forth in the motion and by not providing a certification stating he made such effort.[3]

Prior to serving his Motion to Compel, Plaintiff failed to contact Defendants' counsel to confer regarding the motion. (Ackerstein Aff., ¶ 10) Put simply, Plaintiff failed to comply with the Court's rule regarding certification and the Court's requirement that he make a reasonable and good-faith attempt to reach agreement with Defendants' counsel about his discovery issues. Based on Plaintiff's failure to comply with Local Rule 26.2(C), the Court need not even reach the substance of Plaintiff's Motion to Compel.

II.     **Plaintiff's Motion To Compel Should Be Denied For Failure To Set Forth The Specific Interrogatories To Which He Asserts Defendants Have Not Provided Acceptable Responses And For Failure To Set Forth A Statement Of His Position For Each Contested Item.**

This Court also need not consider Plaintiff's Motion To Compel because Plaintiff failed to comply with Local Rule 37.1, which outlines the requirements for discovery motions. Specifically, Plaintiff failed to follow the requirements of Local Rule 37.1 because he did not list the interrogatories to which Defendants have allegedly failed to provide adequate responses. Plaintiff also failed to set forth a statement of position as to each contested issue with supporting legal authority. Instead, Plaintiff relies on general statements as the basis for his motion, such as, asserting that Defendants' answers to interrogatories are "vague" and that Defendant Kingston "did not provide good answers." (Motion to Compel, pp. 1-2) Accordingly, Plaintiff's motion

---

[3] Local Rule 26.2(C), entitled Certification of Discovery Motions, provides:

> The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion. In evaluating any discovery motion, the judicial officer may consider the desirability of conducting phased discovery, as contemplated by LR 26.3.

does not comply with Local Rule 37.1 and the Court should not consider the motion due to these defects.

**III.    Plaintiff's Motion To Compel Should Be Denied Because Plaintiff Did Not Request The Information He Now Seeks In His Motion To Compel.**

Even if the Court reaches the substance of Plaintiff's motion, it should deny the Motion to Compel because Plaintiff did not request most of the information now sought previously.

First, the Court should note that Plaintiff never served discovery requests upon Defendant United Liquors Ltd. As stated previously, Plaintiff served a total of 16 sets of interrogatories, but none of them were directed to United Liquors. Accordingly, any request for an order requiring United Liquors Ltd. to provide information or documents is improper.

Further, the interrogatories served on Defendants Kingston and Tsickritzis did not seek most of the information that Plaintiff now seeks in his Motion to Compel. Specifically, in his interrogatories, Plaintiff did not seek information about any current or former lawsuits or complaints brought against Defendants Kingston or Tsickritzis. Likewise, Plaintiff did not ask Defendants "to answer if they exist" in his interrogatories. (See copies of interrogatories directed at Defendants Kingston and Tsickritzis, attached as Exhibits A and B to the Ackerstein Affidavit)

Although Plaintiff did ask Defendants Kingston and Tsickritzis for information about their income, his request was extremely overbroad and improperly included a request for documents. Plaintiff's interrogatory requested:

> Describe in detail any and all income earned by you from January 1st, 1989 to the present, personal estate, real estate, the amount of income, any additional source of income. Please attach, if you will do so without a formal motion for production, a copy of all tax statements for the last 7 years.

(See copies of interrogatories directed at Defendants Kingston and Tsickritzis, attached as Exhibits A and B to the Ackerstein Affidavit) Defendants Kingston and Tsickritzis properly

objected to this interrogatory on the grounds that it was overly broad, unduly burdensome, vague, seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, and improperly seeks documents. (Ackerstein Aff., ¶¶ 6, 7)

Further, Plaintiff has not shown that Defendant Kingston and Tsickritzis's income is relevant to this matter. Although he states in his Motion to Compel that he is seeking punitive damages, Plaintiff did not indicate in his Complaint that he is seeking punitive damages. (See Complaint) In addition, Plaintiff has not alleged conduct by the individual defendants which would entitle him to punitive damages.

Some courts will not require a defendant to provide information about earnings until there is a showing that there is a "real possibility" that punitive damages will be at issue. See Chenoweth v. Schaaf, 98 F.R.D. 587, 589-90 (W.D.Pa. 1983). Even those courts which hold that a plaintiff will not be required to make a prima facie case on the issue of punitive damages before they can obtain discovery of financial information have required that, at a minimum, the plaintiff show that the claim for punitive damages is not spurious. CEH, Inc. v. FV Seafarer, 153 F.R.D. 491, 498 (D.R.I. 1994). Here, Plaintiff's claim for punitive damages is spurious. Plaintiff previously filed a claim of religious discrimination against United Liquors with the Massachusetts Commission Against Discrimination, which dismissed Plaintiff's claim. Plaintiff subsequently brought this action against Defendants. Defendants plan to move for summary judgment and expect to prevail on that motion.

For these reasons, the Court should deny Plaintiff's improper request for an order compelling Defendants to provide specific information.

**IV.**    **Plaintiff's Motion To Compel Production Of Medical And Mental Health Records Should Be Denied Because Plaintiff Never Served A Request For Documents And Plaintiff's Current Request Is Designed To Annoy, Embarrass, and Oppress.**

Plaintiff's motion for an order requiring production of Defendant Tsickritzis's medical and mental health records should be denied because Plaintiff never served a request for documents upon any of the Defendants in this matter. The motion should also be denied because Plaintiff is seeking these non-relevant documents solely as a means to annoy, embarrass, and oppress Defendant Tsickritzis.

First, as detailed above, Plaintiff served 16 sets of interrogatories in this matter. However, Plaintiff did not serve a single set of requests for documents upon Defendants. (Ackerstein Aff., ¶ 8) Accordingly, Plaintiff's request that the Court order production of documents is premature and improper because he never gave Defendants an opportunity to respond to a request for medical and mental health records.

Second, that Plaintiff is seeking to embarrass and oppress Defendant Tsickritzis is beyond question, given documents Plaintiff sent to Defendants on December 22, 2006 and the 19 letters he sent to entities seeking records related to Defendant Tsickritzis and the other Defendants. The documents sent to Defendants on December 22, 2006 include documents relating to real estate owned by Defendant Tsickritzis and copies of Bureau of Democracy International Religious Freedom Reports on Greece and Turkey, with handwritten drawings and notations on them. (Ackerstein Aff., ¶ 9) The notations mention both Defendant Kingston and Tsickritzis, make reference to Hitler, and suggest that any shortcomings in religious freedoms abroad is somehow relevant to his action, presumably because one of the individual defendants is of Greek descent. (Ackerstein Aff., ¶ 9; see Exhibit C to Ackerstein Affidavit) That conduct is extraordinarily offensive and surely seems designed to intimidate Defendant Tsickritzis.

Third, Defendant Tsickritzis's medical and mental health records are in no way relevant to this matter.  Indeed, Plaintiff did not even attempt to specify the relevance of such documents in his Motion to Compel in violation of Local Rule 37.1(b)(5).[4]   While Plaintiff's medical and mental health are relevant in this case, particularly given Plaintiff's testimony about his work-related injuries and the psychological exams he has undergone, Defendant Tsickritzis's medical and mental health has never been a relevant issue and is not a proper subject of discovery.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion to Compel Defendants To Produce Complete And Substantive Responses To The Interrogatories Propounded By The Plaintiff.

Respectfully submitted,

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,


/s/ Joan Ackerstein
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025; Fax: (617) 367-2155

Dated: January 24, 2007

---

[4] Local Rule 37.1(b)(5) requires that a memorandum in support of a discovery motion set forth:

> A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA  02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP