UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
    Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
    Defendants.

Civil Action No. 05 11317 NMG

## OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DUCES TECUM ON PUBLIC RECORDS AND OTHER RECORDS NOT RELEASED BY THE DEFENDANTS

Defendants, United Liquors, Ltd., Peter Tsickritzis, and Kevin Kingston ("Defendants"), hereby oppose Plaintiff's Motion To Allow Duces Tecum On Public Records And Others (sic) Records Not Released By The Defendants ("Motion for Records"). Plaintiff's Motion for Records should be denied for at least four reasons: (1) Plaintiff failed to comply with Local Rule 26.2(C), which requires that he make a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion and then certify in the motion that he complied with Local Rule 26.2(C); (2) Plaintiff never served a request for documents in this matter; (3) Plaintiff did not request information about other lawsuits, administrative complaints or complaints in which Defendants have been involved in his interrogatories; and (4) Plaintiff's request that the Court order the 19 individuals and entities who received his requests for records to respond to such requests is improper.[1] In support of their opposition, Defendants submit the Affidavit of Joan Ackerstein.

---

[1] Defendants addressed the impropriety of Plaintiff's requests for records sent to 19 non-parties after the close of discovery in Defendants' Motion For A Protective Order, filed on January 17, 2007.

## Case Background

This action arises out of Plaintiff's employment with United Liquors Ltd. ("United Liquors") in 2003, where Plaintiff worked on an "as needed" basis in the United Liquors' warehouse. In his Complaint served in September, 2005, Plaintiff alleges discriminatory treatment during his employment and asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. In particular, Plaintiff claims that he wanted to attend bible study classes while employed and leave work early to do so and that Defendants did not allow him to do that. Plaintiff also claims that he suffered a workers' compensation injury and that after a period of leave, he was not given light duty. Defendants answered the Complaint, denying all allegations of liability.[2]

## Plaintiff's Discovery Requests And Defendants' Responses

Plaintiff served a number of sets of interrogatories in this matter, including interrogatories directed at Defendants Kingston and Tsickritzis.[3] (Ackerstein Aff., ¶ 3; see Exhibits A and B to Ackerstein Affidavit) Defendants Kingston and Tsickritzis served timely responses to Plaintiff's interrogatories. (Ackerstein Aff., ¶ 3) On January 9 and 10, 2007, Defendants received copies of requests for records relating to Defendants sent by Plaintiff to 19 individuals and entities. (Ackerstein Aff., ¶¶ 4, 5; see Exhibits C and D to Ackerstein Affidavit)

At no time during discovery in this matter did Plaintiff serve discovery requests directed at Defendant United Liquors Ltd. (Ackerstein Aff., ¶ 6) In addition, Plaintiff did not serve any requests for documents directed at any defendant in this matter. (Ackerstein Aff., ¶ 6) In fact,

---

[2] This is the second time Defendants have been required to defend this claim. Plaintiff previously filed the religious discrimination portion of his claim at the Massachusetts Commission Against Discrimination. United Liquors prevailed there and it anticipates prevailing in this suit as well.

[3] Of the 16 sets of interrogatories served by Plaintiff in this matter, 13 were directed at non-parties and only three were directed at the individual defendants. (Ackerstein Aff., ¶ 3)

Plaintiff has sought no discovery in this matter, other than the 16 sets of interrogatories he served during the discovery period, only two of which were proper, and the requests for records he sent to 19 non-parties in January, 2007, after the close of discovery. (Ackerstein Aff., ¶ 7)

### Discovery Deadline In This Matter

Following Defendants' third motion to extend discovery, the Court entered an Order on December 6, 2006, providing that discovery in this matter closed on December 22, 2006. The Order also stated that summary judgment motions are due on January 31, 2007. (Ackerstein Aff., ¶ 2) In fact, Defendants will be filing a motion for summary judgment on the complaint in its entirety and are in the process of preparing that motion.

Plaintiff served three discovery motions since January 8, 2007. First, Plaintiff served a Motion in Limine on January 8, 2007. Second, Plaintiff served a Motion to Compel Defendants To Produce Complete And Substantive Responses To The Interrogatories Propounded By The Plaintiff on January 8, 2007.[4] Third, Plaintiff served this Motion for Records on January 12, 2007. (Ackerstein Aff., ¶ 8) In his Motion For Records, which is ambiguous in many respects, Plaintiff states that he is seeking an order requiring that Defendants: (1) "allow access to these public records and records pertaining the Defendants richness;" (2) "answer in detail what other lawsuits, administrative complaints or complaints they currently face or faced;" and (3) "order the persons and entities to which the *duces tecum* were sent to answer them accordingly." (Motion for Records, p. 3)

---

[4] Defendants filed oppositions to Plaintiff's Motion in Limine and Motion to Compel Defendants To Produce Complete and Substantive Responses To The Interrogatories Propounded By The Plaintiff.

**I.      Plaintiff's Motion For Records Should Be Denied For Failure To Comply With The Requirements of Local Rule 26.2(C).**

As a threshold matter, the Court need not and should not consider Plaintiff's Motion for Records because Plaintiff did not comply with the requirements for discovery motions set forth in Local Rule 26.2(C). Specifically, Plaintiff failed to comply with Local Rule 26.2(C) by not making any effort to reach agreement with opposing counsel on the matters set forth in the motion and by not providing a certification stating he made such effort.[5]

Prior to filing his Motion for Records, Plaintiff failed to contact Defendants' counsel to confer regarding the motion. (Ackerstein Aff., ¶ 11) Thus, Plaintiff failed to comply with the Court's rule regarding certification and the Court's requirement that he make a reasonable and good-faith attempt to reach agreement with Defendants' counsel about his discovery issues. Based on Plaintiff's complete failure to comply with Local Rule 26.2(C), the Court should deny his Motion for Records and need not even reach the substance of the motion.

**II.     Plaintiff's Motion For Records Should Be Denied Because Plaintiff Never Served Requests For Documents Upon Defendants.**

Even if the Court reaches the substance of Plaintiff's motion, it should deny the motion based on his failure to serve a request for documents during discovery.

Plaintiff's Motion for Records is ambiguous as he does not clearly set forth the documents he is seeking. Instead, Plaintiff ambiguously stated that he is seeking access to "public records and records pertaining to Defendants richness." Plaintiff does not specify the

---

[5] Local Rule 26.2(C), entitled Certification of Discovery Motions, provides:

> The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion. In evaluating any discovery motion, the judicial officer may consider the desirability of conducting phased discovery, as contemplated by LR 26.3.

4

public records he is seeking nor does he specify the relevant of documents related to Defendants' "richness."

Further, despite his claim that he "sought more documents from the Defendants with no success" (Motion for Records, p. 1), Plaintiff did not serve *any* requests for documents in this matter. (Ackerstein Aff., ¶ 6) Accordingly, Plaintiff's claim that Defendants "still have records pertaining to his work experience that is not yet provided in order to stonewall the Plaintiff and do some damage control" (Motion for Records, p. 3) is improper.

Despite Plaintiff's failure to serve discovery requests in this matter, Defendants provided copies of personnel documents to Plaintiff. Specifically, in October, 2005, Defendants provided a copy of Plaintiff's personnel file to Plaintiff pursuant to his request. (Ackerstein Aff., ¶ 9) On July 6, 2006, at a hearing on Defendants' second motion to compel, Plaintiff requested that Magistrate Judge Dein order Defendants to produce documents related to his workers' compensation claims despite the fact that he had not served a request for such documents. Pursuant to Magistrate Judge Dein's order, Defendants provided a copy of such documents to Plaintiff on July 28, 2006, even though the workers' compensation documents were previously provided to Plaintiff as part of his personnel file in October, 2005. (Ackerstein Aff., ¶ 10)

Based on the above, the Court should deny Plaintiff's request that the Court order production of public records and documents related to Defendants' richness because it is unclear, premature, and improper.

III. **Plaintiff's Motion For Records Should Be Denied Because Plaintiff Did Not Request Information About Other Lawsuits, Administrative Complaints Or Complaints In Which Defendants Have Been Involved In His Interrogatories.**

Even if the Court reaches the substance of Plaintiff's motion, it should also deny the motion based on Plaintiff's failure to seek the information now sought during discovery.[6]

First, Plaintiff never served discovery requests upon Defendant United Liquors Ltd. (Ackerstein Aff., ¶ 6) As stated previously, Plaintiff served a total of 16 sets of interrogatories, but none of them were directed to United Liquors. Accordingly, any request for an order requiring United Liquors Ltd. to provide information or documents is improper.

Further, the interrogatories served on Defendants Kingston and Tsickritzis did not seek information about any current or former lawsuits or complaints brought against Defendants Kingston or Tsickritzis. (See Exhibits A and B to Ackerstein Affidavit) Accordingly, any request by Plaintiff that the Court order Defendants Kingston and Tsickritzis to provide such information is premature and improper.

For these reasons, the Court should deny Plaintiff's improper request for an order compelling Defendants to provide information about other lawsuits, administrative complaints, or complaints in which Defendants have been involved.

IV. **Plaintiff's Request That The Court Order That The Individuals And Entities To Whom He Sent His Requests For Records Respond To Such Requests Should Be Denied**

Plaintiff appears to request in his Motion for Records that the Court order the 19 individuals and entities to whom he directed his requests for records, sent after the close of discovery, to respond to such requests. As a primary matter, this request should be denied

---

[6] Defendants addressed Plaintiff's request for an order compelling production of information about other lawsuits and administrative actions in their Opposition to Plaintiff's Motion to Compel Defendants To Produce Complete And Substantive Responses To The Interrogatories Propounded By The Plaintiff.

6

because Plaintiff provided no argument or facts supporting his request in violation of Local Rule 37.1(b)(5).[7] The Court should also deny Plaintiff's request because he improperly represented that his requests for records were subpoenas duces tecum when the requests did not constitute subpoenas duces tecum. In addition, the Court should deny Plaintiff's motion because his request for records directed at 19 individuals and entities was clearly designed to embarrass, harass, and oppress the Defendants, particularly the two individual defendants, as pointed out in Defendants' Motion for a Protective Order, filed with the Court on January 17, 2007. For these reasons, the Court should deny Plaintiff's request for an order that the individuals and entities who received his requests for records respond to such requests.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion To Allow Duces Tecum On Public Records And Others (sic) Records Not Released By The Defendants.

Respectfully submitted,

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,


/s/ Joan Ackerstein
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116

Dated: January 24, 2007                    (617) 367-0025; Fax: (617) 367-2155

---

[7] Local Rule 37.1(b)(5) requires that a memorandum in support of a discovery motion set forth:

> A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP