UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
          Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
          Defendants.

Civil Action No. 05 11317 NMG

## AFFIDAVIT OF JOAN ACKERSTEIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DUCES TECUM ON PUBLIC RECORDS AND OTHER RECORDS NOT RELEASED BY THE DEFENDANTS

I, Joan Ackerstein, on oath, depose and say as follows:

1.     I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I have been involved in the defense of this action since its inception.

2.     By the original scheduling order entered in this case, discovery was due to close on June 30, 2006. Defendants moved to extend the period of discovery by motions filed on June 29, 2006, October 16, 2006 and December 1, 2006. The Court's final ruling on the date for the closure of discovery was on December 6, 2006, when the Court ordered that discovery would close on December 22, 2006. By that same order, the Court ruled that a motion for summary judgment was due to be filed on January 31, 2007.

3.     Plaintiff served 16 sets of interrogatories in this matter, including 13 sets directed at non-parties and sets directed at Defendants Kingston and Tsickritzis. Copies of the interrogatories directed at Defendant Kingston, served in July, 2006, and at Defendant

Tsickritzis, served in October, 2006, are attached hereto as <u>Exhibits A</u> and <u>B</u>, respectively. Defendants Kingston and Tsickritzis served timely responses to Plaintiff's interrogatories.

4.    On January 9, 2007, we received from Plaintiff the mailing attached hereto as <u>Exhibit C</u>. The mailing consists of copies of letters sent to six recipients, advising them that a subpoena for documents was enclosed.

5.    On January 10, 2007, we received an additional mailing from Plaintiff.  That mailing is attached as <u>Exhibit D</u>.  The mailing consists of a cover letter which indicates that Plaintiff sent letters to 13 additional recipients, advising them that a subpoena for documents was enclosed.

6.    At no time during discovery in this matter did Plaintiff serve discovery requests directed at Defendant United Liquors Ltd.  In addition, Plaintiff did not serve any requests for documents directed at any defendant in this matter.

7.    Plaintiff has sought no discovery in this matter, other than the 16 sets of interrogatories he served during the discovery period, only two of which were proper, and the requests for records he sent to 19 non-parties in January, 2007, after the close of discovery.

8.    Since January 8, 2007, Plaintiff served three discovery motions.  Plaintiff served a Motion in Limine on January 8, 2007.  Plaintiff served a Motion to Compel Defendants To Produce Complete And Substantive Responses To The Interrogatories Propounded By The Plaintiff on January 8, 2007.  Plaintiff served a Motion To Allow Duces Tecum On Public Records And Others (sic) Records Not Released By The Defendants on January 12, 2007.

9.    In October, 2005, Defendants provided a copy of Plaintiff's personnel file to him pursuant to his request.

10.     On July 6, 2006, at a hearing on Defendants' second motion to compel, Plaintiff requested that Magistrate Judge Dein order Defendants to produce documents related to his workers' compensation claims despite the fact that he had not served a request for such documents.  Pursuant to Magistrate Judge Dein's order, Defendants provided a copy of such documents to Plaintiff on July 28, 2006, even though the workers' compensation documents were previously provided to Plaintiff as part of his personnel file in October, 2005.

11.     Prior to serving his Motion To Allow Duces Tecum On Public Records And Others (sic) Records Not Released By The Defendants on January 12, 2007, Plaintiff failed to contact Defendants' counsel to confer regarding the motion.

Signed under the pains and penalties of perjury this 24th day of January, 2007.

/s/ Joan Ackerstein
Joan Ackerstein

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA  02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Bienvenido I. Lugo-Marchant**
     Plaintiff,
          **v.**

**Peter Tsickritzis, Kevin Kingston,**
**and United Liquors Limited et al.,**
          Defendant

**Civil Action No. 05 11317 NMG**

---

## FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT-KEVIN KINGSTON

Plaintiff, Bienvenido I Lugo-Marchant, hereby propounds the following interrogatories to Defendant-Kevin Kingston, to be answered fully, separately, in writing and under oath.

## INSTRUCTIONS

In answering these interrogatories, Defendant-Kevin Kingston, should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by the defendants, their legal representatives and counsel.

## DEFINITIONS

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** by the defendants, their legal representatives and counsel.

## INTERROGATORIES

1.  With respect to the person answering this Interrogatories please state:
    a.  Name
    b.  Address(es)
    c.  Residence telephone numbers
    d.  Job title
    e.  Name of superiors
    f.  Date when started employment with the defendant
    g.  Salary
    h.  Marital status [name of spouse]

2.  State the names of all supervisors who supervised the plaintiff during the period of time he worked for the defendant and the dates of each individual period of supervision.

3.  Was the plaintiff given any warning before being denied work, and if so, state for each warning:

    a. Its date
    b. The person who administered the warning
    c. The complete nature of the warning. Please attach, if you will do so
       without a formal motion for production, a copy of any such warnings.

4. Was the plaintiff ever formally or informally evaluated while employed by the
   defendant, and if so:
    a. The date(s) of the evaluation(s)
    b. The name(s) of the person(s) who evaluated the plaintiff
    c. The reason(s) for each evaluation(s)
    d. Whether each evaluation(s) was communicated to the plaintiff, and if so,
       the date of such evaluation
    e. The name(s) of each person(s) who considered, approved, reviewed, or
       acted upon the evaluation(s) in any respect(s) and the details of the
       action(s) taken.

5. Identify and describe in detail all conversations and communications between the
   plaintiff and the defendant relating to the qualifications for employment with the
   defendant, or the terms and conditions of such employment including, but not
   limited to, duties, responsibilities, salary, benefits, bonuses, hours of
   employment, and length and term of employment.

6. Describe in detail any and all income earned by you from January 1st, 1989 to the
   present, personal estate, real estate, the amount of income, any additional
   source of income. Please attach, if you will do so without a formal motion for
   production, a copy of all tax statements for the last 7 years.

7. If the defendant contends that any customer complained regarding the plaintiff,
   state:
    a. The name and address of each customer who complained
    b. The date on which each complaint was received
    c. The complete nature of the complaint
    d. The name (s) of the individual (s) who received such complaints
    e. If the contention is truthful and accurate

8. Identify completely any verbal or written reprimands given to plaintiff during the
   course of employment with defendant, giving the nature of each such reprimand,
   its date, and the name of the official giving the reprimand.

9. State the names, addresses, and title of all persons who interviewed the plaintiff
   on behalf of the defendant regarding any promotion(s).

10. State the policies of the defendant regarding Saturday/Sabbath employment and
    specifically whether the defendant will hire persons who refuse, because of
    religious reasons, to work on Saturday or during any other time of religious
    observance.

11. State the number of persons who:
    a. Are presently employed by the defendant
    b. Have at any time since 1999 applied for a position with the defendant
    c. Have claimed discrimination of any sort while working for the defendant

12. For each day from January 2003 to the present, state whether the plaintiff performed any overtime work during his period of employment and if so, state:
    a. The date(s)
    b. The nature of the work performed
    c. The number of hours in excess of 8 hours in any 24 hours period
    d. The reason for the overtime work
    e. Any dates for which he received overtime compensation
    f. Any dates for which he did not receive overtime compensation

13. State whether the plaintiff's rate of pay changed during the period of his employment; if so, for each period of change state:
    a. The date of the change
    b. The amount of any increase or decrease in rate of pay
    c. The reason for the change

14. State all facts which support your contention, if any, that the plaintiff was an exempt employee not entitled to overtime payments or exempt from the overtime requirements of the Fair Labor Standards Act.

15. Identify all persons who are, or have been, first or second level supervisors of the plaintiff at anytime, and state:
    a. Name
    b. Race
    c. The content of their evaluation regarding the plaintiff.


Respectfully submitted, Bienvenido I. Lugo-Marchant

*Pro se, in forma pauperis*


## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, July 18, 2006, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Bienvenido I. Lugo-Marchant**                    Civil Action No. 05 11317 NMG
       Plaintiff,
          **v.**

**Peter Tsickritzis, Kevin Kingston,**
**and United Liquors Limited et al.,**
       Defendant

---

### FIRST SET OF INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO DEFENDANT-Peter Tsickritzis

Plaintiff, Bienvenido I Lugo-Marchant, hereby propounds the following interrogatories to Defendant-Peter Tsickritzis, to be answered fully, separately, in writing and under oath.

### INSTRUCTIONS

In answering these interrogatories, Defendant-Peter Tsickritzis, should follow the same instructions given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** sent by the defendants, their legal representatives and counsel.

### DEFINITIONS

As used herein, the terms used in these interrogatories shall have the same meaning as in the terms given to the Plaintiff when demanding from him answers to the **First Set of Interrogatories** by the defendants, their legal representatives and counsel.

### INTERROGATORIES

1. With respect to the person answering this Interrogatories please state:
   a. Name
   b. Address(es)
   c. Residence telephone numbers
   d. Job title
   e. Name of superiors
   f. Date when started employment with the defendant
   g. Salary
   h. Marital status [name of spouse]
   i. Email accounts

2. Was the plaintiff given any warning before being denied work, and if so, state for each warning:
   a. Its date
   b. The person who administered the warning
   c. The complete nature of the warning. Please attach, if you will do so without a formal motion for production, a copy of any such warnings.

3.  Was the plaintiff ever formally or informally evaluated while employed by the defendant, and if so:
    a.  The date(s) of the evaluation(s)
    b.  The name(s) of the person(s) who evaluated the plaintiff
    c.  The reason(s) for each evaluation(s)
    d.  Whether each evaluation(s) was communicated to the plaintiff, and if so, the date of such evaluation
    e.  The name(s) of each person(s) who considered, approved, reviewed, or acted upon the evaluation(s) in any respect(s) and the details of the action(s) taken.

4.  Identify and describe in detail all conversations and communications between the plaintiff and the defendant relating to the qualifications for employment with the defendant, or the terms and conditions of such employment including, but not limited to, duties, responsibilities, salary, benefits, bonuses, hours of employment, and length and term of employment.

5.  Describe in detail any and all income earned by you from January 1st, 1989 to the present, personal estate, real estate, the amount of income, any additional source of income. Please attach, if you will do so without a formal motion for production, a copy of all tax statements for the last 7 years.

6.  If the defendant contends that any customer complained regarding the plaintiff, state:
    a.  The name and address of each customer who complained
    b.  The date on which each complaint was received
    c.  The complete nature of the complaint
    d.  The name (s) of the individual (s) who received such complaints
    e.  If the contention is truthful and accurate

7.  Identify completely any verbal or written reprimands given to plaintiff during the course of employment with defendant, giving the nature of each such reprimand, its date, and the name of the official giving the reprimand.

8.  State the names, addresses, and title of all persons who interviewed the plaintiff on behalf of the defendant regarding any promotion(s).

9.  State the policies of the defendant regarding Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or during any other time of religious observance.

10. State the number of persons who:
    a.  Are presently employed by the defendant
    b.  Have at any time since 1999 applied for a position with the defendant
    c.  Have claimed discrimination of any sort while working for the defendant

11. For each day from January 2003 to the present, state whether the plaintiff performed any overtime work during his period of employment and if so, state:
    a.  The date(s)
    b.  The nature of the work performed
    c.  The number of hours in excess of 8 hours in any 24 hours period
    d.  The reason for the overtime work

    e. Any dates for which he received overtime compensation

    f. Any dates for which he did not receive overtime compensation

12. State whether the plaintiff's rate of pay changed during the period of his employment; if so, for each period of change state:

    a. The date of the change

    b. The amount of any increase or decrease in rate of pay

    c. The reason for the change

13. State all facts which support your contention, if any, that the plaintiff was an exempt employee not entitled to overtime payments or exempt from the overtime requirements of the Fair Labor Standards Act.

14. Identify all persons who are, or have been, first or second level supervisors of the plaintiff at anytime, and state:

    a. Name

    b. Race

    c. The content of their evaluation regarding the plaintiff.

15. State in detail, the evaluation (s) made by the plaintiff's supervisors or any other officers or agents of the defendant with respect to the job performance of the plaintiff when he was working for the defendant. Please attach, if you will do so, without a formal motion for production, a copy of all evaluations of the defendant.

16. State if the defendant gave the plaintiff desirable work and if the plaintiff was subject to rehire by the defendant.

17. State if the plaintiff was informed by the defendant if the plaintiff would be rehired should he so request and if so, who would inform the plaintiff.

18. Indicate the dates when the plaintiff asked the defendant for work as a regular driver and later as a salesman.

19. State whether the defendant retained, rehired or promoted the plaintiff after June 2003.

20. State the policies of the defendant with respect to Saturday/Sabbath employment and specifically whether the defendant will hire persons who refuse, because of religious reasons, to work on Saturday or any other particular time.

21. State in detail, all hardship that will inure to the defendant if the defendant were to accommodate the religious belief and practices of the plaintiff. Further state, if the defendant has ever hired a person with religious beliefs conflicting with the expectations of the defendant regarding scheduling

22. State whether or not the defendant would now hire the plaintiff. Further state, if the plaintiff were hired, would he be required to work on Saturday or any other days of religious significance.

23. State by name, each worker (s) who after asking for a leave for social activities were not terminated. Further state:

    a.  If the petition was granted
    b.  If the workers were demoted, harassed, or otherwise subjected to
        discrimination.
    c.  If a social activity leave has more value for the defendant than one such
        covered by federal laws and statutes
    d.  If the petitioner (s) were white workers

24. State if you ever met with any former employee allegedly terminated for drinking
    while working against company's policy. Further state:
    a.  His name, race
    b.  Nature of the conversation
    c.  What was given to him after talking


Respectfully submitted, Bienvenido I. Lugo-Marchant

*Pro se, in forma pauperis*

## CERTIFICATE OF SERVICE

I hereby certify that on Oct 13-06 , this document was served upon the defendant's
counsel, JACKSON LEWIS, by first class mail, postage paid.

# **EXHIBIT C**

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

The Patriot Ledger
400 Crown Colony Drive
Quincy, MA 02269

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed
matter.  The subpoena requires production of complete copies of any and all records
related to the persons listed in the **SCHEDULE A**.  Please include, if possible, a great
article by Kelli Gavant on or about June 17, 2006.

    This subpoena is not limited as to time or scope. Please forward a copy of all records,
by January 16, 2007.

    Thank you for your prompt attention and cooperation in this matter.  Should you
have any question, please feel free to contact me.

                    Very truly yours,

                    Bienvenido I Lugo Marchant,
                    Plaintiff, *pro se*

                    Jan 8-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>        Plaintiff<br><br>              v.<br><br>Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>                    Defendants | Civil Action No. 05 11317 NMG |

**To:** The Patriot Ledger
400 Crown Colony Drive
Quincy, MA 02269

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 16, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 8-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Fox & Foner LLP
430 Hunnewell Street
Needham, MA 02494

      RE: **Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al**
          **Civil Action No. 05 11 317- NMG**

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.

      This subpoena is not limited as to time or scope. Please forward a copy of all records, by January 16 , 2007.

      Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                        Very truly yours,

                        Bienvenido I Lugo Marchant
                        Plaintiff, *pro se*

                        Jan 8 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>　　　Plaintiff | Civil Action No. 05 11317 NMG |
| 　　　　　v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>　　　　　Defendants | |

**To:**  Fox & Foner LLP
　　　430 Hunnewell Street
　　　Needham, MA 02494

　　　**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

　　This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 16, 2007.

　　Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

　　　　　　　　Very truly yours,

　　　　　　　　Bienvenido I Lugo Marchant,
　　　　　　　　Plaintiff, *pro se*

　　　　　　　　Jan 8-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

RBMG Inc./ NETBANK
9710 Two Notch Road
Columbia, SC 29223

> RE: **Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al**
> **Civil Action No. 05 11 317- NMG**

Dear Keeper of Records:

Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.

This subpoena is not limited as to time or scope. Please forward a copy of all records, by January *(6,* 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant
Plaintiff, *pro se*

Jan 8-2007

Bienvenido I Lugo-Marchant
19 Grove Street
Brockton, MA 02301



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>       Plaintiff | Civil Action No. 05 11317 NMG |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>       Defendants | |

**To:** RBMG Inc./ NETBANK
9710 Two Notch Road
Columbia, SC 29223

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 16, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 8-2007




Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*


**RETURN RECEIPT REQUESTED**

Omega Financial Inc.
10 Mazzeo Drive
Randolph, MA 02368


RE:  **Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
      Civil Action No. 05 11 317- NMG**

Dear Keeper of Records:

Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.

This subpoena is not limited as to time or scope. Please forward a copy of all records, by January 16, 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.


                              Very truly yours,

                              Bienvenido I Lugo Marchant,
                              Plaintiff, *pro se*

                              Jan 8 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>    Plaintiff<br><br>        V.<br><br>Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>        Defendants | Civil Action No. 05 11317 NMG |

**To:** Omega Financial Inc.
    10 Mazzeo Drive
    Randolph, MA 02368

      **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

    This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January *16*, 2007.

    Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                Very truly yours,

                Bienvenido I Lugo Marchant,
                     Plaintiff, *pro se*

                     Jan 8-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*


**RETURN RECEIPT REQUESTED**

Martignetti
975 University Avenue
Norwood, MA 02062


      RE:  **Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG**

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed
matter.  The subpoena requires production of complete copies of any and all records
related to the persons listed in the **SCHEDULE A.**

    This subpoena is not limited as to time or scope. Please forward a copy of all records,
by January 16, 2007.

    Thank you for your prompt attention and cooperation in this matter.  Should you
have any question, please feel free to contact me.


                Very truly yours,

                Bienvenido I Lugo Marchant,
                Plaintiff, *pro se*

                Jan 8-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>    Plaintiff | Civil Action No. 05 11317 NMG |
| V. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>    Defendants | |

**To:**  Martignetti
975 University Avenue
Norwood, MA 02062


**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January /6 , 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
    Plaintiff, *pro se*

Jan 8-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**<u>RETURN RECEIPT REQUESTED</u>**

Horizon Beverages Co.
80 Stockwell Drive
Avon, MA 02322

     RE: **Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al**
          **Civil Action No. 05 11 317- NMG**

Dear Keeper of Records:

     Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **<u>SCHEDULE A</u>**.

     This subpoena is not limited as to time or scope. Please forward a copy of all records, by January 16, 2007.

     Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                        Very truly yours,

                        Bienvenido I Lugo Marchant,
                        Plaintiff, *pro se*

                           Jan 8-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>　　　Plaintiff<br><br>　　　　　　v.<br><br>Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>　　　　　Defendants | Civil Action No. 05 11317 NMG |

**To:** Horizon Beverages Co.
　　80 Stockwell Drive
　　Avon, MA 02322


　　**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

　This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 16, 2007.

　Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

　　　　　　　　　Very truly yours,

　　　　　　Bienvenido I Lugo Marchant,
　　　　　　　　Plaintiff, *pro se*

　　　　　　　Jan 8-2007

## SCHEDULE A

You are hereby required to produce at the time and place indicated on the previous page the following documents:

Any and all records referring to **PETER TSICKRITZIS** (a.k.a. **PETER N. TSICKRITZIS** or **PETER N TSICKRITZIS**) of Massachusetts; **KEVIN KINGSTON** (a.k.a. **KEVIN M KINGSTON** or **KEVIN M. KINGSTON**) of Wareham, Massachusetts; or **UNITED LIQUORS LIMITED** (a.k.a. **UNITED LIQUORS LTD.**) of Massachusetts, including but not limited to, complaints, evaluations and administrative hearings. This subpoena is focused on all records, entire files and reports relating to the aforementioned persons that are in your possession, custody, or control. This subpoena is NOT limited as to time and scope.

**COMPLIANCE CAN BE MADE WITHOUT ATTENDANCE BY MAILING FIRST CLASS MAIL A CERTIFIED COPY OF THE RECORDS TO THE ATTENTION OF BIENVENIDO I LUGO MARCHANT 19 GROVE SREET BROCKTON, MA 02301 ON OR BEFORE** Jan 16 - 2007

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT D

To: Joan Ackerstein, Esq.
   **Jackson Lewis LLP**

From: Bienvenido I Lugo-Marchant

Re: **Civil Action No. 05 11317 NMG**
   Conference

Dear Ms. Ackerstein, Esq:

I hope this letter finds you well. I would like to know when are you going to send some records you should have in your possession. I believe you failed to provide and follow instructions according the Local Rules.  You should have in you files, as of yesterday, a copy of a **Motion to Compel...** and a **Motion in Limine.** I am also enclosing copies of some *duces tecum* I sent yesterday to the following:

1. Patriot Ledger
2. Fox & Foner LLP
3. NETBANK/
4. OMEGA
5. Martignetti
6. Horizon Beverages

Today you are going to receive copies of *duces tecum* to the following:

1. MCAD
2. Hale & Dorr LLP
3. The Enterprise
4. DIA
5. OSHA
6. Braintree FD
7. EEOC
8. WAUSAU
9. HEALTHSOUTH
10. US Dept' of Labor (Public Affairs)
11. DET
12. Labor Relations Commission
13. LILY

I would like to meet with you to see what is next. Please, let me know if we have a court appearance soon. I will make time for you, if necessary. I hope you have time on your schedule, thanks for your cooperation on this matter.

Sincerely

B. Lugo-Marchant

Tuesday, January 09, 2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
Massachusetts Commission Against Discrimination
One Ashburton Place Room 601
Boston, MA 02108

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
      This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
      Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                  Very truly yours,

             Bienvenido I Lugo Marchant, Plaintiff

             Jan 9- 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| V. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To: Keeper of Records
 Massachusetts Commission Against Discrimination
 One Ashburton Place Room 601
 Boston, MA 02108

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).This subpoena is not limited as to time or scope.

Please forward a copy of all records to the address mentioned in the **Schedule A** by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9 - 2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Julie Murphy Clinton, Esq.
Hale and Dorr, LLP
60 State Street
Boston, MA 02109

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

    Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
    Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                  Very truly yours,

              Bienvenido I Lugo Marchant, Plaintiff

              Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To: Julie Murphy Clinton, Esq.
Hale and Dorr, LLP
60 State Street
Boston, MA 02109

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records to the address mentioned in the **SCHEDULE A** by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9 - 2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
The Enterprise
60 Main Street
P.O. Box 1450
Brockton, MA 02303-1450

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action NO. 05 11 317- NMG

Dear Keeper of Records:

     Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
     This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
     Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                      Very truly yours,

                      Bienvenido I Lugo Marchant, Plaintiff

                      Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>Plaintiff | Civil Action No. 05 11317 NMG |
| V. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>Defendants | |

To: The Enterprise
    60 Main Street
    Brockton, MA 02303

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

**PLEASE SEE ATTACHED SCHEDULE A**

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). This subpoena is not limited as to time or scope.

Please forward a copy of all records to the address mentioned below by January 7, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Bi—

Jan 4-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*


**RETURN RECEIPT REQUESTED**

Keeper of Records
Division of Industrial Accidents
600 Washington Street 7th Floor
Boston, MA 02111


      RE: Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January (7 2007.
    Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                    Very truly yours,

                    Bienvenido I Lugo Marchant, Plaintiff

                    Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Bienvenido I. Lugo Marchant                    Civil Action No. 05 11317 NMG
    Plaintiff

        **v.**

Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.
        Defendants

To:  Keeper of Records
    Division of Industrial Accidents
    600 Washington Street 7th Floor
    Boston, MA  02111

      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). This subpoena is not limited as to time or scope.

    Please forward a copy of all records to the address mentioned in the SCHEDULE A by January 17, 2007.

    Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                   Very truly yours,

                   Bienvenido I Lugo Marchant,
                   Plaintiff, *pro se*

Bienvenido I. Lugo Marchant
19 Grove Street
Brockton, MA 02301

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**<u>RETURN RECEIPT REQUESTED</u>**

    Keeper of Records
    OSHA Regional Office
    JFK Federal Building, Room E340
    Boston, MA 02203

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
            Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed
matter. The subpoena requires production of complete copies of any and all records
related to the persons listed in the **<u>SCHEDULE A</u>.**
    This subpoena is not limited as to time or scope. Please forward a copy of all records
by January 17, 2007.
    Thank you for your prompt attention and cooperation in this matter. Should you
have any question, please feel free to contact me.

                           Very truly yours,

                  Bienvenido I Lugo Marchant, Plaintiff

                  Jan9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| V. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To:  Keeper of Records
     OSHA Regional Office
     JFK Federal Building, Room E340
     Boston, MA 02203

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).This subpoena is not limited as to time or scope.

Please forward a copy of all records to the address mentioned in the **SCHEDULE A** by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*


**RETURN RECEIPT REQUESTED**

Keeper of Records
Braintree Fire Department
1 Union Place
Braintree, MA 02184

      RE: Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action NO. 05 11 317- NMG

Dear Keeper of Records:

    Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
    Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                  Very truly yours,

              Bienvenido I Lugo Marchant, Plaintiff

              Jan 4- 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To:  Keeper of Records
     Braintree Fire Department
     1 Union Place
     Braintree, MA 02184


     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).This subpoena is not limited as to time or scope.

     Please forward a copy of all records to the address mentioned in the SCHEDULE A by January 19, 2007.

     Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.


                         Very truly yours,

                         Bienvenido I Lugo Marchant,
                         Plaintiff, *pro se*

                         Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*


**RETURN RECEIPT REQUESTED**

Keeper of Records
EEOC
16 Congress Street, 10th Floor
Boston, MA 02114

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
            Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
    Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                Very truly yours,

           Bienvenido I Lugo Marchant, Plaintiff

                Jan 9-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To: Keeper of Records
  EEOC
  16 Congress Street, 10th Floor
  Boston, MA 02114

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records to the address mentioned in the **SCHEDULE A** by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
WAUSAU 251
Salina Meadows Pkwy., Suite 260
North Syracuse, NY 13212

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
    Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                Very truly yours,

                Bienvenido I Lugo Marchant, Plaintiff

                Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To:  Keeper of Records
    WAUSAU
    251 Salina Meadows Pkwy., Suite 260
    North Syracuse, NY 13212

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
HEALTHSOUTH
Center for Occupational Rehabilitation
100 Baystate Drive
Braintree, MA 02184

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter.  The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**
      This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17, 2007.
      Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

                Very truly yours,

                Bienvenido I Lugo Marchant, Plaintiff

                Jan 4 -2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>     Plaintiff | Civil Action No. 05 11317 NMG |
| v. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>          Defendants | |

To:  Keeper of Records
    HEALTHSOUTH
    Center for Occupational Rehabilitation
    100 Baystate Drive
    Braintree, MA 02184

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 19, 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
US Department of Labor
Office of Public Affairs
JFK Federal Building Room E-120
Boston, MA 02203

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

    Enclosed please find a subpoena *duces tecum* in connection with the above listed
matter.  The subpoena requires production of complete copies of any and all records
related to the persons listed in the **SCHEDULE A.**
    This subpoena is not limited as to time or scope. Please forward a copy of all records
by January ( 9, 2007.
    Thank you for your prompt attention and cooperation in this matter.  Should you
have any question, please feel free to contact me.

                  Very truly yours,

            Bienvenido I Lugo Marchant, Plaintiff

                  Jan 4-2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>       Plaintiff | Civil Action No. 05 11317 NMG |
| **V.** | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>       Defendants | |

To:  Keeper of Records
     US Department of Labor
     Office of Public Affairs
     JFK Federal Building Room E-120
     Boston, MA 02203

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

**PLEASE SEE ATTACHED SCHEDULE A**

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 17 2007.

Thank you for your prompt attention and cooperation in this matter.  Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
Division of Employment and Training
19 Staniford Street 3rd Floor Hurley Building
Boston, MA 02114

      RE:  Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
           Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

     Enclosed please find a subpoena *duces tecum* in connection with the above listed
matter. The subpoena requires production of complete copies of any and all records
related to the persons listed in the **SCHEDULE A**.
   This subpoena is not limited as to time or scope. Please forward a copy of all records
by January 1, 2007.
     Thank you for your prompt attention and cooperation in this matter. Should you
have any question, please feel free to contact me.

               Very truly yours,

             Bienvenido I Lugo Marchant, Plaintiff

                 Jan 9- 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>    Plaintiff | Civil Action No. 05 11317 NMG |
| **V.** | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>    Defendants | |

To: Keeper of Records
    Division Of Employment and Training
    19 Staniford Street  3rd Floor Hurley Building
    Boston, MA 02114

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January 17 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9 - 2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
Labor Relations Commission
339 Washington Street 4th Floor
Boston, MA 02108

      RE: Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

      Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A.**

      This subpoena is not limited as to time or scope. Please forward a copy of all records by January 7 2007.

      Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

               Very truly yours,

               Bienvenido I Lugo Marchant, Plaintiff

               Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant<br>    Plaintiff | Civil Action No. 05 11317 NMG |
| **v.** | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al.<br>          Defendants | |

To: Keeper of Records
    Labor Relations Commission
    339 Washington Street 4th Floor
    Boston, MA 02108

      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

    This subpoena is not limited as to time or scope. Please forward a copy of all records according the **SCHEDULE A** by January (7, 2007.

    Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                      Very truly yours,

                      Bienvenido I Lugo Marchant,
                      Plaintiff, *pro se*

                      Jan 9-2007

Bienvenido I. Lugo-Marchant
Plaintiff, *pro se*

**RETURN RECEIPT REQUESTED**

Keeper of Records
LILY TRANSPORTATION CORP
Field Support Center
145 Rosemary Street
Needham, MA 02494

      RE: Lugo Marchant v. Tsickritzis, Kingston, United Liquors Ltd., et al
          Civil Action No. 05 11 317- NMG

Dear Keeper of Records:

    Enclosed please find a subpoena *duces tecum* in connection with the above listed matter. The subpoena requires production of complete copies of any and all records related to the persons listed in the **SCHEDULE A**.
    This subpoena is not limited as to time or scope. Please forward a copy of all records by January 17 2007.
    Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

                Very truly yours,

                Bienvenido I Lugo Marchant, Plaintiff

                Jan 9 - 2007

Bienvenido I. Lugo-Marchant
19 Grove Street
Brockton, MA 02301
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| V. | |
| Peter Tsickritzis, Kevin Kingston, United Liquors Limited et al. | |
| Defendants | |

To: Keeper of Records
LILY TRANSPORTATION CORP
Field Support Center
145 Rosemary Street
Needham, MA 02494

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

### PLEASE SEE ATTACHED SCHEDULE A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

This subpoena is not limited as to time or scope. Please forward a copy of all records to the address mentioned below by January 17, 2007.

Thank you for your prompt attention and cooperation in this matter. Should you have any question, please feel free to contact me.

Very truly yours,

Bienvenido I Lugo Marchant,
Plaintiff, *pro se*

Jan 9-2007

# SCHEDULE A

You are hereby required to produce at the time and place indicated on the previous page the following documents:

Any and all records referring to **PETER TSICKRITZIS** (a.k.a. **PETER N. TSICKRITZIS** or **PETER N TSICKRITZIS**) of Massachusetts; **KEVIN KINGSTON** (a.k.a. **KEVIN M KINGSTON** or **KEVIN M. KINGSTON**) of Wareham, Massachusetts; or **UNITED LIQUORS LIMITED** (a.k.a. **UNITED LIQUORS LTD.**) of Massachusetts, including but not limited to, complaints, evaluations and administrative hearings. This subpoena is focused on all records, entire files and reports relating to the aforementioned persons that are in your possession, custody, or control. This subpoena is NOT limited as to time and scope.

**COMPLIANCE CAN BE MADE WITHOUT ATTENDANCE BY MAILING FIRST CLASS MAIL A CERTIFIED COPY OF THE RECORDS TO THE ATTENTION OF BIENVENIDO I LUGO MARCHANT 19 GROVE SREET BROCKTON, MA 02301 ON OR BEFORE** Jan 17-2007

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.