UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
            Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
            Defendants.

Civil Action No. 05 11317 NMG

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FILINGS AND OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, RULE 56

Defendants, United Liquors Ltd. ("UL"), Peter Tsickritzis and Kevin Kingston ("Defendants"), moved for summary judgment on all counts of Plaintiff's Complaint on February 7, 2007. In response, on February 23, 2007, Plaintiff served a Motion to Quash Defendants' Motion for Summary Judgment, Rule 56, accompanied by his: (1) Memorandum of Facts Regarding This Action; (2) Supplementary Direct Evidence, Documents of 2003-2004; and (3) Supplementary Direct Evidence, Documents of 2004. The basis of Plaintiff's motion to quash appears to be that there are facts in dispute as evidenced by the documents he submitted labeled Supplementary Direct Evidence.

Defendants move to strike Plaintiff's Memorandum of Facts Regarding this Action and two Supplementary Evidence filings as they: (1) fail to comply with Fed. R. Civ. P. 56 or Local Rule 56.1; and (2) constitute inadmissible evidence. Defendants also oppose Plaintiff's motion to quash Defendants' motion for summary judgment as Plaintiff has not demonstrated any genuine issue of material facts. Defendants submit the Declaration of Kathleen C. Mansfield in connection with this motion and opposition.

I.  Plaintiff's Memorandum of Facts and Filings Labeled Supplementary Evidence Should Be Stricken

Plaintiff's filings in opposition to the motion for summary judgment fail to comply with Fed. R. Civ. P. 56 or Local Rule 56.1 and fail to set forth material facts in dispute. The fact is that parties may not "rest upon the mere allegations or denials of the adverse party's pleading," in their opposition to summary judgment. Fed. R. Civ. P. 56(e). Rather, Fed. R. Civ. P. 56(e) requires parties opposing summary judgment to assert "specific facts showing that there is a genuine issue for trial" supported by affidavits, depositions, and other documentation. To "resist summary judgment successfully, a nonmovant must present 'definite, competent evidence' on issues for which she bears the ultimate burden of proof." McKenzie v. Potter, 2004 U.S. Dist. LEXIS 17356 at *6 (D. Mass. August 20, 2004) (quoting Mesnick v. Gen. Elec. Co. 950 F.2d 816, 822 (1st Cir. 1991)) (granting summary judgment for employer when pro se plaintiff failed to comply with Local Rule 56.1).

The procedure for making the summary judgment record is clearly set forth in the rules. Local Rule 56.1 explicitly requires that parties opposing summary judgment file a statement of contested material facts with evidentiary support. Specifically, Local Rule 56.1 provides that a party opposing summary judgment must file "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation."

A non-moving party's failure to provide support for factual allegations may result in summary judgment being granted for the moving party. Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

>  genuine issue for trial. ***If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.***

(emphasis added). Moreover, a non-moving party's failure to comply with Local Rule 56.1 "is grounds to deem admitted the facts in [the movant's] 56.1 statement of facts." McKenzie, 2004 U.S. Dist. 17356 at *2.

The fact is that Plaintiff's Memorandum of Facts does not comply with Fed. R. Civ. P. 56(e) or Local Rule 56.1. Plaintiff has not cited to affidavits, depositions, or any other admissible documentation to support his factual allegations. Moreover, the Memorandum of Facts is not a statement of facts at all. Rather, it is a rambling recitation of legal principles, hearsay and speculation, coupled with commentary on matters relating to this litigation, which have no basis in fact and are not part of his case. For example, Plaintiff salaciously implies intemperance by a UL employee who was present at Plaintiff's deposition (¶3); also without any basis whatsoever, and contrary to the finding of the Massachusetts Discrimination Against Discrimination, that UL caused his termination from a subsequent employer (¶4); and that somehow, the two driving accidents he had at UL were not his fault (¶9). Plaintiff offers statements of legal principles in ¶¶10, 13, 15-19, 21, and 23-27, such as that Plaintiff believes his claims can be analyzed according to the Civil Rights Act of 1991 (¶13); that evidence of a person's habit is relevant to show conformity (¶15); and that the collective bargaining agreement between UL and its employees may not be enforceable because of the United States Constitution. (¶16).

Further, the documents submitted by Plaintiff as "Supplementary Evidence" do not comply with Rule 56(e). See McKenzie, 2004 U.S. Dist. LEXIS 17356 at *6 (noting that the only substantive evidence offered by the pro se plaintiff in support of her claims, other than conclusory allegations in her briefs, were exhibits accompanying her memorandum, which did

3

not comply with Rule 56(e)). As the McKenzie Court recently instructed, "a plaintiff in an employment discrimination case must demonstrate the ability to establish by a preponderance of the evidence (and not merely claim) a 'prima facie' case of unlawful discrimination." 2004 U.S. Dist. LEXIS 17356 at *17. In addition to being conclusory, the filings are replete with hearsay which must be stricken. See Collins v. Kibort, 143 F.3d 331, 338 (7th Cir. 1998) (in a race discrimination case, court found that plaintiff's diary entries were inadmissible hearsay).

Here, the "Supplementary Evidence" Plaintiff submits to demonstrate material facts in dispute is not admissible but in any event fails to demonstrate material facts in dispute. For example, as Exhibits to his "Supplementary Direct Evidence, Documents of 2003 – 2004," Plaintiff includes pay stubs; a Massachusetts Registry of Motor Vehicle Commercial Drivers' License record which shows that Plaintiff failed the test seven times; a Department of Employment and Training computer printout, with no description under oath of what it conveys; a response UL submitted to the MCAD in an action involving another employee where UL demonstrated that the employee was terminated for drinking on the job; and letters to and from the Attorney General of Massachusetts. These documents are all inadmissible hearsay. Since the Supplementary Evidence is not admissible, the two filings should be stricken.[1]

When a party opposing summary judgment fails to comply with Rule 56(e), summary judgment shall be entered against the non-compliant party, if appropriate. Fed. R. Civ. P. 56(e); see Dimmitt v. Ockenfels, 407 F.3d 21, 24-25 (1st Cir. 2005) (upholding district court's grant of summary judgment for defendants which was based in part on the allowance of defendants'

---

[1] Nor is Plaintiff assisted by photocopies of two letters apparently offered to the Massachusetts Commission Against Discrimination before his matter was dismissed in 2004. Those photocopied letters, from an applicant and former employee terminated by UL who had their own MCAD charges, contain hearsay, facts not shown to be based on personal knowledge and do not demonstrate unlawful action in any event. As demonstrated by the Declaration of Kathleen C. Mansfield and the attachments thereto, the MCAD dismissed both of their charges.

4

motion to strike plaintiff's statement of facts for failure to comply with local rules); Cash Energy, Inc. v. Weiner, 1996 U.S. App. LEXIS 5820 at *2-3 (1st Cir. March 29, 1996) (upholding summary judgment for defendant when plaintiff failed to comply with Local Rule 56.1 and court deemed moving party's statement of facts to be admitted by plaintiff).

Here, Plaintiff failed to comply with Rule 56(e) and Local Rule 56.1 in his Memorandum of Facts. Plaintiff simply has not shown that there is a genuine issue as to any material fact and, thus, the Court should strike Plaintiff's Memorandum of Facts and his two filings labeled "Supplementary Evidence" and should deem admitted Defendants' Statement of Material Facts Not In Dispute.

II    Plaintiff's Motion to Quash Summary Judgment Should Be Denied and Summary Judgment Should Be Granted

Plaintiff apparently filed his motion to quash in an effort to defeat Defendants' motion for summary judgment. The motion to quash should be denied and summary judgment should be granted because Plaintiff has not contradicted the statement of material facts put forth by Defendants and those facts demonstrate that Defendants are entitled to summary judgment.

While Plaintiff claims that he was discriminated against and harassed during his employment with UL, the facts put forth by Defendants which are not contradicted show otherwise. Those facts include, for example, that UL encouraged employees, including Plaintiff, to obtain commercial driver's licenses ("CDL's") (¶18); that Plaintiff finally obtained his license and was given an opportunity to drive by UL but had accidents and failed to deliver the product on time (¶¶20-22); that he thereafter, was assigned to work in the warehouse, as were other spare employees who did not have CDL's or who did but could not successfully drive (¶23); that during the course of his work in the warehouse, he asked to leave early to go to Bible classes, which were given at different times and different houses of worship, but that he was told he did

5

not need to work on the day of the classes and he could leave early on Friday night (¶¶28-32, 34-36); that he suffered a work related injury in June, 2003 (¶41); that he was then totally disabled from June, 2003 to December 18, 2003 (¶42); and that after UL invited him to return to work, he did not believe the offer was sincere so he chose not to return (¶43).[2]

Since the inception of this litigation, Defendants have been put to considerable expense and effort in defense. Plaintiff did not initially respond to discovery requiring two motions to compel. He attempted improperly to serve 18 subpoenas to which Defendants had to respond. He filed unnecessary motions to which Defendants also were required to respond. Plaintiff should not be permitted to continue this litigation when he cannot offer an adequate response to summary judgment. It is well settled that "a litigant's pro se status [does not] absolve him [or her] from compliance with the Federal Rules of Civil Procedure." F.D.I.C. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) (quoting United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992) and cases cited therein).

Rule 56(e) requires parties opposing summary judgment to assert "specific facts showing that there is a genuine issue for trial" supported by affidavits, depositions, and other documentation. As noted above, to "resist summary judgment successfully, a nonmovant must present 'definite, competent evidence' on issues for which she bears the ultimate burden of

---

[2] While not refuting the facts offered by Defendants with appropriate citation to testimony and affidavits, including the testimony of Plaintiff, the Supplementary Evidence offered by Plaintiff includes a letter from the Massachusetts Rehabilitation Commission addressed "To whom it may concern" regarding Plaintiff, which contains an interesting statement. The letter from the Massachusetts Rehabilitation Commission dated April 16, 2004 states of Plaintiff:

> He was a client of the Mass Rehab Commission. He was determined eligible for our services 1/5/99. This was due to his being disabled.
> He should be considered to be a person with substantial impediment to employment. His application for other benefits may be supported by our determination.

proof." McKenzie, 2004 U.S. Dist. LEXIS 17356 at *6 (granting summary judgment for employer when pro se plaintiff failed to comply with Local Rule 56.1).

Here, the facts submitted by Defendants, which were not contradicted, demonstrate that Defendants are entitled to summary judgment. Moreover, Plaintiff failed to comply with Rule 56(e) in responding to Defendants' properly supported statement of facts and, thus, Defendants' Statement of Material Facts Not in Dispute should be deemed admitted.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion to Quash, strike Plaintiff's Memorandum of Facts and two "Supplementary Evidence" filings, and allow Defendants' motion for summary judgment.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Defendants hereby certify that they, through their counsel, conferred with Plaintiff about this motion on March 6, 2007. The issues raised in this motion were not narrowed during that conference.

Respectfully submitted,

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,
By their attorneys,

_____/s/ Joan Ackerstein_____
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025; Fax: (617) 367-2155

Dated: March 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP