UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

### DECLARATION OF KATHLEEN C. MANSFIELD

I, Kathleen C. Mansfield, on oath, depose and state as follows:

1. I am the Vice President, Human Resources at United Liquors Ltd. ("UL"). I have worked for UL since 2001 and have held the position of Vice President, Human Resources since 2003. I am a resident of Cohasset, Massachusetts.

2. On or about September 15, 2003, Wascar A. Williams filed a charge of discrimination at the Massachusetts Commission Against Discrimination ("MCAD") in connection with his coming to the United Liquors office on August 19, 2003 to obtain an application for employment. He contended that he was not hired due to his accent. The MCAD dismissed that claim on April 20, 2004, finding that UL hired applicants who applied early enough to work over the Labor Day weekend, that no applicants were hired after Mr. Williams applied, and that two Spanish applicants were among those hired. (See Exhibit A, Notice of Dismissal, dated April 20, 2004)

3. On or about December 23, 2003, Dexter Cooper filed a charge of discrimination at the MCAD in connection with his termination from employment at UL. He contended that he was transferred against his wishes, sent home, denied commercial drivers' license training, and ultimately discharged because of his race/color. The MCAD dismissed that claim on April 16, 2004, finding that there was no discriminatory animus, that Mr. Cooper's employment was

terminated after he was caught stealing from UL (drinking UL's products), and that UL provided evidence that other employees of different races were also terminated for the same infraction. (See Exhibit B, Notice of Dismissal, dated April 16, 2004)

Signed under the pains and penalties of perjury this 12th day of March, 2007

/s/ Kathleen C. Mansfield
Kathleen C. Mansfield

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of March, 2007, I caused a copy of the foregoing to be served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP

3

# EXHIBIT A

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Room 601 Boston, MA 02108
(617) 994-6000

**DISMISSAL and NOTIFICATION of RIGHTS**

DATE: APR 2 0 2004

To: Wascar A. Williams
20 Auna Drive
Brockton, MA 02301

Case: Williams v. United Liquors
Docket No: 03BEM02308
EEOC No: 16CA302455
Investigator: Allison Hope

Your complaint is dismissed for the following reasons:

[ ] The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ] Other (briefly state) _____

**-NOTICE of APPEAL-**

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission (<u>Attention: Ms. Nancy To</u>).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Building, Government Center, Boston, MA, 02203, will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Dorca I. Gomez
Investigating Commissioner

Date: 4/16/04

Cc: Julie Murphy Clinton, Esq.
Hale and Dorr LLP
60 State Street
Boston, MA 02109

LUGO 00365

## MEMORANDUM

TO:             File
MCAD NO:   03BEM02308
EEOC NO:    16CA302455
FR:              Allison Hope
RE:              RECOMMENDATION for DISMISSAL of COMPLAINT
Case:           Williams v. United Liquors
No. of employees: 25+

---

### Issue(s) Investigated:

Whether Complainant was subjected to unlawful discrimination in employment on the basis of his national origin (Dominican Republic) and race/color (black), in violation of the above-cited state and federal statutes. Specifically, Complainant alleged that Respondent failed to hire him and subjected him to ridicule and harassment because he is black, from the Dominican Republic.

### Basis for Recommendation:

Complainant filed this instant complaint on September 15, 2003, charging Respondent with unlawful discrimination, in violation of the above-cited state and federal statutes. Respondent filed its position statement on October 30, 2003, denying Complainant's claims of discrimination.

Investigation reveals that Respondent is a liquor, beer and wine distributor. Respondent employs workers in the warehouse and road divisions of the company, who prepare and deliver shipments to customers. Respondent employs both regular and spare employees. Spare employees are assigned to various positions and selected by the company on an as needed basis. Respondent hires more spare employees mostly during the busiest times of the year, such as the summer months through Labor Day weekend.

On August 26, 2003, Complainant applied for a position as a spare employee. In his charge, Complainant alleged that Respondent failed to hire him because he is black, from the Dominican Republic, that he was told he had to speak English in order to be hired, and that white employees were hired after August 19, 2003. Complainant also alleged that he was ridiculed and harassed because of his accent. Although Respondent admits there is an English fluency requirement, it denies Complainant's allegation that he was harassed and ridiculed because of is accent. Investigation revealed that Respondent reason for the English fluency rule is requirement is so employees can read invoices and communicate with team members in various positions, thus a business necessity. Investigation further reveals that Respondent received thirty-six applications of those fourteen were hired. Those hired applied for the positions early enough to attend orientation, in order to work over the Labor Day weekend. Investigation revealed that no applicants were hired after Complainant applied for the position on August 26, 2003. Of the fourteen hired 10 were White, 3 were Black and 2 were Spanish.

### Conclusion:

There is insufficient evidence to support Complainant's allegations of national origin and race/color discrimination. Respondent articulated a legitimate non-discriminatory business reason for its actions. Complainant has not provided any evidence that Respondent's purported reasons were a pretext-masking discrimination. Therefore, a lack of probable cause finding is recommended.

Allison Hope
Investigator

Katherine M. Martin, Esq.
Supervisor

LUGO 00366

# EXHIBIT B

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
ONE ASHBURTON PLACE, ROOM 601, BOSTON, MA 02108
(617) 727-3990

### -DISMISSAL and NOTIFICATION of RIGHTS-

TO: Mr. Dexter Cooper
121 Main Street
Brockton, MA 02301

Case: Cooper v. United Liquors
Docket No: 03BEM03289
EEOC No: 16CA400551
Investigator: Aileen D. Quintero

APR 1 6 2004

Your complaint has been dismissed for the following reasons:

[ ]  The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

### -NOTICE of APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Ms. Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Dorca I. Gómez
Investigating Commissioner

4/16/04
DATE

Cc: Hale & Door, LLP
    Attn: Julie Murphy-Clinton
    60 State Street
    Boston, MA 02109

ENTERED

**MEMORANDUM**

TO: File
FR: Aileen D. Quintero, Compliance Officer I
CASE: Cooper v. United Liquors
MCAD NO: 03BEM03289
EEOC NO: 16CA400551
EMPLOYEES: 25+

APR 1 6 2004

**RECOMMENDATION FOR DISMISSAL OF THE COMPLAINT**

**ISSUES INVESTIGATED:** On December 23, 2003, the Complainant, Dexter Cooper, filed a complaint with this Commission alleging he had been discriminated against because of his race/color (black) in that he was unlawfully discharged in violation of M.G.L Chapter 151B, Section 4, Paragraph 1, and Title VII.

**SUMMARY OF FINDINGS:** Parties agree that Complainant worked for Respondent from April 2003 until he was discharged on September 2, 2003. Complainant alleges he was transferred against his wishes, sent home, denied training, and ultimately discharged because of his race/ color (black). Complainant also alleges there were racial slurs against non-whites on the bathroom walls, which were erased several times, and that he would show up to work after being called in and be sent home after only a few hours. Complainant also alleges he was denied training for his commercial driver's license, and was fired. Respondent denies any discriminatory animus. Respondent contends Complainant was a "spare" employee, and as such was required to call in every evening (as all spare employees were) to see if there was work for him the next day, and would be placed where the Respondent had need of him. Respondent also claims that Complainant was expected in to work several times and would not show up, or failed to call in the night before and came to work (and was subsequently sent home). With regard to the denial of training, Respondent contends that the opportunity for commercial driver's licenses was cancelled as they hired qualified drivers. Respondent also cites an incident where Complainant was found to be alcohol-impaired while driving a forklift, was told to go to the break room but left work without permission instead. Respondent also contends that Complainant was terminated after an internal investigation revealed the Complainant was caught drinking the Respondent's merchandise, which was considered stealing. Investigation reveals no discriminatory animus. Respondent has articulated and provided evidence of legitimate business reasons for the allegations as put forth by the Complainant. Complainant was discharged after he was caught stealing from Respondent (drinking the Respondent's product). Respondent provides evidence of other employees, not of Complainant's race, that were discharged for the same infraction.

**CONCLUSION:**

For the foregoing reasons, a lack of probable cause finding is recommended.


Aileen D. Quintero
Compliance Officer I

Katherine Martin, Esq.
Supervisor