UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIENVENIDO I. LUGO MARCHANT,<br>        Plaintiff,<br><br>v.<br><br>PETER TSICKRITZIS, KEVIN KINGSTON and UNITED LIQUORS LIMITED,<br>        Defendants. | Civil Action No. 05 11317 NMG |

**DEFENDANTS' MOTION TO STRIKE
(1) PLAINTIFF'S MOTION TO ADD RECENTLY PRODUCED
OR FOUND DOCUMENTS AND GRAMMATICAL CORRECTIONS;
(2) PLAINTIFF'S MOTION TO INCLUDE PLAINTIFF'S POSITION
ON FALSE DECLARATIONS; AND (3) PLAINTIFF'S DECLARATION**

Defendants, United Liquors Ltd., Peter Tsickritzis and Kevin Kingston ("Defendants"), moved for summary judgment on all counts of Plaintiff's Complaint on February 7, 2007. In response, on February 23, 2007, Plaintiff filed his opposing documents, including: (1) Plaintiff's Motion to Quash Defendants' Motion for Summary Judgment, Rule 56; (2) Memorandum of Facts Regarding This Action; and (3) Sealed Documents to Plaintiff's Motion to Quash.

Almost four weeks later, on March 28, 2007, without obtaining leave of Court, Plaintiff filed three additional documents. These included: (1) Motion to Add Recently Produced Or Found Documents And Grammatical Corrections; (2) Motion To Include Plaintiff's Position On False Declarations; and (3) Plaintiff's Declaration. Defendants move to strike Plaintiff's Motions and Declaration because they are not contemplated by the rules and they contain nothing more than irrelevant and inadmissible documents and musings.

## Plaintiff's Two Motions and Declaration Filed On March 29, 2007 Should Be Stricken

Fed. R. Civ. P. 56 is quite specific. It directs a party moving for summary judgment to include a statement of material facts not in dispute, with citation to record evidence. It directs a party opposing a motion for summary judgment to respond within a set period of time, to identify with citations to the record facts in dispute and to rely on admissible evidence.

Here, Plaintiff apparently believes that he does not have to follow the rules and that he can supplement his offerings at any time with any assertions and without leave of Court. Plaintiff should not be permitted to prosecute his action in this fashion.

That these most recent filings should be stricken is apparent from even a cursory review. For example, one of his filings on March 28, 2007, includes inadmissible and irrelevant documents, such as drawings of the room in which his deposition was taken and newspaper articles about the problem of workplace injuries. Another of these filings, his thoughts about the declarations of Defendants' witnesses, includes Plaintiff's surmisings such as that "Mr. Nagle was completely deceived by his superiors . . ." (Motion on Declarations, p. 3) and rampant hearsay, such as that "[a]ccording to DC, KMa warned James Tye, a Vice President, son of the owner, UG officer, not to read BL's documents when he was done." (Motion on Declarations, p. 4). Plaintiff's declaration is equally objectionable, since it relies on hearsay, has no citation to admissible evidence and contains all manner of irrelevant allegations. For example, Plaintiff asserts "That I refused to operate a forklift with propane tank for not being trained/licensed by OSHA, and that prevented accidents at work. That I operated a small jack pallet, to my best knowledge, requiring no OSHA training." (Declaration, p. 2).

Plaintiff should not be permitted to flaunt the rules of discovery merely because he is acting *pro se*. Defendants took Plaintiff's deposition in this action and moved for summary

judgment in accordance with the rules of procedure, relying on Plaintiff's sworn testimony and affidavits of witnesses. They should not now be required to spend additional time and effort to respond to Plaintiff's countless impermissible and objectionable filings. For that reason, Plaintiff's two motions of March 28, 2006, and his Declaration should be stricken. They are not contemplated by the rules; they are not based on admissible evidence; they are untimely; and Defendants should not be required to spend the additional time and effort necessary for a substantive response.

## CONCLUSION

Based on the foregoing, the Court should strike: (1) Plaintiff's Motion to Add Recently Produced Or Found Documents And Grammatical Corrections; (2) the Motion To Include Plaintiff's Position On False Declarations; and (3) Plaintiff's Declaration.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Defendants, Joan Ackerstein, hereby certifies that she attempted to confer with Plaintiff about this motion on March 30, 2007, but she had to leave a message and he did not return the call.

Respectfully submitted,
UNITED LIQUORS LIMITED, PETER
TSICKRITZIS and KEVIN KINGSTON,
By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein (BBO# 348220)
Heather Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116

Dated: March 30, 2007        (617) 367-0025; Fax: (617) 367-2155

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Joan Ackerstein
Jackson Lewis LLP