UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIENVENIDO I. LUGO MARCHANT,
Plaintiff,

v.

PETER TSICKRITZIS, KEVIN
KINGSTON and UNITED LIQUORS
LIMITED,
Defendants.

Civil Action No. 05 11317 NMG

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE REPORT AND RECOMMENDATION, RULE 72 FED. R. CIV. P.

Defendants, United Liquors Limited ("UL"), Peter Tsickritzis and Kevin Kingston ("Defendants"), hereby respond to Plaintiff's June 6, 2007 Opposition To The Report and Recommendation of Magistrate Judge Dein issued on May 23, 2007. In that recommendation, Magistrate Dein reported that summary judgment should enter for Defendants on Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et. seq.* Defendants respond to Plaintiff's objections to demonstrate that those objections do not cast doubt on the soundness of the Magistrate's thoughtful recommendation and should be rejected.

### The Court Should Accept The Report And Recommendation On Defendants' Motion For Summary Judgment Because Plaintiff's Objections Are Not Supported By The Record Evidence

Pursuant to Fed. R. Civ. P. 56(e), a party moving for summary judgment must include a statement of material facts not in dispute, with citations to record evidence. A party opposing a motion for summary judgment must respond within a set period of time, identifying with citations to the record facts in dispute and relying on admissible evidence. Rule 56(e) also states

that if the party opposing summary judgment "does not so respond, summary judgment, if appropriate, shall be entered against [that] party."

Throughout the summary judgment process, Plaintiff failed to follow these rules. Plaintiff did not cite to record evidence in opposing Defendants' statement of material facts not in dispute. Nor did he cite to record evidence in his objections to the Magistrate's Report and Recommendation. Instead, Plaintiff has continued to rely on rambling discourse which is not a part of the record and which generally constitutes hearsay or otherwise inadmissible opinions and speculation.

For example, in his Objections, Plaintiff makes unsupported claims about the treatment of other United Liquors' employees, including drivers who were allegedly involved in vehicular accidents, stating "[W]hite workers could wreck a brand new truck for driving by a lower bridge, among many accidents, and still be promoted." (Objections, p. 5) He makes claims about employee leave which have no support in the record, such as "whites (sic) workers were allowed leave for social activities with no retribution" (Objections, p. 3), and makes other claims about executives of United Liquors, such as that they "directed the main defendants in their acts" (Objections, p. 7), which also have absolutely no support. Plaintiff is not content to complain of his employer but complains about the former and current lawyers as well. Plaintiff alleges "unethical conduct with the MCAD by Hale & Dorr," that he was "libeled/slandered at the MCAD through Hale & Dorr" and that Defendants' current counsel, "shall not decide, as a Sanhedrin, civil and ecclesiastical issues." (Objections, p. 3)

In contrast to Plaintiff's litany of alleged mistreatment, the Report and Recommendation cites admissible evidence and demonstrates that Plaintiff, in fact, was well-treated. As the Magistrate found, Plaintiff was encouraged to work towards his commercial drivers license, was

2

permitted the opportunity to drive when he received that license (Report, p. 4) and was advised he did not need to work on Tuesday and Thursday when he wanted to attend bible classes. (Report, p. 5-6) He was out of work due to a workers' compensation injury and when he was ready to return to work in January 2004, he was offered the opportunity to do so. Plaintiff rejected that opportunity. (Report, p. 7)

In sum, the Report and Recommendation on Summary Judgment contains a thoughtful analysis of the material facts not in dispute and applicable legal principles. Plaintiff's effort to once again contend that the ruling should be based on inadmissible opinion and wild accusations instead of the record evidence should be rejected.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion for Summary Judgment, the Magistrate's Report And Recommendation On Defendants' Motion For Summary Judgment should be accepted by the Court and summary judgment should be entered for Defendants.

Respectfully submitted,

UNITED LIQUORS LIMITED, PETER TSICKRITZIS and KEVIN KINGSTON,
By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein (BBO# 348220)
Heather L. Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025; Fax: (617) 367-2155

Dated: June 19, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, this document was served upon Plaintiff, Bienvenido I. Lugo Marchant, 19 Grove Street, Brockton, MA 02301, by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP

3