UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| Bienvenido I. Lugo Marchant | Civil Action No. 05 11317 NMG |
| Plaintiff | |
| v. | |
| Peter N. Tsickritzis, Kevin M. Kingston, | |
| United Liquors Limited et al. | |
| Defendants | |

## MOTION TO INCLUDE PLAINTIFF'S POSITION ON DEFENDANTS MOTION TO RE-SCHEDULE PRE-TRIAL CONFERENCE AND TRIAL

The Plaintiff ("Mr. Lugo") asserts that he was advised on a very short time of the Defendants' ("ULL") intention. Mr. Lugo has always been extremely reasonable-flexible and more elegant when it comes to demeanor and conduct at proceedings, including but not limited to depositions. Mr. Tsickritzis had a rather rambunctious time. Specifically, Mr. Lugo assented to changes on earlier dates, with no prejudice, with the interest of respecting the process. ULL took the very last minute for another extension without specifying the reasons.

### ETHICAL BEHAVIOR OF Wilmer Hale ("WH") AND Jackson Lewis ("JL")

Mr. Lugo believes JL shall comply with the order to submit documents authored by Mr. Lugo and not hide them '*a la Enron*', and be truthful. MRPC Rule 3.3. Even Mr. Kingston's affidavit refers to them though not offering any in full disclosure (note# 1). Mr. Kingston referred to them, as a constant joke (and later the "do you want to get fired so you can go and pray?"), when talking about Mr. Lugo's English skills. Agis v. Howard Johnson Co., 371 Mass. 140 (1976). Commonwealth v. Kwiatkowski, 418 Mass. 543, 643 NE2d 854, 29 ALR5th 784 (1994).

The Plaintiff is very disturbed of JL's pharisaical prescribing (note#2) where-when to exercise faith (in a Pilgrim state, the "spirit of America"), thus, causing a heavy burden on the Plaintiff while cynically obstructing the process with sudden delays. MRPC Rule 3.2.

### REPORT AND RECOMMENDATION ("RR")

The RR ignores documents from ULL and United Group, the Defendants' policy maker, contradicting parts of the affidavits. Also, the RR cites supervisors who harassed Mr.

---

Note 1., Mr. Lugo hopes that, maybe, he can finally get said documents through Michael Heyison or Julie Murphy-Clinton, attorneys at WH (firm who libeled/slandered him). MRPC Rule 3.3.

Note 2., Ms. Ackerstein's ramblings prompted US Magistrate Judge Dein to remind her to "briefly" explain her point as she took more than 200 words. Now, Ms Ackerstein boldly cites the Expenses Reduction Act, though she ignored many letters of Mr. Lugo to confer and end this case sooner. MRPC Rule 8.4.

1

Lugo as he followed corporate memos in order to prevent problems. The RR does not talk about ULL rewarding with alcohol a worker (Mr. Dexter) fired for allegedly drinking at work; nor does it comment on the events that took place at the lobby when Mr. Tsickritzis, loudly assured Mr. Lugo, in presence of a job applicant (Mr. Williams), that he "would never be a regular employee for having a lawsuit against the company". Mr. Tsickritzis' unnecessary hostile behavior required WH to defend him in another cause. Harris v. Forklift Systems Inc., 510 US 17, 114 S. Ct., 367, 126 L.Ed.2d 295 (1993).

    Mr. Kingston's harassment was a constant joke when Mr. Lugo asked him for a promotion and his religious accommodation. Burlington Industries v. Ellerth, 524 US 742, 116 S. Ct. 2257, 141 L. Ed. 2d 633 (1998). The RR does not comment either on the medical plan being cancelled for refusing to drop the MCAD claim, as retaliation, nor that ULL paid him less than stipulated. The RR does not talk about ULL denying light duty work for their insurance going up and requesting Mr. Lugo a medical note, with no restrictions, to work again in a retaliatory new shift as when Mr. Tsickritzis read a medical note in opposition to Ms. Mansfield's advice, Human Resources VP of ULL and member of the United Group.

    Mr. Lugo, as US Justice Thomas rightly said, *does not need to plead more facts to prove he is entitled to remedies* when respectfully demanding trial by jury. It is not hard to bring to light the hidden ways in which malefactors of great wealth endanger a poor man's possibilities with their malicious rumors. This RR reminds Mr. Lugo of what US Judge Gertner said about using the Rule 56, in employment law, when citing a retired US 1st Circuit Judge.

    **WHEREFORE,** the Plaintiff respectfully prays this **Honorable US Court** allows this **Motion** ordering the Defendants to submit the missing documents, reschedule the trial for a convenient date, and includes the next three drawings portraying a work environment that Ms. Ackerstein camouflaged as "Mr. Lugo didn't get along with others" as they slandered.

    Very respectfully, the Plaintiff demands a **TRIAL BY JURY** in this action.

Respectfully submitted,
Bienvenido I Lugo-Marchant
*Pro se, in forma pauperis*

### CERTIFICATE OF SERVICE

    I hereby certify that on July 18, 2007, this document was served upon the defendant's counsel, JACKSON LEWIS, by first class mail, postage paid.

2







HB 3